# TAB B

LEXSEE 2003 U.S. DIST. LEXIS 2579

PATRICIA LOWMAN, Plaintiff, v. STATE OF DELAWARE DEPARTMENT OF CORRECTIONS, Defendant.

Civil Action No. 01-477-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 2579

February 21, 2003, Decided

**DISPOSITION:** [*1] Motion for summary judgment denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** After the sexual harasser was terminated, plaintiff employee sued defendant employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., alleging sexual harassment and retaliation. The employer moved for summary judgment pursuant to Fed. R. Civ. P. 56.

**OVERVIEW:** There were genuine issues of material fact to the issue of the employer's liability for the harasser's acts of sexual harassment. The employee raised genuine issues of material as to the following: (1) whether the employer knew of the harasser's habitual harassment of women and therefore was negligent, (2) whether the harasser was a supervisor, (3) whether the employer acted reasonably to prevent the harassment, and (4) whether the employee's actions after being harassed were unreasonable. There was a genuine issue of material fact as to whether, when collectively viewing the employer's actions, there was an adverse employment action taken against the employee. Several acts, which if considered in isolation would not constitute an adverse employment action, could, if viewed collectively, rise to the level of an adverse employment action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S § 2000e et seq. The multiple acts alleged by the employee could collectively constitute an adverse employment action and further discovery was required regarding details of a certain disciplinary action.

**OUTCOME:** The employer's motion for summary judgment was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN1] Under Fed. R. Civ. P. 56(c), summary judgment is proper if there is no genuine issue of material fact and, when viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN2] The judge's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

*Labor & Employment Law > Discrimination > Sexual Harassment > Defenses & Exceptions*
[HN3] The Burlington affirmative defense comprises two necessary elements, that: (1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

**COUNSEL:** Barbara H. Stratton, Esquire of KNEPPER & STRATTON, Wilmington, Delaware. Attorney for Plaintiff.

Case 1:04-cv-00217-GMS    Document 54-3    Filed 05/27/2005    Page 3 of 4

Page 2
2003 U.S. Dist. LEXIS 2579, *

Michael F. Foster, Esquire, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

**MEMORANDUM OPINION**

February 21, 2003
Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is State Defendant's Motion for Summary Judgment (D.I. 64). For the reasons discussed below, the Motion will be denied.

This is a Title VII sexual harassment case arising out of Sergeant ("Sgt.") Norman Sissons' conduct towards Correction Officer ("Officer") Patricia Lowman at the Multi-Purpose Criminal Justice at Gander Hill ("Gander Hill"). After an internal investigation of Officer Lowman's complaints, Sgt. Sissons was terminated from his employment with the State of Delaware Department of Corrections ("DOC") for sexual harassment. Subsequently, Officer Lowman filed the instant suit seeking relief from Sgt. Sissons' employer, the DOC.

[HN1] Under Federal Rule of Civil [*2] Procedure 56(c), summary judgement is proper if there is no genuine issue of material fact and, when viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*; *Celotex Corp. v. Catrett, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).* [HN2] The judge's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).*

The DOC contends that it is not liable for Sgt. Sissons' acts under either a negligence or vicarious liability theory of agency. The DOC contends it was not negligent because it had no prior notice of sexual harassment by Sgt. Sissons and, once the DOC received Officer Lowman's complaint, it took prompt and adequate remedial action. Additionally, the DOC contends it is not vicariously liable for Sgt. Sissons' behavior because he is not a supervisor under Title VII. The DOC contends Sgt. Sissons is not a supervisor because he does not have the actual [*3] power to hire, fire, demote, transfer, promote, or discipline correction officers.

The DOC further contends that even if Sgt. Sissons is considered a supervisor under Title VII, it can establish the elements of the affirmative defense set out in Burlington Indus. v. Ellerth, which provides:

> [HN3] The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 141 L. Ed. 2d 633, 118 S. Ct. 2257 (1998).* The DOC contends that its anti-harassment policy satisfies the first prong and that Officer Lowman's failure to promptly report Sgt. Sissons' conduct satisfies the second prong.

The DOC contends it did not retaliate against Officer Lowman. Specifically, The DOC contends it did not take an adverse employment action against Officer Lowman after or near the protected activity (filing a sexual harassment complaint with her supervisors), which is [*4] a required element of a prima facie retaliation case. The DOC contends Officer Loman's allegations of retaliation consist of complaints about jokes or taunts. The DOC contends Officer Lowman's other allegations of retaliation refer to incidents occurring nearly three years after her complaint against Sgt. Sissons, which therefore cannot be causally connected to the protected activity as required by Title VII.

In response, Officer Lowman contends there are genuine issues of material fact as to the following respondeat superior liability issues: 1) whether the DOC knew of Sgt. Sissons' habitual harassment of women and therefore was negligent; 2) whether Sgt. Sissons was a supervisor; 3) whether the DOC acted reasonably to prevent the harassment; and 4) whether Officer Lowman's actions after being harassed were unreasonable.

Officer Lowman contends the DOC was negligent in not preventing the harassment because the DOC had actual and constructive notice of the sexually hostile work environment created by Sgt. Sissons' conduct. Specifically, Officer Lowman contends Sgt. Sissons harassed six other employees at Gander Hill prior to

Case 1:04-cv-00217-GMS    Document 54-3    Filed 05/27/2005    Page 4 of 4

Page 3
2003 U.S. Dist. LEXIS 2579, *

harassing Officer Lowman, and at least one employee reported [*5] the harassment to management six months prior to Officer Lowman's arrival at Gander Hill. Moreover, Officer Lowman contends the DOC was negligent in not preventing Sgt. Sissons' harassment of Officer Lowman after she filed a formal complaint.

Officer Lowman contends Sgt. Sissons is a supervisor because the DOC has a para-military chain of command which dictates that Officer's are obligated to obey all higher ranking personnel and are subject to discipline for insubordination if they do not. Additionally, Officer Lowman points out that Warden Raphael Williams agreed in his deposition that Sgt. Sissons had supervisory authority over Officer Lowman.

Officer Lowman contends that the DOC did not exercise reasonable care to prevent the harassment because the DOC was on notice of the sexually hostile work environment created by Sgt. Sissons at least six months prior to Officer Lowman's arrival at Gander Hill. Additionally, Officer Lowman contends that because of the DOC's inadequate remedial procedures, Sgt. Sissons was able to continue to harass her after a formal investigation had already been launched. Moreover, Officer Lowman contends that she did not receive copies of the DOC's sexual [*6] harassment policies during her training and could not find them posted when she looked for them at Gander Hill after the harassment began.

Officer Lowman contends that her delay in reporting the harassment was not unreasonable because of her subsequently substantiated fear of retaliation. Additionally, Officer Lowman contends that the DOC's failure to post anti-harassment policies hindered her efforts to educate herself about the DOC's complaint procedures.

Officer Lowman contends that the DOC took retaliatory adverse employment actions against her and that the actions were causally connected to protected activity. Officer Lowman contends the acts complained of are causally connected because they were close in time to the filing of her complaint with the Equal Employment Opportunity Commission and to activities related to the instant law suit. Officer Lowman contends that since her initial complaint, there has been a pattern of retaliatory conduct against her by the DOC that, when viewed in its entirety, rises to the level of an adverse employment action under Title VII. The retaliatory conduct includes the following: derogatory and hostile comments by superiors; threats to her career [*7] by a superior officer; unjustified revocation of light duty status; difficulty getting days off to attend Court ordered mediation; pretextual disciplinary investigations; unjustified docking of pay; and a written reprimand for not making it to work because she ran her car off the road in the snow while driving with a broken arm. Viewing the facts in the light most favorable to Officer Lowman, the Court concludes that there are genuine issues of material fact that preclude a grant of summary judgment as to the issue of the DOC's liability for Sgt. Sissons' acts of sexual harassment, and thus, the Court will deny the DOC's Motion as to that claim. Specifically, the Court concludes that Officer Lowman has raised genuine issues of material fact as to the following: 1) whether the DOC knew of Sgt. Sissons' habitual harassment of women and therefore was negligent; 2) whether Sgt. Sissons was a supervisor; 3) whether the DOC acted reasonably to prevent the harassment; and 4) whether Officer Lowman's actions after being harassed were unreasonable. Therefore, the Court concludes that the issue of the DOC's liability for Sgt. Sissons' conduct is not amenable to summary judgment.

The Court further [*8] concludes that there is a genuine issue of material fact as to whether, when collectively viewing the DOC's actions, there was an adverse employment action taken against Officer Lowman, and thus, the Court will deny the DOC's Motion as to Officer Lowman's retaliation claim. The facts of the instant case are similar to those in *Lafate v. Chase Manhattan Bank, 123 F. Supp. 2d 773 (D. Del. 2000)*, where this Court held that several acts, which if considered in isolation would not constitute an adverse employment action, could, if viewed collectively, rise to the level of an adverse employment action under Title VII. Because the multiple acts alleged by Officer Lowman could collectively constitute an adverse employment action and because further discovery is required regarding details of the December disciplinary action, the Court concludes that summary judgment as to Officer Lowman's retaliation claim is not warranted.

For the reasons discussed, the State Defendant's Motion for Summary Judgment (D.I. 64) will be denied. An appropriate Order will be entered.

**ORDER**

At Wilmington this 21st day of February 2003, for the reasons set forth in the Memorandum Opinion [*9] issued this date;

IT IS HEREBY ORDERED that State Defendant's Motion for Summary Judgment (D.I. 64) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE