# TAB 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 440-2658
FAX: (215) 440-2604

Charge No.: 17CA10300

Diane Poland
12 Berks Court
Newark, DE 19720

                Charging Party,
v.

Computer Science Corporation
400 Commerce Drive
Newark, DE 19713

                Respondent.

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

Timeliness and all other jurisdictional issues for coverage have been met. Charging Party alleges that she was discriminated against based on her race (black) and sex (female) when she was subjected to disparate treatment regarding the terms and conditions of her employment and retaliated against when she was discharged after she complained, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

Charging Party was hired on November 10, 1997, as a Help Desk Technician, Member Technical Staff B. Charging Party contends that she was not considered for promotion and her wages were disproportionately lower than her white male co-workers. Charging Party also contends that she was subjected to racially offensive comments. Charging Party asserts that on June 15, 2001, she complained to Human Resources about this treatment. However, she was advised that no action would be taken concerning her complaints. Charging Party alleges that after she complained about this treatment, she began to be isolated, her work was more closely scrutinized and she was excluded from important work-related communications.

The investigation revealed that Charging Party was held to a different standard regarding the requirements and qualifications for promotion. Charging Party's supervisor advised her that, although she had computer training and experience in the UNIX operating system, she did not have enough to be considered for promotion to the position of Senior Member of Technical Staff. As a result, she was not hired for the position. Although Charging Party had previously expressed interest in the promotion, a white male employee was selected for the promotion without having UNIX certification and having less computer skills.

B0060

Margolis Edelstein
Poland, Diane v. CSC
0005

The evidence shows that after Charging Party complained about disparate treatment she was isolated by her co-workers and excluded from work-related communications. In addition, after Charging Party requested a transfer, Respondent withheld assignments which could have enhanced her professional development.

The investigation revealed that Charging Party was discharged while she was on a medical leave of absence. Respondent claims that Charging Party failed to provide required medical certification and thus voluntarily resigned. However, the evidence shows that this medical certification was supplied. Charging Party had previously, during her leave of absence, received correspondence from Respondent in which she was given additional time to submit certifications. However, in this instance, she was not given such time or an opportunity to respond. Also, Charging Party was not afforded the benefit of having up to twelve months of unpaid leave, as set forth in Respondent's leave policy.

Respondent addressed Charging Party's complaint concerning a questionable racial comment made by her supervisor. There is no evidence to show that similar remarks continued to be made after Charging Party complained. In addition, although Charging Party was one of the least paid full-time members of her team, the record shows that another female member received the highest salary.

Based on this analysis, I have determined that the evidence obtained during the investigation establishes violations of Title VII of the Civil Rights Act of 1964, as amended, in that Charging Party was held to a different standard for promotion and retaliated against when she was discharged after she complained.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation. If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the EEOC is not obtained, the EEOC will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Please review and consider the enclosed proposed Conciliation Agreement, which contains the general parameters of the terms of conciliation. Please review and respond to this proposed Agreement no later than July 21, 2002. Please contact Investigator Evangeline Draper Hawthorne at (215) 440-2658 if you should have any questions.

On Behalf of the Commission,

July 8, 2003
DATE

Marie M. Tomasso
District Director

cc: Tyler B. Raimo, Esq., for Respondent
Jeffrey Martin, Esq., for Charging Party

-2-

B0061

Margolis Edelstein
Poland, Diane v. CSC
0006