# SCHEDULE I(ii)

# Jury Instructions

# TABLE OF CONTENTS

**SECTION I:  PRELIMINARY JURY INSTRUCTIONS** ........................................................... 1

INTRODUCTION .................................................................................................... 1
THE PARTIES AND THEIR CONTENTIONS ......................................................... 1
DUTIES OF THE JURY .......................................................................................... 3
EVIDENCE............................................................................................................... 3
CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY ............... 4
SUMMARY OF APPLICABLE LAW ....................................................................... 5
BURDEN OF PROOF .............................................................................................. 6
CONDUCT OF THE JURY ...................................................................................... 6
COURSE OF THE TRIAL ....................................................................................... 8
TRIAL SCHEDULE................................................................................................. 8

**SECTION II: DEFENDANT'S PROPOSED JURY INSTRUCTIONS AT THE CLOSE OF EVIDENCE** ......................................................................................................................... 10

1.    General Introduction ....................................................................................... 10
2.    All Persons Equal Before The Law – Individuals and Corporations............................ 11
3.    Evidence in the Case....................................................................................... 12
4.    Discrepancies in Testimony.............................................................................. 13
5.    Use of Deposition Excerpts ............................................................................. 15
6.    Impeachment – Inconsistent statements or Conduct............................................... 16
7.    Preponderance of the Evidence......................................................................... 17
8.    "At Will" Employment ..................................................................................... 18

INSTRUCTIONS FOR MS. POLAND'S  TITLE VII AND SECTION 1981 CLAIMS ........... 19
9.    Nature of the Action – Discrimination And Retaliation ................................................ 19
10.    Title VII – Law Prohibiting Discrimination ......................................................... 20
11.    Section 1981 – Race Discrimination.................................................................. 21
12.    Title VII and Section 1981 Claims:  Same Burden of Proof .................................... 22
13.    Stray Remarks/Isolated Comments.................................................................... 23
14.    Elements of Race Discrimination - Promotion ..................................................... 24
15.    Retaliation – Essential Elements....................................................................... 26
16.    Retaliation – Adverse Employment Action Defined ............................................. 28
17.    Limitations on Finding An Adverse Employment Action......................................... 29
18.    Retaliation – Causal Connection Between  Protected Activity and Alleged Adverse Action 31
19.    Discrimination And Retaliation – Legitimate,  Non-Discriminatory, Non-Retaliatory Reason 32
20.    Business Judgment -  Any Reason That is Not Discriminatory Or Retaliatory........ 33
21.    Promotion of Better Qualified Candidate ............................................................ 34
22.    Pretext ............................................................................................................ 35
23.    Same Decision ................................................................................................ 36

INSTRUCTIONS FOR MS. POLAND'S  EQUAL PAY ACT CLAIM.................................... 37
24.    Equal Pay Act – Defined.................................................................................. 37
25.    Equal Pay Act – Essential Elements .................................................................. 38

26.    Equal Pay Act – Equal Skill.................................................................... 39
27.    Equal Pay Act – Factor Other than Sex ................................................... 40
INSTRUCTION FOR MS. POLAND'S IMPLIED COVENANT OF GOOD FAITH AND
FAIR DEALING CLAIM ....................................................................................... 41
28.    Covenant of Good Faith and Fair Dealing – Essential Elements............... 41
INSTRUCTIONS ON DAMAGES .......................................................................... 43
29.    Effect of Instruction As To Damages ...................................................... 43
30.    Damages................................................................................................. 44
31.    Mitigation Of Damages........................................................................... 46
32.    Compensatory Damages Under Title VII and Section 1981 ..................... 48
33.    Emotional Distress Damages Offset by Worker's Compensation Claim .... 51
34.    Punitive Damages Under Title VII and Section 1981 ............................... 52
35.    Damages - Equal Pay Act ....................................................................... 54
36.    Damages – Breach of Implied Covenant of Good Faith And Fair Dealing.. 55
37.    Nominal Damages................................................................................... 57
38.    Duty To Deliberate ................................................................................ 58
39.    Admonition Regarding Sympathy ............................................................ 59
40.    Verdict Form.......................................................................................... 60

## SECTION I:  PRELIMINARY JURY INSTRUCTIONS

**INTRODUCTION**

Members of the jury:  Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiff, Diane Poland, and the defendant, Computer Sciences Corporation, also referred to as "CSC."

In this case, the plaintiff, Ms. Poland, alleges that CSC discriminated against her on the basis of race when it did not promote her in the Summer of 2002, and promoted her Caucasian coworker, Randall Miller.  CSC contends that the decision to promote Mr. Miller had nothing to do with his race, and that Mr. Miller was more qualified and had spent significantly more time at the lower level position than had Ms. Poland.  Additionally, CSC contends that Ms. Poland was not considered for a promotion in the Summer of 2002 because she was on an extended medical leave of absence at the time of the promotion, had been absent from work for months, and never returned to work at CSC.

Ms. Poland also alleges that CSC retaliated against her because she filed a charge of discrimination against CSC.  She claims that CSC retaliated by terminating her employment more than one year after she filed a charge of discrimination.  CSC contends that Ms. Poland's termination had nothing to do with her filing of a charge of discrimination, and that Ms. Poland was terminated because she repeatedly violated CSC policy by failing to submit medical certifications from her doctor.

Ms. Poland also contends that CSC discriminated against her on the basis of gender by paying Mr. Miller, a male employee, more than her. CSC contends that gender played no role in the setting of salaries and that a woman was the highest paid employee in Ms. Poland's group. Additionally, CSC contends that any difference between Ms. Poland's salary and the salary of Mr. Miller was based solely on legitimate business reasons other than sex, including Mr. Miller's qualifications, experience and length of service with CSC.

Ms. Poland also contends that CSC breached the implied covenant of good faith and fair dealing based upon her claims of discrimination and retaliation. The implied covenant of good faith and fair dealing is an unwritten duty existing in certain employment contracts that requires the employer to act in good faith and fair dealing. This duty is violated when an employee is discharged as a result of ill will, with an intent to cause harm, and by means of deceit, fraud, or misrepresentation. CSC maintains that it did not breach the implied covenant of good faith and fair dealing because it never harbored ill will towards Ms. Poland, never intended to cause Ms. Poland any harm, and never committed acts of deceit, fraud or misrepresentation. Further, CSC contends that Ms. Poland's claim for the breach of implied covenant of good faith and fair dealing is based upon the exact same set of facts as her claims for discrimination and retaliation, and fails for the same reasons that the discrimination and retaliation claims fail. In particular, CSC contends that it terminated Ms. Poland because she repeatedly violated CSC policy by failing to submit medical certifications from her doctor.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Ms. Poland for any injuries you believe she sustained as a result of any unlawful conduct committed by CSC.

**DUTIES OF THE JURY**

So, let me begin with the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

3

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence.  Lawyers have an obligation to their

clients to make objections when they believe evidence being offered is improper

under the rules of evidence.  You should not be influenced by the objection or by

the court's ruling on it.  If the objection is sustained, ignore the question.  If it is

overruled, treat the answer like any other.  If you are instructed that some item of

evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and

must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and

must be disregarded.  You are to decide the case solely on the evidence presented

here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct

proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts

from which you may infer or conclude that other facts exist.  As a general rule, the law makes no

distinction between these two types of evidence, but simply requires that you find facts from all

the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility.  You should consider each witness'

means of knowledge; strength of memory; opportunity to observe; how reasonable or

unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been

contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on

the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make her case:

To prevail on her claim of discriminatory failure to promote, Ms. Poland must prove that CSC intentionally discriminated against Ms. Poland on the basis of her race by denying her a promotion because of her race.

To prevail on her claim of retaliation, Ms. Poland must prove that CSC intentionally retaliated against her by terminating her employment because she filed a charge of discrimination against CSC.

To prevail on her Equal Pay Act claim, Ms. Poland must prove that, because of her gender, she received a lower wage than a male employee or employees who performed equal work in a job requiring substantially equal skill, effort and responsibility, and which was performed under similar working conditions to Ms. Poland's job. If there was any reason other than sex for the wage differential, you must find for CSC.

To prevail on her claim for the breach of the implied covenant of good faith and fair dealing, Ms. Poland must prove that CSC harbored ill will toward Ms. Poland, that CSC intended to cause harm to Ms. Poland , that CSC committed acts of deceit, fraud or misrepresentation, and that such acts caused Ms. Poland to be discharged from her employment.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on her side. If the plaintiff fails to meet this burden, the verdict must be for the defendant. The plaintiff must also prove her damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any

unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 4 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to

4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.

# SECTION II: DEFENDANT'S PROPOSED JURY INSTRUCTIONS AT THE CLOSE OF EVIDENCE

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1:**

## 1.    GENERAL INTRODUCTION

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.01 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2:**

## 2. ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS AND CORPORATIONS

The case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

As you know, CSC is a corporation. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, large or small, stand equal before the law, and are to be treated as equals in a court of justice. Therefore, you may not judge a corporation more harshly, or treat a corporation differently, than you would any other single individual.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 103.11 & 103.12 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

## 3.    EVIDENCE IN THE CASE

Unless otherwise instructed, the evidence in the case consists only of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence, regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence.    The lawyers are not witnesses.    What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence.    However, when the lawyers both stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.30 (5th ed. 2001). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

## 4.    DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight of their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by the evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.01 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

## 5.    USE OF DEPOSITION EXCERPTS

During the course of the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand many be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way that you would have done if the witness had been here and testified from the witness stand in the courtroom.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.02 (5th ed. 2001). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

## 6.    IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.04 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

## 7.    PREPONDERANCE OF THE EVIDENCE

Ms. Poland, has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If Ms. Poland should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for CSC as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2001). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## 8.    "AT WILL" EMPLOYMENT

At all times, the employment relationship between Ms. Poland and CSC was an "at will" employment relationship. That means that Ms. Poland's employment was of no set duration, and either she or CSC was free to end their employment relationship at any time, with or without notice, and with or without cause, as long as the reason was not based on unlawful discrimination or retaliation.

That Ms. Poland disagreed with CSC's employment decisions does not mean that she was discriminated or retaliated against.

| Authorities | *See Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 101-103 (Del. 1992) ("[A]n employer has wide latitude in deciding how it conducts its business including employment undertakings....Employers have the "freedom to terminate an at-will employment contract for [their] own legitimate business, or even highly subjective, reasons"); *E I du Pont de Nemours & Co. v. Pressman,* 679 A.2d 436, 437 (Del. 1996) (Employment-at-will doctrine "generally permits the dismissal of employees without cause and regardless of motive."). |
|---|---|

## INSTRUCTIONS FOR MS. POLAND'S
## TITLE VII AND SECTION 1981 CLAIMS

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### 9.    NATURE OF THE ACTION – DISCRIMINATION AND RETALIATION

In this case, Ms. Poland claims that CSC intentionally discriminated against her because of her race by promoting a coworker and not promoting her. Ms. Poland also claims that CSC retaliated against her for filing a charge of discrimination against CSC by discharging her from her position more than a year after she filed the charge.

CSC denies Ms. Poland's charges, and maintains that all employment decisions affecting Ms. Poland were made for legitimate, non-discriminatory and non-retaliatory reasons. Moreover, CSC maintains that Ms. Poland's employment ended because she repeatedly failed to follow company policy.

It is your responsibility to decide whether Ms. Poland has proven her claims of intentional discrimination and retaliation by a preponderance of the evidence.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.01 (5th ed. 2001). *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

## 10.    TITLE VII – LAW PROHIBITING DISCRIMINATION

Ms. Poland has brought a claim under Title VII of the Civil Rights Act. Under Title VII, "It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination. Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee. An employer has the right to make business decisions, including selection decisions such as those at issue in the case, for good, bad, or no reason at all, as long as they don't constitute discrimination. The law does not expose an employer to liability merely because the employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised. It is not your function in this case to second-guess the wisdom of any employment action which affected Ms. Poland. Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable, if you find that discrimination was not a motivating factor for the actions, then you must return a verdict in CSC's favor.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:105 (2005). |
|---|---|

20

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

## 11. SECTION 1981 – RACE DISCRIMINATION

Ms. Poland has also brought a claim for recovery under Section 1981. This claim is based on a federal statute which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

To recover on her claim against CSC, Ms. Poland must prove the following elements by a preponderance of the evidence: (1) CSC intentionally discriminated against Ms. Poland; and (2) As a direct result of such discrimination, Ms. Poland sustained damages.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:600 (2005). |
|---|---|

21

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

## 12.  TITLE VII AND SECTION 1981 CLAIMS:  SAME BURDEN OF PROOF

Ms. Poland has brought her discrimination and retaliation claims under two different statutes, Title VII and Section 1981.  Even though these statutes are different, the burdens of proof for discrimination claims and retaliation claims are the same under both Title VII and Section 1981.  Accordingly, the instructions I will provide are applicable to Ms. Poland's claims brought under both Title VII and Section 1981.

| Authorities | *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 388 n.14 (3d Cir. 1999) (holding that where the plaintiff's Section 1981 suit failed, her "Title VII suit would also fail because it is subject to the same shifting burdens test that her section 1981 suit failed to fulfill"); *Roebuck v. Drexel University*, 852 F.2d 715, 726 (3d Cir. 1988) ("The proof required for a plaintiff to prevail under § 1981 is identical to that required in a Title VII case.") (citing *Lewis v. University of Pittsburgh*, 725 F.2d 910, 914-16 (3d Cir. 1983)). |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

## 13.    STRAY REMARKS/ISOLATED COMMENTS

Generally, isolated, inappropriate remarks or comments made by a decision-maker but unrelated to the decision-making process are insufficient evidence of discrimination or retaliation. Accordingly, any evidence of isolated, inappropriate remarks or comments made by a CSC decision-maker should not be given great weight in determining whether CSC discriminated and/or retaliated against Ms. Poland.

| Authorities | *See Johnson v. Gober*, 2003 WL 22967266, at *459-60 (3d Cir. Dec 18, 2003) (isolated inappropriate remark made by a decision maker, unrelated to the decision making process, was not sufficient evidence to establish the employer's proffered reason for failing to promote plaintiff was a mere pretext for discrimination) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 227 (1989) (O'Connor, J., concurring); *Fuentes v. Perskie*, 32 F.3d 759, 766 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight."); *Johnson v. E.I. DuPont de Nemours & Co.*, 60 F. Supp.2d 289 (D.Del. 1999)(same), *aff'd*, 208 F.3d 206 (3d. Cir. 2000). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

## 14.    ELEMENTS OF RACE DISCRIMINATION - PROMOTION

Ms. Poland claims that CSC failed to promote her because of intentional discrimination based on her race.  In order for Ms. Poland to prevail on this claim she must prove, by a preponderance of the evidence, all of the following:

1.    That she belongs to a protected class;

2.    That she applied for and was qualified for the promotion;

3.    That despite her qualification she was rejected; and

4.    That CSC ultimately filled the position with someone outside her protected class or continued to seek applicants from among those having plaintiff's qualifications.

If Ms. Poland fails to prove these four elements by a preponderance of the evidence, you are instructed not to find for her on her discrimination claim.  If you determine that Ms. Poland has proved all of these elements by a preponderance of the evidence, but also find that CSC has stated a legitmate, non-discriminatory reason or reasons for not promoting Ms. Poland, then you must find for CSC unless you believe that CSC's reason is only a pretext or excuse for discrimination.  The mere fact that Ms. Poland is African American and was not promoted is not sufficient, in and of itself, to establish her claim under the law.

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions were not made because of a factor that the law makes illegal, such as discrimination.  It is not your function to second guess the decision CSC made in this case, but solely to determine whether, in making that decision, CSC broke the law by discriminating against Ms. Poland on the basis of her race.

Thus, even if you personally disagree with the decision not to promote Ms. Poland, or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not CSC discriminated against Ms. Poland.

| Authorities | Adapted from Namara & Southerland, Federal Employment Jury Instructions, §§ 3:200 & 3:361 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 171.75 & 171.77. *See Barber v. CSX Distribution Services*, 68 F.3d 694, 698 (3d Cir. 1995) (quoting *Fowle v. C & C Cola*, 868 F.2d 59, 61 (3d Cir. 1989); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |

25

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

## 15.   RETALIATION – ESSENTIAL ELEMENTS

Ms. Poland claims that CSC retaliated against her because she filed a charge of discrimination against CSC.

In order to prevail on this claim, Ms. Poland must show all of the following:

1.   That she engaged in statutorily protected conduct, that is, she complained of discrimination;

2.   That she was subjected to an adverse employment action at the time, or after, the statutorily protected conduct took place; and

3.   That CSC took an adverse employment action against Diane Poland because of her protected conduct.

If Ms. Poland fails to prove these three elements by a preponderance of the evidence, you are instructed not to find for her on her retaliation claim. If you determine that Ms. Poland has satisfied all of these elements by a preponderance of the evidence, but also find that CSC has stated a non-retaliatory reason or reasons for discharging Ms. Poland, then you must find for CSC unless you believe that CSC's reason is only a pretext or excuse for discrimination. The mere fact that Ms. Poland filed a charge of discrimination is not sufficient, in and of itself, to establish her claim under the law.

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions were not made because of a factor that the law makes illegal, such as retaliation. It is not your function to second guess the decision CSC made in this case, but solely to determine whether, in making that decision, CSC broke the law by retaliating against Ms. Poland for her protected conduct. Thus, even if

you personally disagree with that decision or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not CSC retaliated against Ms. Poland.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3:361 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 171.25 & 171.77 (2001). *See also Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1299 (3d Cir. 1997) (stating that in order to prove unlawful retaliation, Plaintiff must show "(i) that she was engaged in a protected activity; (ii) that she suffered an adverse employment decision; and (iii) that there was a causal connection between the protected activity and the adverse employment decision") (quoting *Nelson v. Upsala College*, 51 F.3d 194, 201 (3d. Cir. 1995)); *Charlton v. Paramus Bd. of Ed.*, 25 F.3d 194, 201 (3d Cir. 1994); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### 16.    RETALIATION – ADVERSE EMPLOYMENT ACTION DEFINED

Generally, a discharge, demotion, salary decrease, undesirable reassignment or termination constitutes an adverse employment action.  However, retaliatory conduct may consist of action "less severe than outright discharge."

An adverse employment action is an action that, standing alone, actually causes damage, tangible or intangible, to an employee.  The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3-340 and 3:372 (2005).  *See LaFate v. Chase Manhattan Bank*, 123 F. Supp.2d 773, 778 (D.Del. 2000) ("Retaliatory conduct constitutes 'adverse employment action' under Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affect[s] his [or her] status as an employee.  Consequently, 'not everything that makes an employee unhappy' qualifies as retaliation, for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a [retaliation claim].'") (citing *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3d Cir. 1997)). |

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

## 17.   LIMITATIONS ON FINDING AN ADVERSE EMPLOYMENT ACTION[1]

Ms. Poland claims that her co-workers isolated her, that she was subject to unfair scrutiny and criticism of her work, that she was held to higher standards for performance and requirements for advancement, and that she was unfairly removed from certain work projects and assigned to other work projects she did not like. CSC denies all such allegations and maintains that Ms. Poland has failed to present any evidence to support such claims. CSC further maintains that Ms. Poland isolated herself, stopped talking to members of the group, ignored social invitations from the group, and was never unfairly criticized or assigned work inappropriately.

Even if you believe Ms. Poland, however, none of her allegations can be considered adverse employment actions. Thus, you are instructed not to consider these allegations when evaluating Ms. Poland's retaliation claim.

| Authorities | *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)("conduct must be extreme and amount to change in the terms and conditions of employment."); *Cardenas v. Massey*, 269 F.3d 251, 267, n.10 (3d. 2001) (defining a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) ("isolation and lack of respect from fellow managers and co-workers did not amount to adverse employment action") ("unsubstantiated oral reprimands" and "unnecessary derogatory comments" following discrimination complaint "do not rise to the level of the 'adverse employment aciton' required for a |

---

[1]   CSC maintains that Ms. Poland's allegations that her co-workers isolated her, that she was subject to unfair scrutiny and criticism of her work, that she was held to higher standards for performance and requirements for advancement, and that she was unfairly removed from certain work projects and assigned to other work projects she did not like, should be excluded from evidence. CSC intends to file a motion in limine to this effect, and submits this proposed instruction for use only to the extent that the Court does not grant its motion in limine with regard to such evidence.

retaliation claim.").; *Munday v. Waste Management, Inc.*, 126 F.3d 239, 243 (4th Cir. 1997) (the concept of an "adverse employment action" does not "encompass a situation where the employer has instructed employees to ignore and spy on an employee who engaged in a protected activity"); *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 693 (8th Cir. 1997) (holding that evidence of "disrespect and ostracization by … supervisors" did not establish adverse employment action); *Strother v. Southern Cal. Permanente Medical Group*, 79 F.3d 859 (9th Cir. 1996) ("[M]ere ostracism in the workplace is not enough to show an adverse employment decision."); *c.f. LaFate v. Chase Manhattan Bank*, 123 F. Supp.2d 773, 778 (D.Del. 2000) ("Retaliatory conduct constitutes 'adverse employment action' under Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affect[s] his [or her] status as an employee. Consequently, 'not everything that makes an employee unhappy' qualifies as retaliation, for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a [retaliation claim].'") (citing *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3d Cir. 1997)).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

## 18.     RETALIATION – CAUSAL CONNECTION BETWEEN PROTECTED ACTIVITY AND ALLEGED ADVERSE ACTION

In order to prevail on her retaliation claim, Ms. Poland must show that an adverse action was taken against her because of her protected activity.

In order to establish that a causal connection exists between engaging in protected activity and an adverse employment action, Ms. Poland must produce evidence of circumstances that justify an inference of retaliatory motive, such as that the adverse actions occurred proximate in time to the protected activity and that the person(s) who made the adverse employment decisions knew about the protected activity.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3-351 (2005); *See, e.g., Wagner v. Berwick Industries*, 2004 WL 2931049 (3d Cir. Dec 29, 2004) (holding that a four month lag between the plaintiff's protected activity and the adverse employment action was too long to establish causal connection); *Goosby v. Johnson & Johnson Med. Inc.*, 288 F.3d 313, 323 (3d Cir. 2000) (holding that a twelve month lag between the plaintiff's protected activity and the adverse employment action was too long to establish causal connection); *c.f., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding, in a retaliation case under Title VII, that reliance on temporal proximity must be "very close" to show causation and citing cases where the passage of several months disallowed finding of causation) (citations omitted). |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**

## 19.   DISCRIMINATION AND RETALIATION – LEGITIMATE, NON-DISCRIMINATORY, NON-RETALIATORY REASON

If you determine that Ms. Poland has satisfied all the elements of her discrimination claim and/or all of the elements of her retaliation claim, you must then consider any legitimate, non-discriminatory and non-retaliatory reasons or explanations stated by CSC for its decisions. If you determine that CSC has stated such a reason or reasons, then you must decide in favor of CSC, unless Ms. Poland proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for CSC's discriminating against Ms. Poland because of her race or retaliating against Ms. Poland because of her protected activity.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.52 (5th ed. 2001). *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20**

## 20.   BUSINESS JUDGMENT -
## ANY REASON THAT IS NOT DISCRIMINATORY OR RETALIATORY

Title VII and Section 1981 were not intended to be vehicles for judicial second-guessing of business decisions; nor were they intended to transform the courts into personnel managers. An employer is entitled to make its own policy and business judgment, and may therefore, take an adverse employment action against an employee -- even an outstanding employee -- for reasons that the employer considers to be in its best interests. An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can take an adverse employment action against an employee for any reason that is not discriminatory or retaliatory. Therefore, you should not find that an adverse employment action decision is unlawful just because you may disagree with CSC's stated reasons, or because you believe that the decision was harsh or unreasonable.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 1:1130 (2005). *See, e g , Billet v. CIGNA Corp ,* 940 F.2d 812, 825 (3d Cir. 1991) ("Barring discrimination, a company has the right to make business judgments on employee status, particularly when the decision involves subjective factors deemed essential to certain position."); *Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 332 (3d Cir. 1995) ("[W]e do not sit as a super-personnel department that reexamines an entity's business decisions."); *Fuentes v. Perksie,* 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

## 21.    PROMOTION OF BETTER QUALIFIED CANDIDATE

The promotion of a better qualified candidate is a legitimate and non-discriminatory business reason for preferring the successful applicant over the rejected employee. If you conclude that CSC promoted Randall Miller instead of Ms. Poland because Randall Miller had more UNIX experience than Ms. Poland and had been in the MTSA position longer than Ms. Poland, and not because of any racial discrimination, you must find for CSC on Ms. Poland's discrimination claim.

| Authorities | *See, e.g., Berry v. Jacobs IMC*, 2004 WL 1179270, at *409 (3d Cir. May 27, 2004) (employer provided nondiscriminatory reasons for promotion, including the other candidates "excellent credentials and experience" and the employer's business judgment that plaintiff was not qualified for the position); *Lewis v. State of Del. Dept. of Public Instruction*, 948 F. Supp. 352, 361 (D. Del 1996) (non-discriminatory reason includes conclusion that the other candidate "was more qualified than plaintiff and plaintiff was not a 'team player'"); *Ferguson v. E.I. DuPont de Nemours and Co.*, 560 F. Supp. 1172, 1193 n.48 (D. Del 1983) ("The reasons primarily focused upon the superior qualifications of the individual—a recognized legitimate reason.") (citations omitted; *Scaria v. Rubin*, 117 F.3d 652 (2d Cir. 1997) (no violation of Title VII because the successful applicant for the promotion had superior knowledge of relevant procedures and areas of expertise required for the new position). |
|---|---|

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### 22.    PRETEXT

Ms. Poland claims that CSC's articulated reasons for why she was not promoted are a pretext for discrimination. Ms. Poland also claims that CSC's articulated reasons for why she was discharged from employment are a pretext for retaliation. When you consider Ms. Poland's evidence of pretext, if any, remember that the relevant question is whether CSC's reason was not the real reason for CSC's actions.

Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in a defendant's articulated reason for its actions that a reasonable person could find these reasons unworthy of belief, and hence infer that a defendant did not act for the articulated non-discriminatory or non-retaliatory reasons.

You are not to consider whether CSC's reason showed poor or erroneous judgment. You are not to consider CSC's wisdom. However, you may consider whether CSC's reasons are merely a cover-up for discrimination or retaliation.

You may consider whether CSC's reasons are consistent with CSC's own policies and rules and whether CSC has applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons CSC has asserted for its actions.

Ms. Poland must prove by a preponderance of the evidence that CSC took action against Ms. Poland because of her race or her protected conduct. If you do not believe CSC's explanations you may, but are not required to, infer that CSC's true reasons for its actions were discriminatory or retaliatory.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3-371 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.22 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

## 23.     SAME DECISION

Ms. Poland claims that CSC discriminated against her on the basis of her race and retaliated against her because of her protected conduct. CSC maintains that CSC's decisions were based on lawful, legitimate reasons. Given the evidence presented, it may be possible for you to conclude that Ms. Poland's race was one of several factors that motivated CSC not to promote Ms. Poland or that Ms. Poland's protected conduct was one of several factors that motivated CSC to discharge Ms. Poland.

If you determine that Ms. Poland's race was a motivating factor in CSC's decision not to promote Ms. Poland or that retaliation was a motivating factor in CSC's decision to discharge Ms. Poland, then you must find for Ms. Poland unless you determine that CSC proved by a preponderance of the evidence that it would have reached the same decisions regardless of Ms. Poland's race or protected conduct. If you determine that CSC would not have promoted Ms. Poland regardless of her race, you must find for CSC on the discrimination claim. If you determine that CSC would have discharged Ms. Poland regardless of her protected conduct, you must find for CSC on the retaliation claim.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.51 (5th ed. 2001). |
|---|---|

## INSTRUCTIONS FOR MS. POLAND'S
## EQUAL PAY ACT CLAIM

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**

### 24.    EQUAL PAY ACT – DEFINED

The Equal Pay Act provides that it is unlawful for an employer to discriminate between employees on the basis of sex by paying different wages for equal work on jobs requiring substantially equal skill, effort and responsibility, and which are performed under similar working conditions.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:2000 & 1:2010 (2005). |
|---|---|

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

## 25.    EQUAL PAY ACT – ESSENTIAL ELEMENTS

In order for Ms. Poland to prevail on her claim against CSC for violation of the Equal Pay Act, Ms. Poland must prove that CSC discriminated against her on the basis of sex by proving all of the following elements by a preponderance of the evidence:

1.    That CSC has employed Ms. Poland and a member or members of the opposite sex in jobs requiring substantially equal skill, effort and responsibility;

2:    That the two jobs are performed under similar working conditions; and

3.    That Ms. Poland was paid a lower wage than a member of the opposite sex doing equal work.

Even if you conclude that Ms. Poland has proven each of these elements, your verdict must be for CSC if you find that such payment was made in accordance with a seniority system or a merit system that is not based on an employee's sex, or a system which measures earnings by quantity or quality of production, or a differential based upon any factor other than sex.

CSC contends that the differential in pay between the Ms. Poland and Mr. Miller was the result of Mr. Miller's greater experience, longevity at the position, skill and responsibility of Mr. Miller. If you find that this has been proven by the preponderance of the evidence, then your verdict will be for CSC.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:2020 & 1:2120 (2005). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26**

## 26.    EQUAL PAY ACT – EQUAL SKILL

In order for Ms. Poland to prevail on her Equal Pay Act claim, Ms. Poland must prove by the preponderance of the evidence that Ms. Poland and Mr. Miller performed equal work on jobs the performance of which required substantially equal skill. CSC maintains that Mr. Miller was paid more than Ms. Poland because, among other things, Mr. Miller's work was superior to Ms. Poland's work and Mr. Miller showed greater skill in the performance of his job than did Ms. Poland. In considering whether the two jobs require equal "skill," you should consider such factors as experience, training, education and ability. These factors should be measured in terms of the performance requirements of the job.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 174.31 (5th ed. 2001); *see* 29 U.S.C. § 206(d). |
| --- | --- |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27**

## 27.    EQUAL PAY ACT – FACTOR OTHER THAN SEX

CSC claims that any difference in pay between Ms. Poland and Mr. Miller is justified by the fact that Mr. Miller had more UNIX experience than Ms. Poland and had been in the MTSA position for longer than Ms. Poland,. If CSC shows that the higher wage being paid to Mr. Miller was the result of any factor other than sex, including Mr. Miller's greater UNIX experience and longer time in the MTSA position, then your verdict will be for CSC.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 174.56 (5th ed. 2001). |
|---|---|

## INSTRUCTION FOR MS. POLAND'S IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28

### 28.    COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL ELEMENTS

An at-will employment contract may be terminated at any time by either party without cause and regardless of motive. But this right to terminate is subject to a duty to act in good faith and with fair dealing. This duty is violated when an employee is discharged as a result of ill will, with an intent to cause harm, and by means of deceit, fraud, or misrepresentation.

To prove that CSC did not act in good faith or with fair dealing, Ms. Poland must show by a preponderance of the evidence that:

1.  CSC harbored ill will toward Ms. Poland;

2.  CSC intended to cause harm to Ms. Poland and committed acts of deceit, fraud or misrepresentation; and

3.  CSC committed acts of deceit, fraud or misrepresentation and caused Ms. Poland to be discharged from her employment.

If Ms. Poland has not proved the above matters by a preponderance of the evidence, then you must find for CSC.

| Authorities | DEL. P.J.I. CIV. § 19.26 (2000) (citing *Pressman v. E.I. duPont de Nemours & Co.*, Del. Supr., 679 A.2d 436, 441, 444 (1996); *Tuttle v. Mellon Bank of Delaware*, Del. Super., 659 A.2d 786, 789 (1995) (willful or wanton conduct of employee constitutes grounds for immediate dismissal without notice if sufficiently serious); *Merrill v. Crothall-American, Inc.*, Del. Supr., 606 A.2d 96, 102 (1992) (at-will employment contract terminable by either party); *Conner v. Phoenix Steel Corp.*, Del. Supr., 249 A.2d 866, 868-69 (1969)(defining "discharge" and "layoff"); *Shearin v. E.F. Hutton Group, Inc.*, Del. Ch., 652 A.2d 578, 586-89 (1994) (finding wrongful discharge of at-will employee terminated for actions required under rules of professional conduct); *Haney v. Laub*, Del. Super., 312 A.2d 330, 332 (1973) (at-will employees may be terminated by either party, with or without cause); *Ortiz v. Unemployment* |

*Ins. Appeal Bd*, Del. Super., 305 A.2d 629, 631 (1973) (prior warning about employee's misconduct not prerequisite to dismissal for cause); *Barisa v. Charitable Research Fnd*, Del. Super., 287 A.2d 679, 681-82 (1972) (discussing grounds for dismissal for cause)).

# INSTRUCTIONS ON DAMAGES

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29

### 29.    EFFECT OF INSTRUCTION AS TO DAMAGES

Upon your consideration of the case, under the instructions I have given you, if you reach the conclusion Ms. Poland has proved by a preponderance of the evidence that she was intentionally discriminated against on the basis of her protected status, that Ms. Poland was retaliated against because of her conduct in filing a charge of discrimination, that Ms. Poland prevailed on her Equal Pay Act claim, or that CSC breached the implied covenant of good faith and fair dealing, then and only then should you give consideration to the question of damages and determine the amount of money, if any, to be awarded to Ms. Poland.  You are instructed that Ms. Poland is not entitled to recover any damages merely because she was not promoted or because her employment ended or because she received lower wages than a member of the opposite sex, and no liability on the part of CSC may be inferred simply because this suit was brought.

Additionally, the fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  I am instructing you on damages so that you will have guidance only if you find in favor of Ms. Poland by a preponderance of the evidence.  If you find that Ms. Poland has not prevailed on one or more of her claims by a preponderance of the evidence, you should not consider the issue of damages for those claims.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2001). |
|---|---|

43

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30**

## 30.   DAMAGES

In this case, Ms. Poland has alleged claims under Title VII, Section 1981, the Equal Pay Act and the covenant of good faith and fair dealing. Because the types of damages available under these statutes are different, I am going to give a general overview before I go into the specifics.

Under Title VII and Section 1981, if you find in favor of Ms. Poland by a preponderance of the evidence, you will then have to determine if Ms. Poland mitigated her damages. If you determine that Ms. Poland mitigated her damages, in whole or in part, then Ms. Poland will be entitled to damages for the pay and benefits she lost as a result of discrimination and/or retaliation. As the judge in this case, I will determine the actual amount to which Ms. Poland is entitled. The amount of damages that I award will be sufficient to put Ms. Poland in the same financial position that she would have been but for the discrimination and/or retaliation. In addition, I may award Ms. Poland front pay to compensate her for the loss of expected future earnings, if any. You will not be asked to decide how much back pay or front pay Ms. Poland should receive

Under Title VII and Section 1981, if you find in favor of Ms. Poland by a preponderance of the evidence, you will then have to determine if Ms. Poland is entitled to compensatory damages. Compensatory damages are only for pain, suffering or mental anguish that Ms. Poland suffered as a result of CSC's actions. You will also determine if Ms. Poland is entitled to punitive damages.

Under the Equal Pay Act, if you find in favor of Ms. Poland by a preponderance of the evidence, Ms. Poland will be entitled to an amount equal to the difference between what she was

paid by CSC and what a male employee or employees were paid for performing jobs requiring substantially equal skill, effort, and responsibility which were performed under similar working conditions. As the judge in this case, I will determine the actual amount to which Ms. Poland is entitled.

Under the Equal Pay Act, it is also your task to determine whether CSC's violation of the Equal Pay Act was willful. This finding will help me to determine the actual amount to which Ms. Poland is entitled.

With regard to Ms. Poland's claim for the breach of the implied covenant of good faith and fair dealing, if you find for Ms. Poland by a preponderance of the evidence, Ms. Poland will be entitled to contract damages which put her in the position she would have been had the breach not occurred. You may not award punitive damages or compensatory damages to Ms. Poland.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

| Authorities | 42 U.S.C. § 1981a(b)(2); *See, e.g., Curtis v. Loether*, 415 U.S. 189, 197 (1974) ("In Title VII cases the courts of appeals have characterized backpay as an integral part of an equitable remedy."); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("An unemployed or under employed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages."); *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 890 (3d Cir. 1984) (noting that front pay in an equitable remedy); *Moore v. Sun Oil Co.*, 636 F.2d 154, 156 (6th Cir. 1980) (noting that backpay is an equitable remedy under Section 1981); *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 527-28 (D. Del. 2002) (noting that the Delaware Supreme Court found in *Pressman* "that a breach of the duty of good faith and fair dealing gave rise to neither punitive damages nor damages for emotional distress" and thus holding that "only contractual damages can be awarded for [the defendant's] bad faith [in breaching the implied covenant of good faith and fair dealing]"); *E.I. Dupont De Nemours and Co. v. Pressman*, 679 A.2d 436, 445, 448 (Del. 1996) (holding that emotional distress damages and punitive damages are unavailable in a claim for the breach of the implied covenant of good faith and fair dealing); |
|---|---|

45

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31**

## 31.    MITIGATION OF DAMAGES

Ms. Poland must mitigate her damages, meaning that she must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. CSC must prove by a preponderance of the evidence that Ms. Poland failed to mitigate her damages for loss of compensation.

If you determine that Ms. Poland is entitled to damages, you must reduce these damages by

1. what Ms. Poland earned and

2. what Ms. Poland could have earned by reasonable effort during the period from her discharge until the date of the trial.

Ms. Poland must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1. the type of work;

2 the hours worked;

3. the compensation;

4. the job security;

5. the working conditions; and

6. other conditions of employment.

You must decide whether Ms. Poland acted reasonably in not seeking or accepting a particular job. If you determine Ms. Poland did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so.

You must not compensate Ms. Poland for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.65 (5th ed. 2001). |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32**

## 32.   COMPENSATORY DAMAGES UNDER TITLE VII AND SECTION 1981

If you find in favor of Ms. Poland by a preponderance of the evidence on her claim of race based discrimination or retaliation, you will then have to determine if Ms. Poland is entitled to compensatory damages. Compensatory damages must not include any amount for back pay or front pay. Any award of compensatory damages must be based solely on any emotional injuries that you believe Ms. Poland has suffered.

You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find these were caused by CSC's allegedly illegal acts. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

If you find that Ms. Poland has suffered emotional injuries as a result of CSC's allegedly unlawful conduct, Ms. Poland is entitled to recover an amount which will reasonably compensate her for those emotional injuries. Conduct by CSC that does not cause harm does not entitle Ms. Poland to damages. By the same token, any harm to Ms. Poland that was not the result of unlawful conduct by CSC does not entitle Ms. Poland to damages. Therefore, you may only award Ms. Poland damages to compensate her for emotional injuries which she has proved were caused by discriminatory or retaliatory acts which you conclude were taken by CSC. The damages that you award must be fair compensation — no more and no less.

You may not award compensatory damages for emotional injury unless you find the evidence as to any such emotional injury to be demonstrable, genuine, and adequately explained. To recover for mental anguish or emotional injury, Ms. Poland must show some clearly apparent and substantial injury, as manifested by an external condition or by symptoms clearly indicative

48

of her mental state. In determining whether to award any damages, you should be guided by dispassionate common sense. You must use sound discretion, drawing only reasonable inferences from the facts in evidence. Neither conclusory statements by Ms. Poland that she suffered emotional distress, nor the mere fact that a legal violation occurred, supports an award of compensatory damages. In order to award compensatory damages you must do more than speculate. You must be able to determine --- by a preponderance of the evidence — the existence and extent of any emotional injury suffered by Ms. Poland. Sympathy, pure speculation or guessing cannot support an award of compensatory damages.

If you find, after considering all of the evidence presented, that Ms. Poland has failed to provide any proof of the extent of the damages she suffered because of CSC's conduct, you still may award "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that Ms. Poland suffered was the deprivation of her rights, without any resulting physical or emotional injury. Nominal damages may not be awarded for more than a token sum, such as one dollar.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Ms. Poland prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In reaching your decision as to damages, if any, to award to Ms. Poland in connection with her discrimination or retaliation claim, you should not consider attorneys' fees or court costs that Ms. Poland may have incurred.

| Authorities | Adapted from 4 L. Sand, *et al.*, *Modern Federal Jury Instructions*. § 77-6 (1996) and from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.90. |
|---|---|

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33

## 33.   EMOTIONAL DISTRESS DAMAGES OFFSET BY WORKER'S COMPENSATION CLAIM[2]

Ms. Poland claims she has suffered emotional distress as a result of CSC's alleged actions. Even if you believe Ms. Poland has proven that she experienced emotional distress, Ms. Poland cannot receive compensation for such emotional distress if she has already been compensated for this emotional distress by workers' compensation payments. Thus, if you find that Ms. Poland was compensated for all of her alleged emotional distress by workers' compensation payments, then you cannot award her further compensation for emotional distress.

| Authorities | *See* DEL. CODE ANN. tit., 19, § 2304 ("Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.") (emphasis added); *Konstantopoulos v. Westvaco Corp.*, 609 A.2d 936, 939 (Del. 1996) ("Unless a personal injury claim is expressly excluded by another section of the Delaware Workers' Compensation, 19 Del. C. § 2304 limits an employee's recovery for personal injuries arising out of and during the course of employment to the compensation provided under the Act, thereby excluding all other claims against the employer."). *See generally, Farell v. Gordon*, 770 A.2d 517, 520 (Del. 2001) ("Double recovery is acceptable so long as the source of the payment is unconnected to the [defendant].") (emphasis added); *State Farm Mutual Auto Ins. Co. v. Nalbone*, 569 A.2d 71, *73 (Del. 1989) (The collateral source doctrine "permit[s] the [defendant] to obtain the advantage of payments made by himself or from a fund created by him; in such instance, the payments come, not from a collateral source, but from the defendant himself.") (citing *Yarrington v. Thornburg*, 205 A.2d 1, 2 (Del. 1964)); *Ralyea v. KF Environmental Tech*, 2005 Del. Super. LEXIS 91, at * 9( Del. Super. February 28, 2005) ("[A]n employee cannot secure double recovery for a single loss where both sources of recovery emanate from the employer.") |
| --- | --- |

---

[2] CSC maintains that all information related to Ms. Poland's alleged emotional distress should be excluded from evidence because she has already been compensated for these alleged injuries. CSC intends to file a motion in limine to this effect, and submits this proposed instruction for use only to the extent that the Court does not grant its motion in limine with regard to such evidence.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34

## 34.    PUNITIVE DAMAGES UNDER TITLE VII AND SECTION 1981

In addition to the damages mentioned in the other instructions, the law permits the jury to award punitive damages under Title VII and Section 1981. You may only award punitive damages if Ms. Poland proves by a preponderance of the evidence that CSC engaged in a discriminatory practice with malice or with reckless indifference to Ms. Poland's federally protected rights. CSC acts, or fails to act, with malice if it acts or fails to act with ill will or spite.

If you find that CSC acted with malice or with reckless disregard and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find Ms. Poland entitled, you may, but are not required to, award Ms. Poland an additional amount as punitive damages if you find it is appropriate to punish CSC or to deter CSC and others from like conduct in the future. Whether to award Ms. Poland punitive damages, and the amount of those damages, are within your discretion.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Ms. Poland and then further find from a preponderance of the evidence: (1) that a higher management official of CSC personally acted with malice or reckless indifference to Ms. Poland's federally protected rights, and (2) that CSC itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you determine punitive damages are appropriate, you should consider the following questions when fixing the amount of punitive damages:

1. How offensive was CSC's conduct?

2. How did CSC's conduct impact Ms. Poland?

3. What amount is needed, considering CSC's financial condition, to prevent further repetition of its conduct?

4. Does the amount of punitive damages have a reasonable relationship to the amount of actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason. Sympathy for or dislike of any party should not influence your decision.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:1322; 1:1323 & 1:1330 (2005). |
| --- | --- |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

### 35. DAMAGES - EQUAL PAY ACT

If you find that Ms. Poland has satisfied her burden of proving the essential elements of her Equal Pay Act claim by a preponderance of the evidence and that CSC has not met its burden of proving that the wage differential was due to a factor other than sex, then you should determine whether CSC's conduct was willful.

"Willful" means that CSC either knew that its conduct was prohibited by federal law or showed reckless disregard for the law. Under this standard, Ms. Poland need not show that CSC's conduct was outrageous and she need not show direct evidence of CSC's motivation. You may, but do not have to, infer willfulness from the existence of those facts that you find have been proven by the preponderance of the evidence.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 1:2131 (2005). |
|---|---|

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36

## 36.   DAMAGES – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

A party who is harmed by a breach of contract, including a breach of the implied covenant of good faith and fair dealing, is entitled to damages in an amount calculated to compensate it for the harm caused by the breach. The compensation should place the injured party in the same position it would have been in if the contract had been performed. Even if you find that Ms. Poland was harmed by a breach of the implied covenant of good faith and fair dealing, you may not award punitive damages or compensatory damages to Ms. Poland.

If you find that Ms. Poland is entitled to a verdict in accordance with these instructions, but do not find that Ms. Poland has sustained actual damages, then you may return a verdict for Ms. Poland in some nominal sum such as one dollar. Nominal damages are not given as an equivalent for the wrong but rather merely in recognition of a technical injury and by way of declaring the rights of Ms. Poland.

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered. To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances. This reduction, however, must be measured with reasonable probability.

| Authorities | Adapted from DEL. P.J.I. CIV. § 22.24 (2000) (citing *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*, Del. Supr., 394 A.2d 1160, 1163-64 (1978) (loss of profits); *American General Corp. v. Continental Airlines*, Del. Ch., 622 A.2d 1, 11, *aff'd*, Del. Supr., 620 A.2d 856 (1992); *Farny v. Bestfield Builders, Inc.*, Del. Super., 391 A.2d 212, 214 (1978); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709, 714 (1967) (nominal damages); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, Del. Super., 107 A.2d 892, 894 (1954)); |
|---|---|

DEL. P.J.I. CIV. § 22.26 (2000) (citing *Lynch v. Vickers Energy Corp.*, Del. Supr., 429 A.2d 497, 504 (1981) (plaintiff with out-of-pocket expenses has duty to mitigate them); *McClain v. Faraone*, Del. Super., 369 A.2d 1090, 1093 (1977 ) (duty to mitigate losses in liquidation of property at foreclosure sale of injured party); *Nash v. Hoopes*, Del. Super., 332 A.2d 411, 414 (1975) (duty in contractual breach to mitigate losses when reasonably possible); *Katz v. Exclusive Auto Leasing, Inc.*, Del. Super., 282 A.2d 866, 868 (1971)(common law of contracts requires injured party to minimize losses); *See also* RESTATEMENT (SECOND) OF CONTRACTS ' 350 (1979)); *See E.I Dupont De Nemours and Co. v Pressman*, 679 A.2d 436, 445, 448 (Del. 1996) (holding that emotional distress damages and punitive damages are unavailable in a claim for the breach of the implied covenant of good faith and fair dealing); *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 527-28 (D. Del. 2002) (noting that the Delaware Supreme Court found in *Pressman* "that a breach of the duty of good faith and fair dealing gave rise to neither punitive damages nor damages for emotional distress" and thus holding that "only contractual damages can be awarded for [the defendant's] bad faith [in breaching the implied covenant of good faith and fair dealing]").

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37**

## 37.    NOMINAL DAMAGES

If you find in favor of Ms. Poland on any of her claims, but you find that Ms. Poland's damages have no monetary value, then you must return a verdict for Ms. Poland in a nominal amount such as one dollar or ten dollars.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.93. |
|---|---|

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38

## 38.    DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.01 (5th ed. 2001). |
|---|---|

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39

### 39.    ADMONITION REGARDING SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a significant risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

| Authorities | 4 L. Sand, et. al., Modern Federal Jury Instructions, ¶ 71-10 |
|---|---|

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40**

## 40.  VERDICT FORM

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. You must follow the instruction on the form carefully, you must answer each question, and your answers must be unanimous and must reflect the conscientious judgment of each juror.

The fact that there is a category or blank for a certain type of damages does not require you to enter any number in the blank. Further, the fact that I have instructed you as to a particular element of damages does not mean that the Ms. Poland is entitled to recover that element of damages. The amounts and types of damages, if any, are solely your decision.