# SCHEDULE I(iii)

# Special Verdict

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

**QUESTION NO. 1:**

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC made a final decision not to promote Ms. Poland?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 2.*

**Question No. 1A – Race Discrimination**

If you answered "Yes" to Question No. 1, do you find that Ms. Poland has proven by the preponderance of the evidence that the decision not to promote Ms. Poland was because of Ms. Poland's race?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 2.*

**Question No. 1B – Same Decision**

If you answered "Yes" to Question No. 1A, do you find that the preponderance of evidence demonstrates that CSC would have decided not to promote Ms. Poland regardless of her race?

Please Answer Yes or No: _____

---

**QUESTION NO. 2:**

Do you find that Ms. Poland proved by the preponderance of the evidence that CSC terminated Ms. Poland because she filed a charge of discrimination?

Please Answer Yes or No: _____

*If you answered "NO,", please skip the below question and go directly to Question No. 3.*

**Question No. 2A – Same Decision**

If you answered "Yes" to Question No. 2, do you find that the preponderance of the evidence demonstrates that CSC would have terminated Ms. Poland even if she had not filed a charge of discrimination but had still failed to properly submit medical certifications?

Please Answer Yes or No: _____

---

**QUESTION NO. 3:**

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC paid Ms. Poland less than male workers for equal work in jobs that required substantially equal skill, effort and responsibility, and that were performed under similar working conditions?

Please Answer Yes or No: _____

*If you answered "NO" to Question No. 3, please skip the below question and go directly to Question No. 4*

**Question No. 3A – Legitimate basis**

If you answered "Yes" to Question No. 3, do you find that the preponderance of the evidence demonstrates that the wage differential was based on any factor other than sex?

Please Answer Yes or No: _____

*If you answered "YES,", please skip the below question and go directly to Question No. 4*

**Question No. 3B – Willful violation**

> If you answered "No" to Question 3A, do you find that the preponderance of the evidence demonstrates that CSC willfully violated the Equal Pay Act, meaning that CSC knew that its conduct was prohibited by law or showed reckless disregard for the law?
>
> Please Answer Yes or No: _____

## QUESTION NO. 4:

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC harbored ill will towards Ms. Poland, that CSC intended to cause harm to Ms. Poland, that CSC committed acts of deceit, fraud or misrepresentation towards Ms. Poland, and that all such acts resulted in her discharge from employment or her lack of promotion?

> Please Answer Yes or No: _____

## QUESTION NO. 5:

If you answered "No" to Question 1-B or "No" to Question 2-A or "Yes" to Question 4, do you find by the preponderance of the evidence that the damages Ms. Poland claims are speculative?

> Please Answer Yes or No: _____
>
> *If you answered "YES," please skip the below questions and go directly to Question No. 8*

## QUESTION NO. 6:

If you answered "No" to Question 1B or "No" to Question 2A, please identify the amount, if any:

> a) Compensatory Damages _____    b) Punitive Damages _____

## QUESTION NO. 7:

If you answered "Yes" to Question 4, do you find that the preponderance of the evidence demonstrates that Diane Poland was harmed by the breach of the implied covenant of good faith and fair dealing?

> Please Answer Yes or No: _____
>
> *If you answered "NO," please skip the below question and go directly to Question No. 8*
>
> If you answered "Yes," please identify the appropriate amount of contract damages, recalling that you may not award compensatory or punitive damages: _____

## QUESTION NO. 8:

Do you find that CSC proved by the preponderance of the evidence that Ms. Poland did all she could to reduce or avoid any damages?

> Please Answer Yes or No: _____

_____              _____
Date                                          FOREPERSON

2

# SCHEDULE I (iv)

# Voir Dire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S PROPOSED VOIR DIRE

### Background

1.      Other than what I have just told you, have you heard, seen or read anything about this case?

2.      Have you, someone in your family, or a close friend ever been involved in any situation like what you have heard so far about this case?

3.      The plaintiff in this case is Diane Poland.  Would Ms. Poland please stand and face the prospective jurors?  Do any of you know, personally or professionally, Diane Poland or her family?

4.      The Defendant in this case is Computer Sciences Corporation, also known as CSC.  Are you familiar with CSC?

5.      The plaintiff is represented by Jeff Martin of the law firm Margolis Edelstein. The defendants are represented by Larry Seegull and Amy Beth Leasure of the law firm of DLA Piper Rudnick Gray Cary.  Do you know any of these lawyers?  Have you ever been represented by any of their law firms?

6.     The following persons may be called as witnesses or referred to during the trial.

If you know of, have heard of, or have any association with any of these people, please stand:

Randall Miller

Dawn Dworsky

Maureen Summers

MaryAnne Doll-Johnson

Sonia Koplowicz

Edwin Derek Alston

Jennifer Miller

Dahl Landers

Simmie Hoeft

Beth Musumeci

Mike Suman

Leanne Thomas

Paul White

Edward Stewart

## Employment

7.     Have you ever worked for a law firm, had a law-related job, or have any legal training?

8.     Have you ever worked in the field of human resources or personnel?

2

9.    Have you, someone in your family, or a close friend ever had a claim or complaint of discrimination made against you or them, whether or not it resulted in a lawsuit being filed?

10.   Have you, someone in your family, or a close friend ever filed a complaint of discrimination with an employer or an agency or ever filed a lawsuit complaining of discrimination of any kind, whether race, sex, national origin, religion, sexual orientation, age, disability or any other reason?

11.   Have you or any of your family members or close friends ever been discriminated against because of race, sex, national origin, religion, sexual orientation, age, disability or any other reason?

12.   Have you or any of your family members or close friends ever worked for any federal, state, or local agency involved in the enforcement of anti-discrimination laws?

13.   Have you, someone in your family, or a close friend ever had a significant dispute with a supervisor or employer, even if it did not result in a lawsuit being filed?

14.   Have you, someone in your family, or a close friend ever been unfairly disciplined, fired from a job or quit a job because of unfair treatment?

15.   Have you, someone in your family, or a close friend ever been denied a promotion because another coworker was considered more qualified or more experienced?

16.   Have you, someone in your family, or a close friend ever been asked to testify in a case in which there was an allegation of discrimination?

3

**Biases**

17.   CSC is a corporation.   Does anyone have strong negative feelings about corporations?

18.   Do you believe that most corporations accused of discrimination or retaliation probably did it?

19.   Corporations are entitled to the same fair trial as a private individual. Would you have trouble deciding this result in favor of CSC if the evidence warranted such a result?

20.   Do you think that the mere fact that a lawsuit is brought is evidence that plaintiff has been wronged and should recover?

21.   The fact that Diane Poland is no longer working with CSC may cause you to feel sympathy for her. I will instruct you that you must not consider that sympathy as you listen to the evidence and make your decisions. You must consider and decide this case solely on the evidence and law, and not based on sympathy for any party. Do you think that you can follow this instruction?

**General**

22.   This trial may last up to 4 days. Is there any reason why a trial of this length would present a severe hardship for you?

23.   Is there any reason, based on any of the questions I have asked you, or for any other reason that I may not have covered in these questions, that any of you feel that you could not sit as a juror in this case and fairly and impartially decide this case based solely on the evidence presented and the law as I instruct you on it?

# SCHEDULE K

# Settlement

## Schedule (k)

### History and Status of Settlement Negotiations

**Plaintiff's Statement**

**Defendant's Statement**

On December 14, 2004, the Court ordered that this matter be referred to mediation. (D.I. 20). Prior to the mediation conference, the parties engaged in some informal discussions regarding settlement. The mediation conference between the parties took place on June 28, 2005 before Magistrate Judge Mary Pat Thynge. The parties were unable to come to a mutually agreeable resolution at the conference. Since that time, Plaintiff has not made a settlement demand or raised with Defendant the possibility of settlement.

# SCHEDULE L

# Expert Discovery

## Schedule (l)

### A Statement That Each Party Has Completed Discovery
### Including the Depositions of Expert Witnesses

**Plaintiff's Statement**

**Defendant's Statement**

Discovery by Defendant has been completed.   Plaintiff did not designate any expert witnesses, and, accordingly, depositions of expert witnesses were unnecessary in this matter.

36

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Sarah E. Diluzio, hereby certify that on September 19, 2005, I electronically filed true and correct copies of **DEFENDANT'S PROPOSED PRETRIAL ORDER** with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, to the following counsel of record:

> Jeffrey K. Martin, Esq.
> MARGOLIS EDELSTEIN
> 1509 Gilpin Avenue
> Wilmington, DE  19806
> (302) 777-4680
> jmartin@margolisedelstein.com

> *Sarah E. Diluzio*
> Sarah E. DiLuzio (DSB ID No. 4085)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Post Office Box 951
> Wilmington, Delaware  19899-0951
> Tel:  (302) 984-6000
> E-mail:  sdiluzio@potteranderson.com