# SCHEDULE (2)(I)(ii)(b)

# Proposed Special Verdict Form

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES | : | |
| CORPORATION, a Delaware | : | |
| Corporation, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S PROPOSED JURY VERDICT FORM**


/s/ Keri L. Morris
_____
Jeffrey K. Martin, Esquire (#2407)
Keri L. Morris, Esquire (#4656)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 fax
jmartin@margolisedelstein.com
kmorris@margolisedelstein.com
Attorneys for Plaintiff

Dated: September 19, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DIANE POLAND,** | : | |
| | : | |
| **Plaintiff,** | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **COMPUTER SCIENCES CORPORATION, a Delaware Corporation,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

1.  Do you find that Plaintiff has proven by a preponderance of the evidence that Plaintiff's race was a motivating factor in the decision not to promote Plaintiff to the position of SMTS in 2001?

**ANSWER:**          Yes_____          No_____


2.  Do you find that Plaintiff has proven by a preponderance of the evidence that race was a motivating factor in the salary disparity between the members of Plaintiff's work group?

**ANSWER:**          Yes_____          No_____


3.  Do you find that Plaintiff has proven by a preponderance of the evidence that she was retaliated against when her co-workers subjected her to isolation, work criticism, and unwarranted scrutiny after she complained of discrimination?

**ANSWER:**          Yes_____          No_____

4. Do you find that Plaintiff has proven by a preponderance of the evidence that she was retaliated against when her employment with Defendant was terminated in 2002?

**ANSWER:** Yes_____ No_____

5. Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the Equal Pay Act?

**ANSWER:** Yes_____ No_____

6. Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the implied covenant of good faith and fair dealing when it discriminated and retaliated against her?

**ANSWER:** Yes_____ No_____

*[If you answer "No" to Questions 1, 2, 3, 4, 5, and 6, then do not proceed any further.]*

7. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, then what is the total amount of damages for Plaintiff's emotional pain, suffering, or mental anguish?

**ANSWER:** $_____

8. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, what is the total amount of damages for Plaintiff's alleged loss of pay between September 2002 and present?

**ANSWER:** $_____

9. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, what is the total amount of damages for Plaintiff's future economic losses?

**ANSWER:**          $_____


**Please sign your name to this form in the space below.**


_____
                              **Foreperson**

# SCHEDULE (2)(I)(iii)

# Proposed Voir Dire

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES | : | |
| CORPORATION, a Delaware | : | |
| Corporation, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S PROPOSED VOIR DIRE

1. Is any member of the panel personally acquainted with, or do you have a family member or close friend personally acquainted with Diane Poland or any member of her family?

2. Is any member of the panel personally acquainted with, or do you have a family member or friend personally acquainted with, any employee of Computer Sciences Corporation?

3. Have you, or any family member, or close friend, ever been employed by Computer Sciences Corporation?

4. Have you, any family member, or close friend, ever had any negative experience with Computer Sciences Corporation?

5. The Plaintiff is represented by Jeffrey K. Martin and Keri L. Morris of the law firm of Margolis Edelstein. The Defendant is represented by Larry Seegull of the law firm of DLA Piper Rudnick Gray Cary. Is any member of the panel, related to, or

personally acquainted with any of these attorneys, or have you ever been represented by any of these attorneys or other associates or members of the listed law firms?

6.  The following persons may be called as witnesses or referred to during the trial. If you know of, have heard of, or have any association with any of these people, please stand:

Jesse Cason

Joseph Hinton

Selma York

Edwin Derek Alston

Darrin Alexander

Paul White

Jerry Flowers

Herbert Broadwater

Tia Jackson

Gus Siekerka

Fred Vollrath

Bernie Breen

Stan Baines

Diane Poland

7.  Is any member of the panel related to, or personally acquainted with, any of these individuals?

8.  Does any member of the panel have any personal knowledge of this case, of have you read or heard it discussed, or have an opinion regarding it?

9. Have you ever been a Plaintiff, Defendant, or witness in a civil lawsuit?

10. Have you ever served before as a juror in a civil law suit?

11. Have you, any family member or close personal friend ever been involved in an employment discrimination investigation or lawsuit?

12. Have you ever felt that you have been a victim of employment discrimination?

13. Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury in this case?

14. Do any of you know of any other matter, which you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and partial verdict based solely upon the evidence and my instructions as to the law?

# SCHEDULE (2)(k)

## Settlement Negotiations

## SCHEDULE (2)(k)

### Plaintiff's Statement of History and Status of Settlement Negotiations

This matter was referred to mediation in December 2004. The parties were unable to reach an amicable settlement during mediation. There have been other informal settlement discussions, but none have led to an amicable resolution of this action. Continued settlement is not likely to prove productive.

### Defendant's Statement of History and Status of Settlement Negotiations

See Defendant's Proposed Pretrial Order.

# SCHEDULE (2)(l)

# Discovery

## SCHEDULE (2)(l)

### Plaintiff's Statement that Each Party has Completed Discovery Including the Deposition of Expert Witnesses

Discovery by Plaintiff has been completed. No expert witnesses have been retained for this action.

### Defendant's Statement that Each Party has Completed Discovery Including the Deposition of Expert Witnesses

See Defendant's Proposed Pretrial Order.

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES | : | |
| CORPORATION, a Delaware | : | |
| Corporation, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Keri L. Morris, do hereby certify that on September 19, 2005, I electronically filed the *Plaintiff's Proposed Pretrial Order* with the Clerk of the Court using CM/ECF which will send notification of such filing, and have also sent one (1) true and correct copy by First Class U.S. Mail, postage prepaid to the following:

Larry R. Seegull, Esquire
DLA Piper Rudnick Gary Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209

Sarah E. DiLuzio, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, DE 19801

MARGOLIS EDELSTEIN

*Keri L. Morris*
Keri L. Morris, Esquire (#4656)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680