# SCHEDULE (2)(I)(ii)(a)

# Proposed Jury Instructions

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DIANE POLAND,** | : | |
| | : | |
| **Plaintiff,** | : | **C.A. NO. 04-0217-GMS** |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **COMPUTER SCIENCES** | : | |
| **CORPORATION, a Delaware** | : | |
| **Corporation,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

/s/ Keri L. Morris

Jeffrey K. Martin, Esquire (#2407)
Keri L. Morris, Esquire (#4656)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 fax
jmartin@margolisedelstein.com
kmorris@margolisedelstein.com
Attorneys for Plaintiff

Dated: September 19, 2005

## TABLE OF CONTENTS

INTRODUCTION …………………………………………………….…… 1

PROVINCE OF THE COURT AND JURY ………………………………. 2

OBJECTIONS BY COUNSEL ……………………………………………. 3

BURDEN OF PROOF ……………………………………………………... 4

EVIDENCE IN EQUIPOISE ……………………………………………… 5

EVIDENCE DEFINED …………………………………………………… 6

CONSIDERATION OF EVIDENCE ……………………………………… 8

DIRECT AND CIRCUMSTANTIAL EVIDENCE …………………………... 9

CREDIBILITY OF WITNESSES ……………………………………….. 10

CONFLICTS IN EVIDENCE …………………………………………… 12

IMPEACHMENT OF WITNESSES …………………………………….. 13

NATURE OF THE CASE ……………………………………………….. 14

THE CIVIL RIGHTS ACT AND ELEMENTS OF PLAINTIFF'S
CLAIMS - RACIAL DISCRIMINATION CLAIM …………………………. 16

*PRIMA FACIE* CASE …………………………………………………… 18

PLAINTIFF'S BURDEN OF PROOF ……………………………………. 19

THE CIVIL RIGHTS ACT AND ELEMENTS OF PLAINTIFF'S
CLAIMS - RETALIATION CLAIM ……………………………………… 20

EQUAL PAY ACT VIOLATION …………………………………………. 21

DEFENSE: LEGITIMATE, NONDISCRIMINATORY REASON …………. 22

REBUTTAL: PRETEXT …………………………………………………. 23

PROXIMATE CAUSE …………………………………………………… 24

MORE THAN PROXIMATE CAUSE …………………………………….. 25

DAMAGES ……………………………………………………………… 26

BURDEN OF PROOF FOR DAMAGES ……………………………………. 28

DELIBERATION AND VERDICT ………………………………………. 29

UNANIMOUS VERDICT …………………………………………………. 30

SPECIAL VERDICT FORM ……………………………………………... 31

DUTY TO DELIBERATE …………………………………………………. 32

CURATIVE INSTRUCTION ……………………………………………. 33

COURT HAS NO OPINION ……………………………………………… 34

### *INTRODUCTION*

Members of the Jury, it is now time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every civil case.  I will also explain some rules that you must use in evaluating particular testimony and evidence.  Then I will explain the positions of the parties and the law you will apply in this case.  And last, I will explain the rules that you must follow during your deliberations in the Jury Room, and the possible verdicts that you may return.  Please listen very carefully to everything I say.

## *PROVINCE OF THE COURT AND JURY*

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### *OBJECTIONS BY COUNSEL*

During the course of this trial, I have been called upon to rule on objections, which have been made by counsel, concerning certain proposed testimony and exhibits. Whether any such proposed evidence is admissible or inadmissible is purely a question of law for the Court. If I have sustained an objection to any offer of evidence, you should not, of course, give any consideration to that proposed evidence or speculate on what the evidence might have been.

Likewise, if I have ordered any evidence stricken or any exhibit stricken, you must erase and remove the effect of that evidence from your mind. On the other hand, in admitting evidence, I do not pass upon its accuracy; value or weight of the admitted evidence, and the impact which it has upon the issues in this case, these are to be determined solely by you. Thus, in admitting evidence, I have not, and you should not consider that I have, rendered any opinion or conclusion regarding those matters.

## ***BURDEN OF PROOF***

In this case, the burden is on the Plaintiff to prove every essential part of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the Jury should find for the Defendant. To prove "by a preponderance of the evidence" means to prove that something is more likely so than not so. It does not require proof to an absolute certainty, since that is seldom possible in any case. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In order for a party to have sustained his burden of proof, then, the evidence must do more than merely balance the scale. It must tip the scale to some extent at least in that party's favor.

The term "preponderance of the evidence" does not mean greater number of witnesses as opposed to a lesser number of witnesses. The side upon which you find the greater strength and the greater weight of evidence is the side upon which the preponderance of the evidence exists. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

4

## *EVIDENCE IN EQUIPOISE*

Since the Plaintiff, in order to recover, must prove his case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be right under the Defendant's version as under the Plaintiff's version, then you must conclude that the Plaintiff has failed to sustain her burden of proof and your decision must be resolved in favor of the Defendant.

### *EVIDENCE DEFINED*

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations to which the parties agreed, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the Jury must disregard the question entirely and may draw no inference from the wording of it or speculate about what the witness would have said if permitted to answer any question. During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes, I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must

6

completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence and you are bound by your oath not to let them influence your decision in any way.

On the other hand, in admitting evidence, I do not pass upon its accuracy, value or weight of the admitted evidence, or the impact that it has upon the issues in this case. These factors are to be determined solely by you. Thus, in admitting evidence, I have not rendered any opinion or conclusion regarding those matters, and you should not consider that I have. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## ***CONSIDERATION OF EVIDENCE***

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel justified in light of common experience.

In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that the testimony and other evidence in the case has established.

8

### *DIRECT AND CIRCUMSTANTIAL EVIDENCE*

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed first-hand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to either one. Nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### *CREDIBILITY OF WITNESSES*

As jurors and the triers of fact, it is your sole and exclusive responsibility to pass upon the credibility of the witnesses as well as on the weight of the evidence. By credibility, I mean the believability of every witness. In determining credibility, you should consider any bias or prejudice shown by the witness, their straightforwardness, their degree of intelligence, their demeanor, what they may have to gain from this litigation, whether they were certain or uncertain about their testimony, whether the witness has on a prior occasion said something different from what the witness says now, the reason that witness gives, if the witness gives a reason for the difference, any consciously false statement made by the witness, the overall circumstances surrounding the testimony given by each witness in the context of this case as well as all other facts and circumstances that are in evidence which tend to affect the credibility of each witness.

If you find the testimony in conflict, then it is your duty to reconcile it, if you reasonably can. If you cannot do this, then it becomes your duty to give weight to that portion of the testimony that, in your opinion, is most worth credit.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.

If you find that there is evidence that a person has knowingly and willfully given false testimony concerning a material fact in this case, about which the witness could not

have been mistaken, then you may be justified in rejecting all the testimony of that person in any respect in which it is not corroborated or is in conflict with the testimony of other more credible witnesses.  Testimony that is obviously incredible may be disregarded completely.

This does not mean that if you find that a person has willfully given false testimony as to a material fact that you must reject all of that person's testimony, but rather that you may infer from that fact that the balance of the person's testimony which is not corroborated may likewise be false, and, therefore, is entitled to little weight.

### *CONFLICTS IN EVIDENCE*

If you find the evidence in this case to be in conflict, you should try to reconcile it to make one harmonious and understandable story of it all, but if you cannot reconcile the differences, then it becomes your duty to estimate the weight and the value of the evidence of the respective sides and give credence to that side upon which you find the greater weight and the most credit. In estimating that weight and giving credit, you may consider each witness' means of knowledge, the facts about which the witness testified, the witness' intelligence, the witness' apparent truthfulness and fairness, and all other facts and circumstances indicating whether the witness is reliable.

### *IMPEACHMENT OF WITNESSES*

A witness may be discredited or impeached by contradictory evidence.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any important matter, you have a right to distrust such witness' testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

### *NATURE OF THE CASE*

The Plaintiff was employed by Computer Sciences Corporation. This is a civil rights case brought by Plaintiff against her former employer, Computer Sciences Corporation. Plaintiff is suing under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 for alleged employment discrimination and retaliation. She is also suing under the Equal Pay Act, 29 U.S.C. §206(d). Finally, she is suing for a breach of the implied covenant of good faith and fair dealing

The Plaintiff alleges that Computer Sciences Corporation violated Title VII and 42 U.S.C. §1981 by discriminating against her on the basis of her race and retaliating against her. Specifically, Plaintiff alleges that: 1) she was denied a promotion to the SMTS position; 2) there was a significant salary disparity between her and her Caucasian co-workers; 3) she suffered isolation by the members of her group after she complained of discrimination; 4) she was retaliated against when she was terminated from her employment with Computer Sciences Corporation. The Plaintiff alleges that Computer Sciences Corporation violated the Equal Pay Act. Specifically, she alleges that her male co-workers were paid more than the females working the group. Finally, the Plaintiff alleges that Computer Sciences Corporation breach the implied covenant of good faith and fair dealing based upon the discrimination and retaliation she suffered.

The Defendant denies Plaintiff's allegations, claiming it did not discriminate against Plaintiff by failing to promote her due to her race; that Defendant exercised proper discretion and had legitimate reasons for its decision to not promote Plaintiff which had nothing to do with her race. Defendant denies Plaintiff's allegations of retaliation, claiming that it did not retaliate against Plaintiff for engaging in protected

14

activity and that Plaintiff can not establish that Defendant's reason for the non-promotion is pretextual; Defendant had legitimate, non-retaliatory reasons for terminating Plaintiff. Defendant denies that it violated the Equal Pay because in Plaintiff's work group, a women received the highest salary and that any difference in salary is not based upon sex in any way; rather, it was based upon a number of factors other than sex.   Finally, Defendant denies that it violated the implied covenant of good faith and fair dealing because it did not discriminate or retaliate against Plaintiff.

## *THE CIVIL RIGHTS ACT AND ELEMENTS OF PLAINTIFF'S CLAIMS*

### *RACIAL DISCRIMINATION CLAIM*

Plaintiff claims that Defendant intentionally discriminated against her on the basis of race. Her claim is based upon alleged violations of Title VII of the Civil Rights Act of 1964. This federal statute entitles an African-American employee to equal opportunity and treatment in his employment. Thus, if an employer fails to promote an African-American employee because of her race or take any other adverse employment action against her, the law has been violated and the employee may file a suit and recover damages.

In order for an African-American employee to establish her claim, the employee has the burden of proving by a preponderance of the evidence that a Defendant had a racially discriminatory purpose or motive in the employment decision with regard to that employee. The employee must prove by a preponderance of the evidence that race was a "motivating factor" in the adverse employment decision.

The mere fact that the Plaintiff is an African-American and was not promoted is not sufficient in and of itself to establish Plaintiff's claim. To prove that the Defendant acted unlawfully, Plaintiff must prove that it is more likely than not that her race was a reason that Defendant did not promote her. It need not be the only reason, but it must have had a determinative effect on the outcome of the process that led to the decision not to promote Plaintiff.

Just because the Defendant may have made an employment decision with which a jury might disagree is not a reason to find for Plaintiff. An employer is free to make personnel decisions which might be considered harsh or unreasonable, as long as the

decision is not based on racial discrimination. In deciding on whether or not Plaintiff has shown that her race was a motivating factor in the decision not to promote her, you may not question or overrule the business judgment of the Defendant. The Defendant is still entitled to exercise its business judgment in the way it treated the Plaintiff, so long as the Plaintiff's race did not make the difference in that decision.

If you find that the Defendant has stated a legitimate, non-discriminatory reason or reasons for its action, then you must decide against the Plaintiff, unless the Plaintiff meets her burden by a preponderance of the evidence that the reason or reasons that the Defendant gave were not the true reasons for its conduct, but only a cover up; a pretext, for racial discrimination, and that the Plaintiff's race played a role in its decision. Plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.

In determining whether the reasons given by the Defendant for its decision not to promote the Plaintiff were in fact a pretext for discrimination, you are instructed that the Defendant's reasons cannot be considered a pretext so long as the Defendant honestly and reasonably believed that the facts upon which the decision was based were true.

17

## *PRIMA FACIE CASE*

The essential elements of a *prima facie* case are:

- plaintiff is a member of a protected class

- plaintiff performed his or her job satisfactorily (or who was qualified for a new position);

- plaintiff suffered an adverse employment action;

- the circumstances give rise to an inference of discrimination (or retaliation).

An adverse employment action is one that results in discrimination against an individual with respect to his or her compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee. Adverse employment actions include constructive discharge, in which the working conditions become so intolerable that the plaintiff is forced to resign.

### *PLAINTIFF'S BURDEN OF PROOF*

In order to prove that Defendant discriminated on the basis of race, Plaintiff must prove by a preponderance of the evidence that she suffered an adverse employment action because of her race. Plaintiff must prove by a preponderance of the evidence that her race was a determinative factor in any employment decision Defendant made which negatively affected Plaintiff's compensation, terms, conditions or privileges of employment.

Race is a determinative factor if, but for Plaintiff's race, Defendant would not have made the decision which negatively impacted Plaintiff's compensation, terms, conditions or privileges of employment.

## ***THE CIVIL RIGHTS ACT AND ELEMENTS OF PLAINTIFF'S CLAIMS***

### ***RETALIATION CLAIM***

An employer may not discriminate against any of its employees because such individual has opposed any practice made unlawful by Title VII, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under Title VII.

To demonstrate a *prima facie* case of retaliation, a Title VII plaintiff must show:

1. she engaged in statutorily protected activity,

2. she suffered an adverse employment action, and

3. a causal link existed between the protected activity and the adverse action.

Protected activity includes opposition to discrimination, or making a charge, testifying, assisting, or participating in any manner in an investigation or proceeding under the anti-discrimination laws.

Generally, a demotion, salary decrease, undesirable reassignment or termination constitutes an adverse employment action. However, retaliatory conduct may consist of action "less severe than outright discharge."

The burden then shifts to Defendant to produce a legitimate, nondiscriminatory reason for the adverse action. If Defendant does so, Plaintiff then bears the burden of showing that the employer's proffered reason is pretextual.

### *EQUAL PAY ACT VIOLATION*

In this case Plaintiff claims that the Defendant violated a federal law known as the Equal Pay Act. Under the Act it is unlawful for an employer to discriminate between employees on the basis of sex by paying different wages for equal work on jobs requiring equal skill, effort and responsibility, and which are perfomed under similar working conditions, except where such pay differential is based on any factor other than sex.

In order to prevail on her claim, Plaintiff must prove each of the following things by a preponderance of the evdidence:

1. Defendant is an "employer" within the meaning of the EPA;

2. Plaintiff and a member or members of the opposite sex have been employed by Defendant on jobs the performance of which require equal skill, effort and responsibility;

3. the two jobs are performed under similar working conditions; and

4. Plaintiff was paid a lower wage than a member of the opposite sex doing equal work.

Even if you conclude that Plaintiff has been paid less than men doing "equal work", your verdict may be for Degendant if you dins that such payment was made in accordance with a seniority system or a merit system that is not based upon an employee's sex, or a system which measures earnings by quantity or quality of production.

21

### *DEFENSE: LEGITIMATE, NONDISCRIMINATORY REASON*

In defending against an action for employment discrimination, if the employee succeeds in establishing a *prima facie* case, the employer must then articulate a legitimate, nondiscriminatory reason for the adverse action taken against the employee. The employer's reason must be designed to meet the *prima facie* case, and must be sufficient, on its face, to "rebut" or "dispel" the inference of discrimination that arises from proof of the *prima facie* case. In addition, the employer's proffered justification must be based on information that it knew and relied upon at the time it decided to take the adverse employment action.

Assuming that a *prima facie* case is established, the resulting presumption of discrimination is rebutted and eliminated if the employer produces evidence of a legitimate, nondiscriminatory reason for its decision. The employee must then prove by a preponderance of the evidence that the legitimate reasons offered by the employer were a pretext for discrimination.

## *REBUTTAL: PRETEXT*

If the employer produces evidence of a legitimate, nondiscriminatory reason, the employee must then prove by a preponderance of the evidence that the legitimate reasons offered by the employer were a pretext for discrimination. The plaintiff can establish pretext by showing that the employer's explanation is unworthy of credence and/or that a discriminatory reason more likely motivated the employer.

A plaintiff may raise an inference of discriminatory animus by offering evidence comparing herself to similarly situated individuals who are not protected by Title VII and who are treated more favorably. A plaintiff may also offer evidence of race-related remarks to prove discriminatory animus.

### *PROXIMATE CAUSE*

In order for the Plaintiff to recover damages, it is not enough that she prove that the Defendant violated her federal statutory rights. She must also prove by a preponderance of the evidence that she was injured, and she must prove by a preponderance of the evidence that there is a causal connection between the violations and the injuries. In other words, she must prove that her injuries would not have occurred but for the acts of the Defendant.

Proximate cause means that there must be a sufficient causal connection between the act of the Defendant and any injury or damage sustained by the Plaintiff. This means that the Defendant's conduct is a cause of the event and that the event would not have occurred but for that conduct. Conversely, the conduct is not a cause of an event if the event would have occurred even without it.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that Plaintiff cannot prove, by a preponderance of the evidence, that her injury would have occurred even in the absence of the Defendant's conduct, you must find that the Defendant did not proximately cause the Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury. Defendant is not liable if Plaintiff's injury was caused by a new or independent source of injury which intervenes between the Defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the Defendant.

## *MORE THAN ONE PROXIMATE CAUSE*

The law recognizes that there can be more than one proximate cause for the injury or damage.  Several factors or the conduct of two or more persons may operate at the same time, either independently or together, to jointly cause injury or damage.  In such a case, you must find that but for each factor or each person's conduct, the injury or damage would not have occurred.

## *DAMAGES*

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a Defendant's violation of the Plaintiff's rights. If you find that the Plaintiff's race was a motivating factor in the Defendant's decision not to promote her, you may award the Plaintiff reasonable damages.

If you find that the Defendant was the proximate cause of the violation of the Plaintiff's federal rights and that she was injured as a result of that violation, then you must determine the amount of damages to which the Plaintiff is entitled.

These are known as "compensatory damages". Compensatory damages seek to make the Plaintiff whole again – that is, to compensate her for the damage that she has suffered. An award of compensatory damages may only be made for those injuries that a Plaintiff proves were proximately caused by the Defendant's wrongful conduct.

Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize a Defendant. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which she is reasonably likely to suffer in the near future. Specifically, you may award the total amount that the Plaintiff has proven that she has lost as a result of the conduct of the Defendant's discrimination.

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Plaintiff is seeking damages for emotional pain, suffering, mental anguish, and other non-pecuniary losses.

In determining damages for the Plaintiff's non-pecuniary damages, you should look to the evidence and determine the amount of mental anguish, embarrassment and inconvenience which she suffered, if any, and whether it was severe, moderate or mild. Then you should determine from the evidence how long it lasted, whether it has ceased, or whether it will continue in the future. You should determine further whether it was or will be continuous or intermittent. And then, desiring to be fair to all parties, you should award such a sum as you think would be fair compensation for the mental anguish and embarrassment which has been and will be undergone, in line with your enlightened consciences and your desire to do equal justice to both sides.

## *BURDEN OF PROOF FOR DAMAGES*

The Plaintiff must prove the compensatory damages claimed by a preponderance of the evidence. You may not base any award to the Plaintiff on speculation, conjecture, sympathy, or passion; even if you find that the Defendant is liable.

### *DELIBERATION AND VERDICT*

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish by explaining some things about your deliberations in the Jury Room, and your possible verdicts.

Once you start deliberating, do not talk to the Jury Officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The Jury Officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who, by custom of this Court, is Juror Number 1.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 5-5, or 6-4, or whatever your vote happens to be. That should stay secret until you are finished.

### ***UNANIMOUS VERDICT***

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are triers of the facts. Your sole interest is to seek the truth from the evidence in the case.

It is proper to add the caution that nothing said in these instructions and nothing in the verdict is meant to suggest or convey in any way or manner any intimation about what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the Jury.

### *SPECIAL VERDICT FORM*

To aid you in your deliberations, a special Verdict Sheet has been prepared.  The questions on that sheet, called "Special Interrogatories", either call for a "yes" or "no" answer or for an answer containing a number.

The Special Verdict Form instructs the Jury to answer the questions in the order they are presented.  It is important to follow the order in which the questions are presented.  So, although you should certainly read through all of the questions before you start to answer any of them, I strongly urge that you take up the questions in the order in which they are presented.

The answer to each question must be the unanimous answer of the Jury.  Your foreperson, who by custom is Juror Number 1, will write the unanimous answer of the Jury in the space provided under each question.  The foreperson will then date and sign the Special Verdict Form and the Jury will notify the Bailiff.

### *DUTY TO DELIBERATE*

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the Jury Room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But never change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that, your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. No one will be allowed to hear your discussions in the Jury Room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven her case by a preponderance of the evidence.

### *CURATIVE INSTRUCTION*

I have read to you a long and lengthy set of instructions. Although the instructions are somewhat complex, they are intended to be considered as an entire unit. For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part. You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court. The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point. The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to injuries which the Plaintiff alleges she sustained and there have been instructions on the question of damages. The fact that I have instructed you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not the Plaintiff is entitled to such damages. Instructions as to the measure of damages are given for your guidance only in the event that you should find from a preponderance of the evidence in the case that the Plaintiff is entitled to such damages.

If you find from the evidence that the Plaintiff is not entitled to recover, then you will find for the Defendant and no damages will be awarded. On the other hand, if you find for the Plaintiff, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.

## *COURT HAS NO OPINION*

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Plaintiff has proven her case by a preponderance of the evidence.