IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE
OR ARGUMENT REGARDING EMOTIONAL DISTRESS**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff, Diane Poland ("Plaintiff"), is precluded from offering evidence or argument regarding emotional distress.

**I.   INTRODUCTION**

Plaintiff claims to have suffered emotional injury as a result of CSC's alleged unlawful discrimination and retaliation. She seeks to recover damages for such injury in this lawsuit. However, Plaintiff has <u>already</u> sought and recovered a large workers' compensation settlement for her alleged emotional injury.[1]

Plaintiff filed a workers compensation claim with the Industrial Accident Board of the State of Delaware listing the date of accident as August 6, 2001. She explained the nature of her injury as "emotional injury," and further provided that she was disabled by "mental stress, anxiety

---

[1] While CSC acknowledges the settlement agreement, CSC denies that Plaintiff suffered emotional injury or any other injury as a result of its actions, and further denies that it engaged in any unlawful acts.

and depression" from August 6, 2001 through September 27, 2002. (Statement of Facts Upon Failure to Reach An Agreement, attached hereto as Exhibit 1, at 2.) Plaintiff described "the nature of the accident and how it happened" as "racial discrimination." (Exhibit 1, at 2.) She has since maintained that CSC's alleged unlawful discrimination was the sole cause of her alleged emotional injuries:

> Q: So the [workers' compensation] claim was that you were injured and your injury was that it was stress related to race discrimination and the sex discrimination that we discussed earlier?
> A: Yes.
> Q: Was the stress due to anything other than those things?
> A: No.

(Pl. Dep. at 22, attached hereto as Exhibit 2.) As a result of this claim, Plaintiff received a settlement of $17,037.17.

> Q: I want to go back and talk about the workers' compensation claim. You said there had been a settlement?
> A: Yes. ....
> Q: What we are looking at is Defendant's Exhibit 3. The first page shows you received a sum of $2,964.17 for compensation due to your temporary partial disability?
> A; Yes. ....
> Q: Then the second page of Defendant's Exhibit 3 shows that you received the sum of $14,703 in settlement of your claim for temporary total disability which ran from March 2nd of 2002 through September 27 of 2002; correct?
> A: Yes.
> Q: So in total you received about $17,000 in settlement for a period of disability from August of 2001 through September of 2002?
> A: That's correct.
> Q: Are those the injuries we talked about earlier?
> A: Yes.
> Q: That's what you received the $17,000 for?
> A: Yes.

(Exhibit 2, at 58-59; Receipts for Compensation Paid, attached hereto as Exhibit 3.) Plaintiff now seeks to recover a second time for the identical injuries. This recovery is prohibited by Delaware's workers' compensation scheme and the collateral source rule.

## II. ARGUMENT

**A. Plaintiff should be precluded from offering evidence or argument regarding emotional distress because workers' compensation is the exclusive remedy for Plaintiff's alleged injuries.**

Delaware's workers' compensation law is the exclusive remedy available to a claimant to secure compensation for injuries arising out of and in the course of employment.

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence <u>and to the exclusion of all other rights and remedies</u>.

DEL. CODE ANN. tit., 19, § 2304 (emphasis added); *see Konstantopoulos v. Westvaco Corp.*, 609 A.2d 936, 938 (Del. 1996) ("Unless a personal injury claim is expressly excluded by another section of the Delaware Workers' Compensation, 19 Del. C. § 2304 limits an employee's recovery for personal injuries arising out of and during the course of employment to the compensation provided under the Act, thereby excluding all other claims against the employer."). Section 2304, also referred to as the "exclusivity provision," bars claims for emotional injuries as well as physical injuries. *See, e.g., Brodsky v. Hercules, Inc.*, 966 F. Supp. 1337 (D. Del. 1997) (holding that Plaintiff's claim for intentional infliction of emotional distress based on discrimination he allegedly suffered arising from and during the course of his employment with Defendant was barred by Section 2304); *EEOC v. Avecia*, 2003 U.S. Dist. LEXIS 19325 at *15 (D. Del. Oct. 23, 2003) (same) (attached as Exhibit 4); *Nelson v. Fleet Nat'l Bank*, 949 F. Supp. 254, 259 (D. Del. 1996) (same).

Plaintiff's alleged injuries were found to be compensable under Delaware's workers' compensation law, and Plaintiff sought and received a sizeable workers' compensation payment for these injuries. Accordingly, Section 2304 bars Plaintiff from employing an alternate remedy to recover again for the same injuries. Thus, Plaintiff should be precluded from offering evidence or argument regarding emotional distress.

**B.    Plaintiff should be precluded from offering evidence or argument regarding emotional distress because double recovery is prohibited under the collateral source rule where, as here, the defendant contributed to the collateral source.**

Notwithstanding the bar imposed by Delaware's exclusivity provision, the collateral source rule also restricts Plaintiff's recovery for emotional distress damages. The collateral source rule states that a defendant should not benefit from monies received by the injured person from sources unconnected with the defendant. *Johnson Trans. Co. v. Dunkle*, 541 A.2d 551, 553 (Del. 1988) (citing *Yarrington v. Thornburg*, 205 A.2d 1, 2-3 (Del. 1964)). However, the collateral source rule does not prevent a defendant from "obtain[ing] the advantage of payments made by himself or from a fund created by him; in such an instance the payments come, not from a collateral source, but from the defendant himself." *Id.* Thus, "an employee cannot secure double recovery for a single loss where both sources of recovery emanate from the employer." *State v. Calhoun*, 634 A.2d 335, 338 (Del. 1993); *see Dunkle*, 541 A.2d at 553 ("While the [Workers' Compensation] Act contemplates full compensation, it is not intended to permit more than one recovery for a single loss."); *Farell v. Gordon*, 770 A.2d 517, 520 (Del. 2001) ("Double recovery is acceptable <u>so long as</u> the source of the payment is <u>unconnected</u> to the [defendant].") (emphasis added).

Under the collateral source rule, employers are entitled to set off workers' compensation payments with other types of payments made to the employee as a result of the work-related injury, as long as those other payments are made by or on behalf of the employer. *See, e.g., Dunkle*, 541 A.2d at 553 (allowing a set off between workers' compensation payments and employer-provided medical insurance); *Briggs v. DuPont*, 1998 Del Super. LEXIS 47, at *22-24 (Del. Super. January 20, 1998) (allowing a set off between workers' compensation payments and employer-funded long term disability benefits) (attached as Exhibit 5); *State v. Brown*, 2000 Del. Super. LEXIS 491, at *1-2 (Del. Super. July 26, 2000) (allowing a set off between workers' compensation payments and wages paid to the employee during the employee's period of total disability) (attached as Exhibit 6).

Here, Plaintiff seeks to recover emotional distress damages from CSC although she has already recovered $17,037.17 in workers' compensation payments for the identical alleged injuries. Assuming *arguendo* that Plaintiff is not completely barred from recovering all emotional distress damages under Section 2304, any award received by Plaintiff for emotional distress damages must be offset by the $17,037.17 she has already received for such injuries.

### III.   CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from offering evidence or argument pertaining to emotional distress damages.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6279
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: September 22, 2005
700444

Here, Plaintiff seeks to recover emotional distress damages from CSC although she has already recovered $17,037.17 in workers' compensation payments for the identical alleged injuries. Assuming *arguendo* that Plaintiff is not completely barred from recovering all emotional distress damages under Section 2304, any award received by Plaintiff for emotional distress damages must be offset by the $17,037.17 she has already received for such injuries.

### III.   CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from offering evidence or argument pertaining to emotional distress damages.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6279
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: September 22, 2005
700444

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

### BY HAND DELIVERY

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700444