IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE POLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-217 (GMS) |
| ) | |
| COMPUTER SCIENCES CORP., ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR
ARGUMENT REGARDING PLAINTIFF'S CONTENTION THAT ON
ONE OCCASION, DAWN DWORSKY AND RANDALL MILLER PUT THEIR
HANDS TO THEIR NOSES TO INFER THERE WAS A SMELL AND LAUGHED**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff Diane Poland ("Plaintiff") is precluded from introducing evidence or argument regarding Plaintiff's contention that, on one occasion, Dawn Dworsky and Randall Miller put their hands to their noses to infer there was a smell and laughed.

### INTRODUCTION

Plaintiff attempts to attribute racial bias to Ms. Dworsky through a wholly innocuous incident in which, according to Plaintiff, Ms. Dworsky and Mr. Miller made gestures of putting their hands to their noses to infer that they smelled something and then laughed. At deposition, however, Plaintiff admitted that she knew little about this incident:

- She could not hear what was said;

- She never learned what was said;

- She did not know whether the laughing was about her; and

- She did not know whether the laughing had any racial component.

(Pl. Dep. at 306-308, attached hereto as Exhibit 1.) Given Plaintiff's admitted lack of any relevant knowledge, Plaintiff should not be allowed to introduce evidence or argument about this incident.

Moreover, Ms. Dworsky has testified under oath as to what actually occurred:

Q: There was another allegation about a smell that you had detected. Do you recall that?
A: One of the desktop engineers—I sat on a row of cubicles on the other side of the wall—came to me and told me they smelled something burning. As a manager, it's my job to try to find out where the burning was coming from. To do that, I needed to walk the rows of the cubicles to try to see if we could identify where the burning was coming from.
Q: Did you?
A: Yes.
Q: Where did it come from?
A: There was a cord in between the cubicle walls that was burning.

(Dep. of Dawn Dworsky at 44, attached hereto as Exhibit 2.) Plaintiff should be precluded from using her self-serving, spotty account of this incident to inject the jury with the inflammatory but wholly unsupported accusation that her colleagues believed that Plaintiff smelled.

## II. ARGUMENT

### A. Plaintiff should be precluded from offering evidence or argument regarding the above described incident because it is irrelevant and not probative of Plaintiff's claims.

Plaintiff's account of the above-described incident is simply irrelevant to Plaintiff's claims of racial discrimination and retaliation. Plaintiff attempts to draw inferences and conclusions based on an incident about which she admits she knows nothing of consequence. In addition to not hearing what was said and not knowing whether there was any racial component to the incident, Plaintiff does not even know if the incident had anything to do with her.

Plaintiff cannot rely on this incomplete account of alleged events to indicate any degree of racial bias. More importantly, Plaintiff has not and cannot offer any evidence suggesting that this remark was linked in any way to an adverse employment action taken against her. Accordingly, evidence or argument regarding this remark is not probative because it will not make the existence of any fact of consequence to the determination of this action more or less probable than it would be without the evidence. Fed. R. Evid. 401.

### B. Plaintiff should be precluded from offering evidence or argument regarding the above-described incident because inclusion of such evidence or argument would be unduly prejudicial to CSC.

Even assuming, *arguendo*, that evidence or argument of Ms. Dworsky's inquiry is somehow relevant to Plaintiff's claims, any possible probative value is substantially outweighed by the danger of unfair prejudice to defendants. Despite Plaintiff's striking lack of information about the incident, she no doubt hopes to invoke the specter of racism merely by suggesting that her Caucasian colleagues were making fun of her. Plaintiff's

3

lack of personal knowledge about the incident may not prevent a jury from drawing unfair and inappropriate inferences based on Plaintiff's wholly unsupported accusation that her coworkers allegedly believed she smelled.

Even relevant evidence must be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; *Fornicoia v. Haemonetics Corp.*, 131 Fed. Appx. 867, 872 (3d Cir. 2005) (attached as Exhibit 3). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (quoting *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (citations omitted)). Given the complete lack of probative value of the purported incident and the high likelihood of unfair prejudice if the incident is admitted, evidence and argument about the alleged incident should be excluded from the trial in this matter.

## III.    CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from offering evidence or argument regarding Plaintiff's contention that, on one occasion, Dawn Dworsky and Randall Miller put their hands to their noses to infer there was a smell and laughed.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
    Sarah E. DiLuzio (#4085)
    1313 North Market Street
    6th Floor, P.O. Box 951
    Wilmington, Delaware 19801
    (302) 984-6279
    (302) 658-1192 (fax)
    sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY
    CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4253
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: September 22, 2005

700417

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

**BY HAND DELIVERY**

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700417