IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE
OR ARGUMENT REGARDING DAWN DWORSKY'S
PURPORTED STATEMENT REGARDING CULTURAL
PRACTICES IN AFRICAN-AMERICAN CHURCHES**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff Diane Poland ("Plaintiff") be precluded from introducing evidence or argument regarding Dawn Dworsky's purported statement regarding cultural practices in African-American churches.

**I.   INTRODUCTION**

Plaintiff attempts to rely on a question purportedly posed by her supervisor, Dawn Dworsky, to show that CSC's stated reasons for not promoting Plaintiff are a mere pretext for racial discrimination. Ms. Dworsky allegedly asked Plaintiff, "why do Black people dress up for church and why is the music so loud?" (Pl. Dep. at 300, attached hereto as Exhibit 1.) In response, Plaintiff allegedly stated that she "could not speak for all Black people." (Exhibit 1, at 300.) Ms. Dworsky admits that she posed an inquiry to a group of employees while Plaintiff was present regarding church practices after she

visited church with her African-American babysitter. (Aff. Dawn Dworsky, at 8, attached hereto as Exhibit 2.) Ms. Dworsky did not ask the question in a disrespectful manner and was simply asking about the cultural practices of the church. (Exhibit 2, at 8.) Plaintiff did not show offense at the time, and never informed Ms. Dworsky that she was offended by the comment. (Exhibit 2, at 8; Exhibit 1 at 302.)

## II.  ARGUMENT

### A. Plaintiff should be precluded from offering evidence or argument regarding Ms. Dworsky's purported statement because it is irrelevant and not probative of Plaintiff's claims.

Ms. Dworsky's stray, isolated remark is simply irrelevant to Plaintiff's claims of racial discrimination and retaliation. Not only was the inquiry the product of curiosity, and not animosity, but it was wholly unrelated to any decision-making process. Ms. Dworsky merely was attempting to engage in a dialogue about cultural practices. Plaintiff cannot show that the innocuous, non-derogatory comment indicates any degree of racial bias. More importantly, Plaintiff has not and cannot offer any evidence suggesting that this remark was linked in any way to an adverse employment action taken against her. Accordingly, evidence or argument regarding this remark is not probative because it will not make the existence of any fact of consequence to the determination of this action more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Moreover, Ms. Dworsky's remark cannot advance Plaintiff's argument that CSC's stated reasons for not promoting her are a mere pretext for racial discrimination. The Third Circuit consistently has held that such stray remarks are insufficient evidence of pretext. *See Johnson v. Gober*, 2003 WL 22967266, at *459-60 (3d Cir. Dec. 18,

2

2003) (isolated inappropriate remark made by a decision maker, unrelated to the decision-making process, was not sufficient evidence to establish that employer's proffered reason for failing to promote plaintiff was a mere pretext for discrimination) (attached as Exhibit 3) (citing *Pricewaterhouse v Hopkins*, 490 U.S. 228, 227 (1989) (O'Connor, J. concurring); *Fuentes v. Perskie*, 32 F.3d 759, 766 (3d Cir. 1994) (holding alleged stray remark, standing alone, did not present sufficient evidence to establish pretext); *Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight.") *Johnson v. E.I. DuPont de Nemours & Co.*, 60 F. Supp.2d 289, 294 (D. Del. 1999) (same), *aff'd*, 208 F.3d 206 (3d Cir. 2000).

**B.    Plaintiff should be precluded from offering evidence or argument regarding Ms. Dworsky's purported statement because inclusion of such evidence or argument would be unduly prejudicial to CSC.**

Even assuming, *arguendo*, that evidence or argument of Ms. Dworsky's inquiry is somehow relevant to Plaintiff's claims, any possible probative value is substantially outweighed by the danger of unfair prejudice to defendants. Despite the innocuous and entirely lawful context and content of Ms. Dworsky's comment, Plaintiff no doubt hopes to invoke the specter of racism merely by highlighting that a Caucasian person purportedly inquired about African-American cultural practices. Plaintiff seems to suggest that every comment made in the workplace with some sort of racial element is *ipso facto* discriminatory. This assumption is unfair, unrealistic, and must not be adopted by the jury.

Even relevant evidence must be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; *Fornicoia v.*

3

*Haemonetics Corp.*, 131 Fed. Appx. 867, 872 (3d Cir. 2005) (attached as Exhibit 4). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (quoting *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (citations omitted)). Given the minimal probative value of the purported remark, if any, and the high likelihood of unfair prejudice if the remark is admitted, evidence and argument of Ms. Dworsky's purported remark should be excluded from the trial in this matter.

### III.  CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from offering evidence or argument pertaining to Ms. Dworsky's purported remark regarding cultural practices in African American churches.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware  19801
(302) 984-6279
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated:  September 22, 2005
700419

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

### BY HAND DELIVERY

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

_____
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700419