IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION IN LIMINE TO PRECLUDE
DAMAGES FOR A PURPORTED FAILURE TO PROMOTE**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff is precluded from seeking damages for a purported failure to promote because Plaintiff was on unpaid medical leave when Randall Miller was promoted to the Senior Member of Technical Staff Position.

**I.   INTRODUCTION**

On May 13, 2000, Plaintiff was promoted to the position of Member Technical Staff A ("MTSA"). (Pl. Dep. at 82-83, attached hereto as Exhibit 1.) Her supervisor in her previous position, Edwin Derek Alston, told Plaintiff not to expect another promotion any time soon based on time in her new position and because she would have much to learn in the MTSA position. (Aff. Edwin Derek Alston at 2, attached hereto as Exhibit 2.) The following year, Plaintiff requested and was granted full-time medical leaves of absence from August 6 – August 22, 2001 and from August 27 – September 10, 2001 (Exhibit 1, at 272 -274; Aff. of Simmie Hoeft, attached hereto as Exhibit 3, at 2.) On

September 11, 2001, Plaintiff returned to work but requested and was granted a reduced-work schedule of 30 hours per week. (Exhibit 1, at 274; Exhibit 3, at 2.) Plaintiff then continued to work a reduced schedule until she returned to a full time medical leave of absence on February 21, 2002. (Exhibit 1, at 274; Exhibit 3, at 2.) Plaintiff remained on full-time leave of absence until September 27, 2002. (Exhibit 1, at 278-79; Exhibit 3, at 2.)

In July 2002, while Plaintiff remained on her full-time medical leave (and had been on full-time medical leave for more than four consecutive months), Ms. Dworsky promoted Randall Miller from MTSA to the Senior Member of Technical Staff position ("SMTS"), a higher level position. (Dep. of Dawn Dworsky, attached hereto as Exhibit 4, at 5.) Because Plaintiff had been out on medical leave since February 2002, Ms. Dworsky did not consider Plaintiff for a promotion at that time. (Exhibit 4, at 7.) It is standard CSC practice and policy not to consider an employee for promotion while they remain out on medical leave. (Exhibit 4, at 6.) In fact, Ms. Dworsky has never promoted any employee while the employee was on medical leave. (Exhibit 4, at 6.)

## II. ARGUMENT

### Plaintiff Should Be Precluded From Seeking Damages For A Purported Failure To Promote Because Plaintiff Was Out On Unpaid Medical Leave When The Promotion Decision Was Made

Under standard CSC practice and policy, Plaintiff was not eligible for promotion while she was out on unpaid medical leave. Accordingly, Ms. Dworsky adhered to standard practice and did not consider Plaintiff for promotion in July 2002. Plaintiff now argues that she should have been considered and selected for promotion even though she had been absent from work for more than four months and did not know when she would

return. This argument defies common sense. Ms. Dworsky did not consider Plaintiff for promotion because of the lawful, legitimate, practical and standard policy CSC relies on to keep its workforce running smoothly: CSC simply does not promote individuals who are unable to work at the time of promotion.

Plaintiff's contention that she should <u>recover</u> for a purported failure to promote is equally illogical. At the time of the promotion decision, Plaintiff claimed to be unable to work. Plaintiff had sought and received unpaid medical leave due to this inability work. Now, however, Plaintiff seeks to recover damages for the promotion she did not receive, even though she would have been unable to benefit from that promotion. Plaintiff cannot maintain these inconsistent positions. Accordingly, Plaintiff should be precluded from seeking damages on her failure to promote claim.

### III.   CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from seeking damages for a purported failure to promote.

POTTER ANDERSON & CORROON LLP

By: _____
    Sarah E. DiLuzio (#4085)
    1313 North Market Street
    6th Floor, P.O. Box 951
    Wilmington, Delaware  19801
    (302) 984-6279
    (302) 658-1192 (fax)
    sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY
CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: September 23, 2005
700700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

### BY HAND DELIVERY

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

_____
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700700