IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO RESTRICT PLAINTIFF'S CLAIMS
FOR BACKPAY AND LOST WAGES TO PERIODS OF TIME
DURING WHICH PLAINTIFF WAS CAPABLE OF WORKING**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff Diane Poland's ("Plaintiff") claims for backpay, under any theory of liability, are restricted to periods of time during which Plaintiff was capable of working.

**I.     INTRODUCTION**

On February 21, 2002, Plaintiff began a full time medical leave of absence from her CSC position as a Member Technical Staff A ("MTSA"). (Pl. Dep. at 274, attached hereto as Exhibit 1; Aff. of Simmie Hoeft, attached hereto as Exhibit 2, at 2.) In July 2002, while Plaintiff remained on leave, Ms. Dworsky promoted Randall Miller from MTSA to Senior Member of Technical Staff ("SMTS"), a higher level position. (Dep. of Dawn Dworsky, attached hereto as Exhibit 3, at 5.) Plaintiff continued on full-time leave of absence until September 27, 2002, when she was terminated for repeatedly violating

CSC's medical leave policies. (Exhibit 1, at 278-79; Exhibit 2, at 2-3.) Specifically, Plaintiff repeatedly failed to submit medical certifications as required by CSC policy, even after numerous reminders and warnings. (Exhibit 2, at 2-3.) Randall Miller's promotion forms the basis of Plaintiff's discrimination claim, while Plaintiff's termination forms the basis of her retaliation claim.

## II.  ARGUMENT

CSC contends that Plaintiff is not entitled to recover any damages because she cannot prove her claims against CSC. Importantly, however, in presenting her case and making her claim for damages, Plaintiff should not be permitted to claim or recover damages for any period of time while she was absent from work on medical leave or otherwise unable to work. Backpay is not intended to reward or overcompensate plaintiffs with a windfall recovery. Rather, backpay is only intended to place a plaintiff in the position in which he or she would have been absent the unlawful discrimination or retaliation. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975) (back pay is intended "to make persons whole for injuries suffered on account of unlawful employment discrimination").

A.  **Plaintiff's claims for backpay or lost damages should be limited to periods during which she was capable of working.**

Plaintiff is not entitled to backpay or lost wages for any period during which she was incapable or unwilling to work. Courts have repeatedly refused to award backpay and lost wages for periods of time during which plaintiffs would not have been earning wages regardless of any unlawful discrimination or retaliation. *E.g., Ostapowicz v. Johnson Bronze Co.*, 451 F.2d 394, 400 (3d Cir. 1976) (deducting from backpay "allowances for periods when a plaintiff was unemployable due to illness"); *Gallo v.*

*John Powell Chevrolet, Inc.*, 779 F. Supp. 804, 812 (M.D. Pa. 1991) ("Periods during which the plaintiff would not have worked due to health conditions, pregnancy or for other reasons, are excluded from the [backpay] calculation period."); *Grindstaff v. Burger King, Inc.*, 494 F. Supp. 622, 625 (E.D. Tenn. 1980) (holding that plaintiff was not entitled to backpay for a period of leave taken from her subsequent job "[s]ince there is no reason to assume that plaintiff would not have taken the same leave had she remained with defendant"); *EEOC v. Independent Stave Company, Inc.*, 754 F. Supp. 713, 721 (E.D. Miss. 1991) (cutting off backpay at the point at which plaintiff was physically unable to return to her position); *Milton v. Bell Laboratories, Inc.*, 428 F. Supp. 502, 515 (D.N.J. 1977) (holding that plaintiff was not entitled to backpay for the period before he was ready to begin working); *Rudisell v. S.H.R.M. Catering Services, Inc.*, 1994 U.S. Dist. LEXIS 1637, at *7-8 (E.D. La. Feb. 10, 1994) (granting dismissal of plaintiff's claim for backpay for any period during which she has been totally disabled from employment) (attached as Exhibit 4); *Scott v. OCE Indus., Inc.*, 536 F. Supp. 141, 147 (E.D. Ill. 1982) (holding that plaintiff should not recover backpay for periods during which she was ill and unable to work); *Showalter v. Allison Reed Group, Inc.*, 767 F. Supp. 1205, 1213 (D.R.I 1991) (holding that plaintiff is not entitled to backpay because "a back injury has put him on worker's compensation"). Accordingly, Plaintiff should be precluded from claiming backpay or lost wages 1) for any period during which she was on medical leave from her CSC position, and 2) for any periods during which she was incapable or unprepared to work after her discharge from CSC.

Accordingly, Plaintiff should be precluded from claiming backpay or lost wages on her failure to promote claim. Plaintiff was on unpaid medical leave when Randall

Miller was promoted to the SMTS position, and was thus unavailable to be considered for promotion and unable to report for promotion. Defendant's Motion in Limine to Preclude Damages For A Purported Failure to Promote provides further elaboration on this subject.

In addition, Plaintiff should be precluded from seeking or recovering backpay or damages under her Equal Pay Act theory during any period of time she was on medical leave or unable to return to work.

**B.     Plaintiff's claims for backpay should be limited to periods during which *unlawful* actions by CSC prevented her from working.**

If CSC did not engage in any unlawful activity, of course, Plaintiff is not entitled to recover any backpay or lost damages from CSC. However, if Plaintiff prevails on some claims and fails on others, her awards for backpay and lost damages, if any, must be appropriately restricted. If Plaintiff fails to prove her termination was the product of retaliation, Plaintiff must be barred from recovering back pay or lost wages after the date of her lawful termination, September 27, 2002, regardless of her success on any other claim.[1] Likewise, if Plaintiff prevails on her retaliation claim but fails on her other claims, Plaintiff may not recover any back pay or lost damages for periods of time prior to September 27, 2002. In addition, even if Plaintiff prevails on her retaliation claim, Plaintiff should be precluded from claiming or recovering for any damages <u>after</u> September 27, 2002, absent evidence that Plaintiff was medically capable of returning to work.

---

[1] As discussed above, Plaintiff was on full-time medical leave, and unable to report to work, from the date of Randall Miller's promotion through the date of her own termination. Thus, if Plaintiff's termination is found to be lawful, Plaintiff should be barred from recovering any backpay or lost wages on her failure to promote claim and her termination claim.

4

### III.  CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court restrict Plaintiff's claims for backpay and lost wages, under any theory of liability, to periods of time during which Plaintiff was both capable of working and unlawfully prevented from working by CSC.

                      Respectfully submitted by,

                      POTTER ANDERSON & CORROON LLP

                      By: _____
                           Sarah E. DiLuzio (#4085)
                           1313 North Market Street

Of Counsel:                      6th Floor, P.O. Box 951
Larry R. Seegull             Wilmington, Delaware  19801
DLA PIPER RUDNICK GRAY     (302) 984-6279
CARY US LLP                (302) 658-1192 (fax)
6225 Smith Avenue         sdiluzio@potteranderson.com
Baltimore, Maryland  21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

                                    Counsel for Defendant
Dated:  September 23, 2005       *Computer Sciences Corporation*
700699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

**BY HAND DELIVERY**

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700699