### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PURPORTED ISOLATION IN THE WORKPLACE, PURPORTED UNFAIR SCRUTINY AND/OR CRITICISM OF WORK, AND REGARDING THE FACT THAT PLAINTIFF WAS ASSIGNED TO WORK ON A TRAINING MANUAL BECAUSE ALL FAIL TO RISE TO THE LEVEL OF AN ADVERSE EMPLOYMENT ACTION

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff, Diane Poland ("Plaintiff") is prohibited from offering any evidence or argument that she was isolated by her coworkers, that she was subject to unfair scrutiny and/or criticism of her work, and that she was unfairly removed from certain work projects and assigned to other work projects she did not like.

### I.    INTRODUCTION

Plaintiff alleges that she suffered retaliation when her co-workers allegedly isolated her and ceased communicating with her. (Pl. Dep. at 8-9, attached hereto as Exhibit 1.) She further claims to have suffered retaliation when Dawn Dworsky, her supervisor, allegedly unfairly scrutinized and criticized her work or held her to higher

standards than others. (Ans. Br. at 8.) Finally, Plaintiff contends that Ms. Dworsky retaliated against her by allegedly taking certain work projects away from her, and assigning her to write a technical manual. (Ans. Br. at 16.)

CSC denies all of Plaintiff's allegations, and Plaintiff has not provided any supporting evidence for her claims.[1] Further, none of the actions Plaintiff describes, even if true, would rise to the level of an adverse employment action. Accordingly, these allegations may not be used to support Plaintiff's retaliation claims, and the Court should preclude Plaintiff from offering evidence or argument regarding these allegations.

## II.    ARGUMENT

### A.    Plaintiff's allegations do not constitute adverse employment actions.

CSC denies that Plaintiff was the victim of isolation on the part of her co-workers, that Plaintiff's work was unfairly scrutinized or criticized by Ms. Dworksy and that Plaintiff was unfairly removed from certain work projects and assigned to less desirable projects. However, assuming *arguendo*, that all of Plaintiff's allegations are true, such facts cannot be used to support Plaintiff's retaliation claim. Isolation does not rise to the level of an adverse employment action. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) ("isolation and lack of respect from fellow managers and co-workers did not amount to adverse employment action"); *Munday v. Waste Management, Inc.*, 126 F.3d 239, 243 (4th Cir. 1997) (the concept of an "adverse employment action"

---

[1]    In fact it was *Plaintiff* who isolated herself, stopped talking to members of her group, and ignored social invitations from the group. (Aff. of Randall Miller, attached hereto as Exhibit 2, at 3; Aff. of Maryanne Doll Johnson, attached hereto as Exhibit 3, at 1-2.) Additionally, Plaintiff admitted the importance of the technical manual project she was assigned, that she was not offended by the assignment, and that she did not suffer any change in benefits or salary as a result of the assignment. (Exhibit 1, at 213, 217, 276.)

does not "encompass a situation where the employer has instructed employees to ignore and spy on an employee who engaged in a protected activity."); *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 693 (8th Cir. 1997) (holding that evidence of "disrespect and ostracization by ... supervisors" did not establish an adverse employment action); *Strother v. Southern Cal. Permanente Med. Group*, 79 F.3d 859 (9th Cir. 1996) ("[M]ere ostracism in the workplace is not enough to show an adverse employment decision.").

Similarly, unfair scrutiny and criticism do not rise to the level of an adverse employment action. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997) ("[plaintiff's] allegations that she was subjected to 'unsubstantiated oral reprimands' and 'unnecessary derogatory comments' following her complaint do not rise to the level of the 'adverse employment action' required for a retaliation claim."). Finally, the mere fact that Plaintiff was assigned to a particular project, without any material change in the terms and conditions of her employment, does not rise to the level of an adverse employment action. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("conduct must be extreme to amount to a change in the terms and conditions of employment."); *Cardenas v. Massey*, 269 F.3d 251, 267 n.10 (3d Cir. 2001) (defining a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."); *Jones v. City of Wilmington*, 2004 WL 1534778 (D. Del. June 14, 2004) (temporary assignment to the "camera room", which entailed monitoring a camera and keeping a log of certain activity observed on the camera did not constitute an adverse employment action) (attached as Exhibit 4); *c.f. Lafate v. Chase Manhattan Bank*, 123 F. Supp.2d 773, 786 (D. Del. 2000)

3

("not everything that makes an employee unhappy 'qualifies as retaliation for otherwise, minor and even trivial employment actions that an irritable chip-on-the-shoulder employee did not like would form the basis of a [retaliation claim].'") (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

**B.     Evidence or argument regarding the above-described
            allegations will substantially and unfairly prejudice the jury.**

Because isolation, unfair scrutiny and criticism, and unfair assignment to particular projects are not adverse employment actions, Plaintiff cannot rely on these allegations to support her claim of retaliation. Any other use of this evidence, however will serve only to unfairly prejudice the jury with unsubstantiated accusations.

Evidence must be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; *Fornicoia v. Haemonetics Corp.*, 131 Fed. Appx. 867, 872 (3d Cir. 2005) (attached as Exhibit 5). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (quoting *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (citations omitted)).

Here, Plaintiff's unsupported allegations are minimally probative, if at all, because they cannot be used to advance her claims. Nevertheless, a jury's sympathies, anger and desire to punish may be aroused by Plaintiff's accusations of unfair treatment by her coworkers and supervisor. Accordingly, evidence and argument regarding purported isolation, unfair scrutiny and criticism, and unfair assignment to particular

4

projects should be excluded because the probative value of Plaintiff's allegations, if any, is substantially outweighed by the danger of unfair prejudice.

## III.    CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from offering evidence or argument pertaining to purported isolation in the workplace, purported unfair scrutiny and/or criticism of work, and regarding the fact that Plaintiff was assigned to work on the training manual.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
        Sarah E. DiLuzio (#4085)
        1313 North Market Street
        6th Floor, P.O. Box 951
        Wilmington, Delaware  19801
        (302) 984-6279
        (302) 658-1192 (fax)
        sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY
CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

        Counsel for Defendant
        *Computer Sciences Corporation*

Dated:  September 23, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2005, the foregoing

MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand

delivered to the following attorney of record and was electronically filed with the Clerk

of the Court using CM/ECF which will send notification of such filing, to the following

and the document is available for viewing and downloading from CM/ECF:

### BY HAND DELIVERY

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700701