IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING DETERMINATIONS OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND THE DELAWARE DEPARTMENT OF LABOR**

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff is precluded from introducing evidence, comment and/or argument regarding the determinations of the Equal Employment Opportunity Commission and The Delaware Department of Labor.

## I.   ARGUMENT

Plaintiff likely will attempt to introduce evidence, comment and/or argument regarding the determinations of the Equal Employment Opportunity ("EEOC") and the Delaware Department of Labor ("DDOL"). The Court should preclude Plaintiff from so doing because 1) the determinations are based upon incorrect and incomplete factual findings, and 2) the determinations' limited probative value is substantially outweighed by the potential for unfair prejudice and waste of time.

A. **Evidence or argument regarding the Determinations of the EEOC and DDOL should be precluded because the determinations are untrustworthy.**

Although EEOC determinations and like findings may be admissible hearsay under Federal Rule of Evidence 803(8)(C), the admissibility of such evidence at trial remains within the discretion of the trial judge. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1341 (3d Cir. 2002) (citing *Chandler v. Roudebush*, 425 U.S. 840, 863 n. 39 (1976)). In exercising this discretion, the Court

may exclude government records and reports if the sources of information or other circumstances indicate a lack of trustworthiness. *Id.* at 1341-42 (citing Fed. R. Evid. 803(8)(C)).

The EEOC and DDOL determinations each committed glaring errors in fact-finding. For instance, both agencies <u>incorrectly</u> found that Mr. Miller had lesser computer skills than Plaintiff, one of the most important facts of the case. The undisputed evidence proves that, at the time that Mr. Miller was promoted to the SMTS position, Mr. Miller had 10 years of UNIX experience and Plaintiff had about two years of UNIX programming. (A222-24, 229-31; Pl. Dep. at A21-23, 41-42.)[1] Additionally, both findings are shockingly devoid of the critical fact that Plaintiff was on an extended full-time medical leave when Mr. Miller was promoted, and that CSC has a practice of not promoting employees who are out on leave.[2]

The EEOC also relied upon a mistake in fact in concluding that whereas CSC purportedly claimed that Plaintiff "failed to provide required medical certification," "the evidence shows that this medical certification was supplied." CSC, however, never asserted that Plaintiff never submitted medical certification — only that no medical certification had been provided by the time of the termination. (A219-21, 236, 245, 256; Pl. Dep. at A128-30.) Plaintiff was terminated for failing to provide a *timely* medical certification in accordance with CSC's Leave Policy. (A195, 236, 245, 252, 256; Pl. Dep. at A108-09.)

The EEOC also found that Plaintiff suffered retaliation because she "was not afforded the

---

[1] Unless otherwise indicated, all citations herein refer to the Appendix to Defendant's Opening Brief In Support of Its Motion for Summary Judgment.

[2] Notably, the DDOL and EEOC made their respective determinations without all of the relevant evidence. For instance, at the time they issued their determinations, neither the DDOL nor the EEOC had access to Plaintiff's detailed deposition testimony of more than 350 pages. Likewise, the administrative agencies never had the opportunity to review the thousands of pages of documents the parties gathered and exchanged. Further, neither the DDOL nor the EEOC interviewed relevant witnesses on behalf of CSC, including Sonia Koplowicz, Simmie Osborn, Randall Miller, MaryAnne Doll-Johnson, Dahl Landers and Beth Musumeci. In fact, the DDOL merely stated that its conclusions were based on interviews of Plaintiff and "other witnesses," without giving any further indication of who provided the decisive information. Indeed, both agency determinations contain unsubstantiated and inadmissible hearsay which is an additional basis for exclusion of these findings.

benefit of having up to twelve months of unpaid leave, as set forth in Respondent's leave policy." In reaching this determination, the EEOC simply was incorrect about the benefits provided under CSC's Leave Policy, which explicitly provides that continuation of an employee's medical leave is contingent upon an employee providing a medical certification every thirty days — something Plaintiff did not do. (A193-201, 235-36, 244-45, 253-56.)[3]

Importantly, not only are the determinations of the EEOC and DDOL based upon mistakes of fact, they also set forth inconsistent conclusions. For instance, although the DDOL found that Plaintiff suffered discriminatory pay on the basis of her gender, the EEOC specifically determined that she did not receive discriminatory compensation on the basis of her sex because "the record shows that another female member received the highest salary." In addition, the DDOL found that CSC retaliated against Plaintiff by denying her opportunities to transfer to another team. The EEOC, however, did not find that Plaintiff suffered retaliation on this basis.

The EEOC and DDOL determinations are untrustworthy because they are based upon material errors and omissions in fact and are conflicting in conclusion. Moreover, both agency findings were rendered without the benefit of any hearing or the cross-examination of any witness. Accordingly, the Court should exercise its discretion to exclude any evidence, comment and/or argument of these determinations. *See, e.g., Ofsharick v. GMAC Comm. Mortgage Corp.*, 2003 U.S. Dist. LEXIS 15646, at *20-21 (E.D. Pa. July 17, 2003) (excluding an untrustworthy EEOC determination because the EEOC did not interview key witnesses and conducted a cursory, incomplete investigation) (attached as Exhibit 1).

**B.    Evidence or argument regarding the Determinations of the EEOC and DDOL should be precluded because the limited probative value of the Determinations is <u>substantially outweighed by the potential for unfair prejudice and waste of time.</u>**

Even assuming, *arguendo*, that the EEOC and DDOL determinations are trustworthy, "a District Court has the discretion to exclude probative EEOC Letters of Determination where the

---

[3] These and other inaccuracies underlying the determinations are set forth more fully in CSC's Opening Brief In Support of Its Motion For Summary Judgment, and are incorporated herein.

negative factors listed in [Federal Rule of Evidence] 403 substantially outweigh the probative value of the EEOC determinations." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002).

> The trial judge correctly may perceive a danger of unfair prejudice to the defendant or properly may consider that time spent by the defendant in exposing the weakness of the EEOC report would add unduly to the length of the trial.

*Spruill v. Winner Ford, Ltd.*, 1997 U.S. Dist LEXIS 13403, at *10 (D.Del. Aug. 14, 1997) (attached as Exhibit 2) (quoting *Johnson v. Yellow Freight Sys., Inc.* 734 F.2d 1304, 1309 (8th Cir. 1984)).

Many courts have excluded EEOC determinations and similar agency reports because the probative value of the determination was substantially outweighed by the danger of unfair prejudice. *E.g., Angelo v. Bacharach Instrument Co.*, 555 F.2d 1164, 1176 (3d Cir. 1977) (upholding the lower court's exclusion of an EEOC determination because "the minimal probative value was substantially outweighed by the dangers of unfair prejudice"); *North American Roofing & Sheet Metal Co. v. Bldg. and Constr. Trades Council*, 2005 U.S. Dist. LEXIS 241, at *7-8 (E.D. Pa. Jan. 10, 2005) (concluding that "the probative value of the NLRB determination letters is substantially outweighed by the danger of unfair prejudice…that would result from their admission" because (1) the letter did not describe the investigation, (2) the determination did not consider evidence uncovered in discovery, (3) "there is a strong possibility that the jury would improperly defer to the NLRB's conclusion") (attached as Exhibit 3); *Spruill*, 1997 U.S. Dist. LEXIS 13403 at *10 (excluding a DDOL report because the legal conclusions finding discrimination and hostile work environment were "extremely prejudicial") (*see* Exhibit 2).

Courts also have excluded EEOC determinations and similar agency reports due to the potential for waste of time. *E.g., Coleman*, 306 F.3d at 1346 (excluding an EEOC report in part because the admission of the report would necessitate a substantial expenditure of time to counter the report's challenged conclusions); *Ofsharick*, 2003 U.S. Dist LEXIS 15646, at *20-21 (holding that exclusion of an EEOC letter was warranted because the EEOC letter contained "little probative evidence and would serve only to prolong the trial unnecessarily" by forcing the parties to dispute the facts and presumptions underlying the letter's conclusions) (*see* Exhibit 1).

4

In the instant matter, the probative value of the determinations is extremely limited because they are based upon material errors and omissions in fact and reach conflicting conclusions. Moreover, the legal and factual conclusions reached by the agencies have a strong potential to unfairly prejudice the jury against CSC and usurp the jury's role in evaluating the evidence for itself and reaching its own conclusions. The jury may find it difficult to assess the evidence of discrimination independently after being informed of the agencies' findings and final results. Here, the danger of unfair prejudice is great because the jury might well consider the agency determinations to be expert opinions introduced without having been tested through cross-examinations, but having the imprimatur of the government. It is possible that the jury will simply defer to the administrative decisions on the ultimate issues in this case rather than exercise their charge to weigh testimony and determine credibility. Moreover, CSC's attempts to mitigate this risk by highlighting the many flaws in the determinations would undoubtedly require a substantial amount of time and effort, further complicating the trial and confusing the jury. Finally, Plaintiff will have the opportunity to present all of the "evidence" contained within the agency determinations through independent sources. Plaintiff will be able to present testimony and documentary evidence referenced in the determinations and Plaintiff will suffer no prejudice from the exclusion of the determinations. In short, the determinations have no <u>independent</u> evidentiary value. Accordingly, all evidence and argument regarding the determinations should be excluded because the determinations have no probative value, and even if they did, any such value would be substantially outweighed by the risk of unfair prejudice and waste of time.

### III.     CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from introducing evidence regarding the EEOC or DDOL determinations, or reference, argue, or comment to same.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6279
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of Counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY
CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: September 23, 2005
700745

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2005, the foregoing MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing, to the following and the document is available for viewing and downloading from CM/ECF:

**BY HAND DELIVERY**

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700700