## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

## MOTION IN LIMINE TO EXCLUDE WITNESSES
## LACKING PERSONAL KNOWLEDGE, WITNESSES
## NOT IDENTIFIED IN DISCOVERY RESPONSES, AND HIGH LEVEL
## EXECUTIVE WITNESSES CALLED SOLELY FOR PURPOSES OF HARASSMENT

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby requests that, prior to the voir dire examination of the jury panel and the selection of the jury, and also prior to the introduction of any evidence, the Court order that Plaintiff, Diane Poland ("Plaintiff") is precluded from calling witnesses who: (1) lack personal knowledge; (2) were not identified in response to CSC's discovery requests; and (3) are high-level executives of CSC and who were called solely for harassing and vexatious purposes.

## ARGUMENT

**A.     Witnesses Lacking Personal Knowledge Should Be Excluded.**

Federal Rule of Evidence ("F.R.E.") 602 provides that, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Significantly, several of the individuals Plaintiff identified in the Pretrial Order as potential witnesses are individuals whom Plaintiff admitted during her deposition have no personal knowledge of the case. *See* Excerpt of Plaintiff's Deposition Transcript, attached as Exhibit 1. The following chart identifies five witnesses identified by Plaintiff in the Pretrial Order who undisputedly have no personal knowledge of the instant case:

| Potential Witness | Plaintiff's Admission Regarding Potential Witness's Lack of Personal Knowledge | Deposition Transcript ("Tr.") Citation |
|---|---|---|
| Jessie Cason | Q. Who is Jessie Cason?<br>A. He was someone who worked in HR.<br>Q. <u>Does he have any knowledge about    this case?</u><br>A. <u>No, not knowledge of the case, no.</u><br>(emphasis added). | *See* Exhibit 1 at Tr. 325-26. |
| Joseph Hinton | Q. Who is Joseph Hinton?<br>A. He worked for CSC at some point.<br>Q. <u>Does he have any knowledge about this case?</u><br>A. <u>No.</u> (emphasis added). | *See* Exhibit 1 at Tr. 328. |
| Selma York | Q. Who is Selma York?<br>A. Selma York, she is a friend of mine.<br>….<br>Q. <u>Does she have any knowledge about this case?</u><br>A. <u>She knows that I had meetings with HR and she knows I no longer work for CSC, but other than that, that's it.</u> (emphasis added). | *See* Exhibit 1 at Tr. 328. |
| Jerry Flowers | Q. Who    is    Jerry    Flowers?<br>A. He works for CSC, also.<br>….<br>Q. <u>Do you know if he has any information about this case?</u><br>A. <u>No, I don't.</u> (emphasis added). | *See* Exhibit 1 at Tr. 329. |
| Tia Jackson | Q. Who is Tia Jackson []?<br>A. She also works for CSC.<br>Q. <u>Does she have any knowledge about this case?</u><br>A. <u>No.</u> (emphasis added). | *See* Exhibit 1 at Tr. 328. |

Because Plaintiff conceded that Mr. Cason, Mr. Hinton, Ms. York, Mr. Flowers and Ms. Jackson do not have personal knowledge of the case, Plaintiff should be precluded from calling any of these individuals as witnesses at trial, in accordance with F.R.E. 602.

**B.    Witnesses Who Were Not Identified During The Course Of Discovery Should Be Excluded.**

In Defendant's Interrogatories to Plaintiff, Defendant requested the following information:

1.    Please identify all persons who have personal knowledge of any matter concerning, relating or referring to the allegations in or the subject matter of your Complaint and/or any related administrative actions including any charge of discrimination which you filed in connection with this case….

2.    Please identify each and every person, not previously identified, who has knowledge of the alleged wrongs, injuries or damages allegedly suffered by you because of the alleged action of CSC….

*See* Excerpt of Defendant's First Set of Interrogatories to Plaintiff, attached as Exhibit 2. Significantly, in responding to Defendant's Interrogatories 1 and 2, Plaintiff failed to identify the following individuals, whom she now identifies as potential witnesses in the Pretrial Order: (1) Darrin Alexander; (2) Paul White; (3) Herbert Broadwater; (4) Gus Siekerka; (5) Fred Vollrath; (6) Bernie Breen; and (7) Stan Baines. Moreover, during her deposition, Plaintiff did not identify any of these individuals as witnesses with knowledge about her case. *See* Exhibit 1 at Tr. 325-31.[1]

During discovery, a party is required to disclose the names of witnesses that may be called to testify at trial. *See* Fed. R. Civ. P. 26; *Muldrow v. Brooks*, 34 Fed. Appx. 854, at *855 (3d Cir. Apr. 29, 2002) (attached as Exhibit 3). Failure to do so will preclude the party use of those witnesses, unless such failure is harmless. *See* Fed. R. Civ. P. 37(c)(1); *Muldrow*, 34 Fed. Appx. 854, at *855 (in retaliatory discharge case, affirming trial court's grant of defendants' motion in limine to exclude testimony of witness because plaintiff failed to identify individual as a potential witness prior to the close of discovery, in accordance with Fed. R. Civ. P. 26); *Finch v. Hercules Inc.*, 1995 WL 785100, at *16-17 (D. Del. Dec. 22, 1995) (granting motion in limine requesting exclusion of certain witnesses who were not identified in response to interrogatories as individuals having information about the subject matter of the case) (attached as Exhibit 4).

If Plaintiff is permitted to call these witnesses at trial, CSC will be prejudiced because it did not have the opportunity to question Plaintiff during her deposition regarding Plaintiff's theory as to why the testimony of these individuals would support her case. Further, CSC will be prejudiced because it was deprived of the opportunity both to depose these individuals, and to locate rebuttal

---

[1]    Plaintiff testified:

    Q.    Besides those individuals we've already discussed, are there any other witnesses who can support your allegations who have knowledge about this case?

    A.    Not that I can recall.

*See* Exhibit 1 at Tr. 331. Plaintiff did not identify any of these individuals as witnesses prior to this exchange.

witnesses. Accordingly, Plaintiff should not be permitted to call Mr. Alexander, Mr. White, Mr. Broadwater, Mr. Siekerka, Mr. Vollrath, Mr. Breen or Mr. Baines to testify at trial.

**C.      Witnesses Who Are High-Level Executives Of CSC Were Called Solely For Harassing And Vexatious Purposes, And, Therefore, Should Be Excluded.**

As the parties agreed in the Pretrial Order, the instant action involves a claim for race discrimination based on Plaintiff's failure to receive a promotion, retaliation based upon her termination from employment, an Equal Pay Act claim based on the fact that men were allegedly paid more than women in the Dazel subgroup in which Plaintiff was working, and a claim for a purported breach of the covenant of good faith and fair dealing based on the alleged discrimination and retaliation she purportedly suffered.

Plaintiff identified Gus Siekerka, Fred Vollrath and Bernie Breen as potential witnesses in the Pretrial Order. These individuals all were high-level executives during Plaintiff's employment,[2] and have no personal knowledge regarding any of the matters at issue in the trial. As discussed above, Plaintiff did not identify either Mr. Vollrath, Mr. Siekerka or Mr. Breen as potential witnesses in response to CSC's discovery requests. There is nothing to indicate that any of these individuals were in any way involved, or had any personal knowledge of, the promotion of Randall Miller, Plaintiff's termination, or Plaintiff's salary in comparison to her peers in the Dazel subgroup. *See Lettrich v. J.C. Penney Co.*, 90 Fed. Appx. 604 (3d Cir. Dec. 20, 2002) (upholding trial court's determination to exclude witness's testimony for lack of personal knowledge pursuant to F.R.E. 602) (attached as Exhibit 5); *Lewis v. Sentara Alternative Delivery Sys.*, 1998 WL 85293, at *2 (4th Cir. Mar. 2, 1998)

---

[2]    Specifically, during Plaintiff's employment, Mr. Vollrath was the Vice President for Human Resources for the entire CSC operation, and was located in El Segundo, California. Mr. Vollrath still holds this position, although he currently is transitioning to retirement. While Plaintiff was a CSC employee, Mr. Breen was the President of CSC's Global Infrastructure Services ("GIS") Unit, and worked out of CSC's Falls Church, Virginia facility. Mr. Breen has since retired. Finally, during Plaintiff's employment, Gus Siekerka was the Vice President of the GIS Unit, and was located in Falls Church, Virginia. Currently, he is working in CSC's El Segundo office, and is transitioning into the position of Vice President of Human Resources for all of CSC.

(upholding trial court's determination that because a witness had no personal knowledge of the plaintiff's job performance, his testimony should be excluded) (attached as Exhibit 6).

Because none of these high-level executives have personal knowledge of the facts at issue in this case, any testimony they might offer would be completely irrelevant. Simply put, Plaintiff's attempt to require these high-level CSC executives to travel great distances to appear and testify in a case in which they have no personal knowledge amounts to harassment. Accordingly, because there is no relevant and admissible testimony proffered as to the above-named executives, they should be precluded from having to testify at trial.

### III.     CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court preclude Plaintiff from calling witnesses who: (1) lack personal knowledge; (2) were not identified in response to CSC's discovery requests; and (3) are high-level executives of CSC and who were called solely for harassing and vexatious purposes, including the following individuals: Jessie Cason, Joseph Hinton, Selma York, Jerry Flowers, Tia Jackson, Darrin Alexander, Paul White, Herbert Broadwater, Gus Siekerka, Fred Vollrath, Bernie Breen, and Stan Baines.

Respectfully submitted by,

POTTER ANDERSON & CORROON LLP


By: /s/  Sarah E. DiLuzio
      Sarah E. DiLuzio (#4085)
      1313 North Market Street
Of Counsel:      6th Floor, P.O. Box 951
Larry R. Seegull      Wilmington, Delaware  19801
DLA PIPER RUDNICK GRAY      (302) 984-6279
CARY US LLP      (302) 658-1192 (fax)
6225 Smith Avenue      sdiluzio@potteranderson.com
Baltimore, Maryland  21209

(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated:  September 23, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2005, the foregoing

MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT was hand

delivered to the following attorney of record and was electronically filed with the Clerk

of the Court using CM/ECF which will send notification of such filing, to the following

and the document is available for viewing and downloading from CM/ECF:

### BY HAND DELIVERY

Jeffrey K. Martin
Timothy J. Wilson
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806


Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com

700700