IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-217 (GMS) |
| | ) | |
| COMPUTER SCIENCES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED PRETRIAL ORDER

Jeffrey K. Martin, Esquire (#2407)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 (fax)
jmartin@margolisedelstein.com

Counsel for Plaintiff
*Diane Poland*

Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000 (general)
(302) 984-6279 (direct)
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY CARY
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000 (general)
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Date: September 30, 2005

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16,[1] and Jeffrey K. Martin, Esquire, Margolis Edelstein, 1509 Gilpin Avenue, Wilmington, Delaware 19899, (302) 777-4680, having appeared as counsel for Plaintiff, and Sarah E. DiLuzio, Esquire, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, (302) 984-6279 and Larry R. Seegull, Esquire, DLA Piper Rudnick Gray Cary US LLP, 6225 Smith Avenue, Baltimore, Maryland 21209, (410) 580-4253, having appeared as counsel for Defendant, the following actions were taken:

(1)     <u>Statement of the Action</u>

This is an action for race discrimination based upon Plaintiff's purported failure to receive a promotion based on the fact that Randall Miller was promoted and she was not; retaliation based upon her termination from employment; an Equal Pay Act claim based on the fact that men allegedly were paid more than women in the group in which Plaintiff was working; and a claim for a purported breach of the implied covenant of good faith and fair dealing based upon the discrimination and retaliation that Plaintiff claims she suffered. Jurisdiction of the court is invoked under Section 706(f)(1) and (3) of Title VII

---

[1] Pursuant to the Scheduling Order in this case, the parties were required to submit a Joint form of Pretrial Order on September 19, 2005. Instead, at approximately 5:00 p.m. on September 19, Defendant filed a proposed pretrial order and at 11:00 p.m. Plaintiff filed her own proposed pretrial order. The circumstances giving rise to the competing orders are as follows: The terms of the Scheduling Order required Plaintiff to "forward to defendant's counsel a draft of the pretrial order" on or before August 19, 2005. Plaintiff did not, however, provide Defendant with a draft order. Defendant, therefore, proceeded to draft a proposed pretrial order without input from Plaintiff. On September 15, 2005, two business days before the pretrial order was due, Plaintiff's counsel contacted Defense counsel for the first time regarding the pretrial order and requested that the Defendant join Plaintiff in a request to the Court to extend the due date for the pretrial order pending resolution of the Defendant's motion for summary judgment. Defense counsel indicated that it had already spent significant time drafting a proposed order, which it intended to submit to the Court, but that it would not oppose Plaintiff's request for an extension. Plaintiff thereafter apparently decided to submit her own proposed pretrial order, without any further discussion with Defendant.

2

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-(5)(f)(1), 29 U.S.C. § 206(d), and 42 U.S.C. § 1981. The sate law claim regarding the breach of the implied covenant of good faith and fair dealing is brought pursuant to the pendent jurisdiction of this Court. Jurisdiction is not disputed.

(2)   The following stipulations and statements were submitted and are attached to and made a part of this Order.

   (a)   A comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the Court or any party).

   - *See* Schedule (a) – Joint Stipulation of All Uncontested Facts, attached hereto at Tab A.

   (b)   An agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

   - *See* Schedule (b) – Plaintiff's and Defendant's Contested Issues of Fact and Law, attached hereto at Tab B.

   (c)   Except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

      (1)   all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence. *See* the following Schedules, attached hereto at Tab C:

      - Schedule (c)(1)(1).   Joint Exhibits.
      - Schedule (c)(1)(2).   Plaintiff's Exhibits Without Objections.

- Schedule (c)(1)(3). Plaintiff's Exhibits With Defendant's Objections.

- Schedule (c)(1)(4). Defendant's Exhibits Without Objections:

- Schedule (c)(1)(5). Defendant's Exhibits With Plaintiff's Objections.

(2)  Any demonstrative evidence and experiments to be offered during trial;

- *See* Schedule (c)(2) Plaintiff's and Defendant's Demonstrative Evidence, attached hereto at Tab C.

(d)  A list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witnesses identified on the list.

- *See* Schedule (d) Plaintiff's Potential Witnesses, attached hereto at Tab D.

- *See* Schedule (d) Defendant's Potential Witnesses, attached hereto at Tab D. Defendant reserves the right to call any rebuttal witnesses, any witnesses identified on Plaintiff's witness list and such document custodians as may be necessary without prior notice. Plaintiff has no objections at this time.

(e)  Stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand.

- Not applicable. No expert witnesses have been designated in this case by either Plaintiff or Defendant.

(f)  A list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto;

- *See* Schedule (f) – Plaintiff's Designation Of Deposition Testimony To Be Read Into Evidence, attached hereto at Tab F.

- *See* Schedule (f) – Defendant's Designation Of Deposition Testimony To Be Read Into Evidence, attached hereto at Tab F. Plaintiff has submitted no objections.

(g)  An itemized statement of special damages;

- *See* Schedule (g) – Defendant's Statement of Special Damages, attached hereto at Tab G.

- Plaintiff's Statement of Special Damages: none.

(h)  Waivers of any claims or defenses that have been abandoned by any party;

- *See* Schedule (h) – Plaintiff's and Defendant's Statement of Waivers of Any Claims or Defenses Abandoned by Any Party, attached hereto at Tab H.

(i)  For a jury trial, each party shall provide the following:

   (i)  trial briefs except as otherwise ordered by the Court;

   - *See* copy of Trial Brief of Defendant Computer Sciences Corporation, attached hereto at Tab I (i).

   - *See* copy of Trial Brief of Defendant Computer Sciences Corporation, attached hereto at Tab I (ii).

   (ii)  three sets of marked proposed jury instructions, verdict forms, and special interrogatories, if any; and

   - *See* Joint Proposed Jury Instructions, attached hereto at Tab I (iii).

   - *See* Plaintiff's Proposed Special Verdict Form and Defendant's Proposed Special Verdict Form, attached hereto at Tab I (iv).

   - No special interrogatories at this time.

   (iii)  a list of questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a) and D. Del. LR 47.1(a);

   - *See* copy of Joint Proposed Voir Dire, attached hereto at Tab I (v).

5

(j)  For a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate.

- Not applicable.

(k)  A statement summarizing the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive;

- *See* Schedule (k) – Joint Statement of History and Status of Settlement Negotiations, attached hereto at Tab K.

(l)  A statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise). Absent good cause shown, no further discovery shall be permitted.

- *See* Schedule (l) – Joint Statement That Each Party Has Completed Discovery Including the Depositions of Expert Witnesses, attached hereto at Tab L.

(m)  All Motions *in Limine*: no party shall file more than ten (10) motions *in limine* without prior approval of the court. In accordance with this Court's October 18, 2004 Scheduling Order, briefs (opening, answering, and reply) on all such motions shall be filed by October 7, 2005. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties should submit an original and two (2) copies.

- Defendant has filed several Motions in Limine, in accordance with the Scheduling Order.

(3)  Trial of this case is expected to take four (4) days.

(4)  [*Indicate the type of trial by placing an X in the appropriate box*]

Jury  ☒         Non-Jury  ☐

6

(5)  Plaintiff recommends that eight (8) jurors be selected at the commencement of trial. Defendant recommends that nine (9) jurors be selected at the commencement of trial.

(6)  This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)  Possibility of settlement of this case was considered by the parties.

_____
United States District Judge

Respectfully submitted,

By: /s/ Jeffrey K. Martin
Jeffrey K. Martin, Esquire  (#2407)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 (fax)
jmartin@margolisedelstein.com

Counsel for Plaintiff
*Diane Poland*

By: /s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000 (general)
(302) 984-6279 (direct)
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of counsel:
Larry R. Seegull
DLA PIPER RUDNICK GRAY CARY
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000 (general)
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Date:  September 30, 2005
PAC701575