# SCHEDULE (c)(1)(3)

# EXHIBITS

## Schedule (c)(1)(3)

### Exhibits

3.  The following exhibits were offered by Plaintiff and marked for identification. Defendant objected to their receipt in evidence on the grounds stated:

[State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed. R. Evid. relied upon. Also state briefly Plaintiff's response to the objection with reference to the Fed. R. Evid. relied upon.]

Plaintiff also reserves the right to enter any exhibits on Defendant's list not objected to, or admitted by the Court over Defendant's objection. Additional exhibits not listed above may be offered for rebuttal purposes with the approval of the Court.

| Plaintiff's Exhibit Number | Description | Defendant's Basis for Objection | Plaintiff's Response to Objection |
|---|---|---|---|
| PX 1 | A copy of October 29, 1997 offer of regular full-time employment from Computer Sciences Corporation. | Relevance (FRE 402). | Relevant to Plaintiff's claim of discrimination. |
| PX 2 | A copy of April 1, 1999 performance appraisal from manager Edwin D. Alston. | Relevance (FRE 402) and hearsay (FRE 802).. | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 3 | A copy of Plaintiff's June 29, 2000 Certified Dazel Professional certificate. | Relevance (FRE 402), hearsay (FRE 802), and authentication (FRE 901). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 4 | A copy of Plaintiff's Computer-Based | Relevance (FRE 402), hearsay (FRE (802), | Relevant to Plaintiff's claim of |

26

| | | | |
|---|---|---|---|
| | Training record from November 1999 to April 2001 | and authentication (FRE 901). | discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 5 | A copy of July 3, 2001 lotus notes meeting request from Dawn Dworsky to Maureen Summers and Plaintiff to discuss Expectations for a SO3, Review Performance Appraisal. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 6 | A copy of July 6, 2002 lotus note email – follow up meeting notes to a meeting held July 3 at 2 pm in Human Resources conference room with Dawn Dworsky and Maureen Summers. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 7 | A copy of July 10, 2001 lotus note invite from Maureen Summers to discuss Plaintiff's comments. Also received on this date was a decline of the invite from Dawn Dworsky. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 8 | A copy of July 26, 2002 lotus note emails to Sonia Koplowicz with regard to requisition number for a job Plaintiff applied for within CSC. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 9 | A copy of January 17, 2002 lotus note email to | Relevance (FRE 402) and hearsay (FRE | Relevant to Plaintiff's claim of |

| | | | |
|---|---|---|---|
| | Maureen Summers with regard to continued discriminatory treatment and retaliation. | 802). | discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 10 | A copy of June 13, 2002 email to Dawn Dworsky with regard to Plaintiff's appraisal meeting held on June 12, 2001. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 11 | A copy of a July 3, 2001 lotus note meeting invite from Dawn Dworsky describing job expectations for Plaintiff's June 2001 appraisal meeting goals she and Maureen Summers, HR Representative said Plaintiff was subject to after the year had passed. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 12 | Lotus note dated January 9, 2002 to Dawn Dworsky, regarding completion of Dazel manual. A manual Dawn had a non-Dazel user (George Perkucin) review and critique. | Relevance (FRE 402); hearsay (FRE 802). incomplete; best evidence rule (FRE 1002). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |

| | | | |
|---|---|---|---|
| PX 13 | Lotus note dated January 11, 2002 to Dawn Dworsky, a draft project plan for Dazel Training. Two days after receiving the plan, Dawn replies that she believed the training to be complete. | Relevance (FRE 402); hearsay (FRE 802;, incomplete; best evidence rule (FRE 1002). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 14 | Lotus note dated November 15, 2001 to January 24, 2002 to Leanne K. Thomas, with regard to several positions Plaintiff applied for – all of which Leanne Thomas did not assist as recommended by Mike Suman. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 15 | Lotus note dated February 4, 2002 to February 7, 2002, with regard to a CSC job posting with Julie M. Rahaim. Julie later said position would not be filled. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 16 | Lotus note dated January 29, 2002 to Dorothy Eltzroth, Director Human Resource Employee Services with regard to continued discrimination and retaliation. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 17 | June 14, 2001 lotus note from Dawn Dworsky with regard to USPS Project being completed by Plaintiff. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception |

29

| | | | under FRE 803(6). |
|---|---|---|---|
| PX 18 | December 10, 2001 lotus note from Dawn Dworsky changing the scope of Plaintiff's work with regard to the Dazel Manual she had written. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 19 | August 22, 2001 lotus note from Dawn Dworsky with regard to workload transition. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 20 | December 10-19, 2001 lotus note from Dawn Dworksy attacking Plaintiff's work on the Dazel Manual. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 21 | December 6, 2001 lotus note from George Perkucin, someone who Dawn assigned to critique the Dazel Manual Plaintiff had written. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 22 | January 29, 2002 lotus note to Dawn Dworsky responding to her attack on Plaintiff's Dazel Training Project plan. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception |

|  |  |  | under FRE 803(6). |
|---|---|---|---|
| PX 23 | January 11, 2002 lotus note to Dawn Dworsky attached draft Dazel Project Plan, of which she never replied with approval or edits. She replied several days later stating the training should be complete. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 24 | February 19, 2002 lotus note to Dawn Dworsky response to the HR and GIS Management/Dazel Training Project. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 25 | Lotus note dated Jan. 14-19, 2002 to Richard Lebovitz and John D. Butch, Division Managers for DCES and TMG requesting to work from home as a result of a hostile work environment. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 26 | Lotus note dated February 27-28, 2002 to Robin Hayes, Claims Representative with Risk Co. # 1M80499961 with regard to Plaintiff's doctor's recommendation to leave the toxic work environment. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 27 | Job posting dated November 28, 2001; Plaintiff applied for the position open through January 15, 2002 and author of dbase entry is Leanne K. Thomas. Received error trying to | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception |

| | | | |
|---|---|---|---|
| | submit application. | | under FRE 803(6). |
| PX 28 | Lotus note dated July 23, 2001 from Dawn Dworksy stating that Plaintiff did not have experience with server installation despite the fact that she had numerous installs in a test and live environment prior to this date. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 29 | Lotus note dated July 24-26, 2001 from Sonia Koplowicz stating that she could not find the requisition number or dbase posting for a position Plaintiff applied for. Additionally, she talks about Plaintiff's salary increase/adjustment. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 30 | Lotus note dated August 17-21 from Dawn Dworsky with regard to Plaintiff's return to work from LOA. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 31 | Lotus notes dated August 23, 2001 to Sonia Koplowicz with regard to transfer and/or new postings. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 32 | Lotus note dated September 11, 2001 from Dawn Dworsky to Simmie Osborn with regard to Plaintiff's | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming |

| | | | |
|---|---|---|---|
| | return to work on a restricted 30 hour week. | | *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 33 | Lotus note dated September 21, 2002 to Maureen Summers and Dawn Dworsky with regard to Plaintiff's opposition to the assignment of writing a Dazel Manual. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 34 | Lotus note dated September 26, 2001 from Maureen Summers stating that a meeting with Mike Suman and Dawn Dworsky would resolve Plaintiff's work-related issues. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 35 | Lotus note dated June 14, 2001 from Dawn Dworsky attacking Plaintiff about a project end – when the project for engineering install had not yet begun. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 36 | Lotus note dated June 15, 2001 to Dawn Dworsky to follow up meeting notes where Dawn discusses how she compared Plaintiff's salary (SALMAN) to those of her peers and stated that Plaintiff's salary is inequitable. | Relevance (FRE 402) and hearsay (FRE 802). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| PX 37 | Lotus note dated March 14, 2001 from Beth Musumeci hiring manager, noting a title | Relevance (FRE 402), authentication (FRE 901), hearsay (FRE 802), best evidence | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to |

33

|  |  | change from MTSA to Supervisor. Salary range S3 from 37,800 to 88,200. Plaintiff researched the current manager's salary and responsibilities and found that her offer was based on a 3% increase from Dawn Dworsky and a 5% offer from the hiring manager. | rule (FRE 1002); and incomplete. | FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
|---|---|---|---|---|
|  | PX 38 | A copy of a list prepared by Plaintiff of African-American employees who have been terminated. | Relevance (FRE 402), authentication (FRE 901); hearsay (FRE 802); not provided within the course of discovery (Fed. R. Civ. P. 37(c)(1)). | Relevant to Plaintiff's claim of discrimination. Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |