# SCHEDULE (c)(1)(4)

# EXHIBITS

## Schedule (c)(1)(4)

## Exhibits

4. The following exhibits were offered by Defendant, received in evidence and marked as indicated:

[State identification number and brief description of each exhibit.]

Plaintiff proffered an objection to every exhibit offered by Defendant other than Plaintiff's and Defendant's Joint Exhibits, and, accordingly, this schedule is blank.

# SCHEDULE (c)(1)(5)

# EXHIBITS

## Schedule (c)(1)(5)

### Exhibits

5.  The following exhibits were offered by Defendant and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

[State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed. R. Evid. relied upon. Also state briefly Defendant's response to the objection, with reference to the Fed. R. Evid. relied upon.]

In addition to the exhibits listed below, Defendant reserves the right to use as an exhibit any pleading or written discovery response. Defendant also reserves the right to use as an exhibit any or all of the exhibits designated by Plaintiff as exhibits (subject to the objections to be filed by Defendant). Defendant also reserves the right to use such exhibits as are necessary for purposes of rebuttal.

| Defendant's Exhibit Number | Description | Plaintiff's Basis for Objection | Defendant's Response to Objection |
|---|---|---|---|
| DX 1 | Plaintiff's application for employment to CSC | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| DX 2 | Plaintiff's certification of receipt for employee handbook | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| DX 3 | CSC Employee Handbook (1995 Edition) | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 4 | CSC Employee Handbook (Revised | Hearsay | Not hearsay pursuant to FRE |

36

| | January 1, 2002) | | 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
|---|---|---|---|
| DX 5 | Salary report for Plaintiff for 1998 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 6 | Salary report for Plaintiff for 1999 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 7 | Salary report for Plaintiff for 2001-02 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 8 | Job description for Member Technical Staff B | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 9 | Job description for Member Technical Staff A | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE |

37

| | | | |
|---|---|---|---|
| | | | 803(6). |
| DX 10 | Job description for Senior Member Technical Staff | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 11 | Performance appraisal for the period of April 1998 through March 1999. | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 12 | Overall Merit Guidelines | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| DX 13 | Ratings and Expectations for Field Engineering, Dazel | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 14 | "Star Dust Award" for which Plaintiff recommended MaryAnne Doll-Johnson | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |

38

| | | | |
|---|---|---|---|
| DX 15 | September 14, 2001 e-mail from MaryAnne Doll-Johnson to Maureen Summers concerning the fact that Plaintiff was isolating herself from the group and would not speak to her team members | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 16 | March 14, 2001 letter from Human Resources to Plaintiff regarding offer of reassignment to the chemical group for the position of leverage server administration supervisor. | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| DX 17 | March 20, 2001 letter from Human Resources to Plaintiff regarding offer of reassignment to the chemical group for the position of leverage server administration supervisor | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6). |
| DX 18 | August 21-23, 2001 e-mail chain between Sonia Koplowicz and Plaintiff regarding potential transfer | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 19 | November 26, 2001 notes to file by Dawn Dworsky concerning Plaintiff's request to transfer | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) |

39

| | | | |
|---|---|---|---|
| | | | and recorded recollection exception under FRE 803(5). |
| DX 20 | December 7, 2001 e-mail from Dahl Landers to Dawn Dworsky regarding position for which Plaintiff failed to interview | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 21 | January 7, 2002 notes to file by Dawn Dworsky concerning Plaintiff's request to transfer | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6) and recorded recollection exception under FRE 803(5). |
| DX 22 | June 7, 2002 "Engineering Progression Promotion" document regarding Randall Miller's promotion to SMTS | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 23 | Leave of Absence Without Pay Policy from the Computer Sciences Corporation Employee Handbook | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 24 | CSC Human Resources Management Policy 247 Regarding Leave of | Hearsay | Not hearsay pursuant to FRE 801; assuming |

| | | | |
|---|---|---|---|
| | Absence Without Pay | | *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 25 | Plaintiff's August 6, 2001 request for medical leave | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 26 | CSC policy entitled "Responsibilities While You Are On A Leave Of Absence: Medical Leave—FMLA Eligible" | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 27 | August 8, 2001 letter from Simmie Osborn (Hoeft) to Plaintiff regarding Plaintiff's rights under the Family and Medical Leave Act and explaining Plaintiff's responsibilities under Company's leave policy. | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 28 | October 30, 2001 physician's certification stating that Plaintiff was able to work reduced 30-hour per week work schedule and November 2, 2001 facsimile transmittal from Plaintiff to Simmie Osborn (Hoeft) | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 29 | December 12, 2001 e-mail from Simmie Osborn (Hoeft) regarding Plaintiff's duty to submit updated | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business |

41

|  | medical certifications |  | records exception to hearsay under FRE 803(6). |
|---|---|---|---|
| DX 30 | December 3, 2001 physician's certification indicating that Plaintiff could return to work on December 4, 2001 to a reduced work schedule and December 13, 2001 facsimile transmittal from Plaintiff to Simmie Osborn (Hoeft) | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 31 | January 2, 2002 physician's certification, providing that Plaintiff should be limited to a 30-hour workweek from December 31, 2002 through January 13, 2002 and can return to work fulltime on January 14, 2002 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 32 | January 4, 2002 e-mail correspondence between Simmie Osborn (Hoeft) and Plaintiff regarding Plaintiff's duty to submit an updated medical certification | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 33 | January 24-25, 2002 e-mail correspondence between Simmie Osborn (Hoeft) and Plaintiff regarding Plaintiff's duty to submit updated medical certification | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 34 | January 3, 2002 physician's certification, providing that Plaintiff should be limited to a 30-hour workweek from December 31, 2001 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to |

| | | | |
|---|---|---|---|
| | through January 31, 2002, and facsimile transmittal dated January 28, 2002 | | hearsay under FRE 803(6). |
| DX 35 | January 30, 2002 physician certification providing that Plaintiff should be limited to a 30-hour workweek from February 1, 2002 through February 28, 2002, and February 7, 2002 facsimile transmittal | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 36 | February 25, 2002 letter from Maureen Summers to Plaintiff regarding Plaintiff's obligations under the company's leave of absence policy | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 37 | Letter from Dr. Berman to Simmie Osborn (Hoeft) recommending short-term disability for Plaintiff and February 26, 2002 facsimile transmittal | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 38 | March 18, 2002 e-mail from Simmie Osborn (Hoeft) to Plaintiff regarding Plaintiff's obligations under the Company's leave of absence policy | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 39 | April 12, 2002 letter from Dr. Don Berman to Simmie Osborn (Hoeft) recommending that Plaintiff remain out of work until June 2002. | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE |

| | | | |
|---|---|---|---|
| | | | 803(6). |
| DX 40 | May 21, 2002 letter from Maureen Summers to Plaintiff regarding Plaintiff's duty to submit updated medical certifications | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 41 | May 22, 2002 letter from Dr. Berman to Maureen Summers recommending that Plaintiff remain out of work until July 2002 | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 42 | June 20, 2002 letter from Simmie Osborn (Hoeft) to Plaintiff regarding Plaintiff's duty to submit updated medical certifications and Federal Express shipping label | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 43 | June 14, 2002 certification from Dr. Scott Houser regarding Plaintiff's medical condition and June 21, 2002 facsimile transmittal sheet to Simmie Osborn (Hoeft) | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 44 | September 26, 2002 letter from Maureen Summers to Plaintiff regarding Plaintiff's voluntary separation from employment | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 45 | September 29, 2002 facsimile of medical certification from Dr. Scott Houser regarding | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, |

44

| | | | |
|---|---|---|---|
| | Plaintiff's medical condition | | subject to business records exception to hearsay under FRE 803(6). |
| DX 46 | Delaware Industrial Accident Board Statement of Facts Upon Failure to Reach an Agreement | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to public records exception to hearsay under FRE 803(6). |
| DX 47 | Plaintiff's W-2 form for 2003 | Hearsay; relevance | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to public records exception to hearsay under FRE 803(8). Relevant to Plaintiff's claim for damages. |
| DX 48 | Plaintiff's W-2 tax form for 2004 | Hearsay; relevance | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to public records exception to hearsay under FRE 803(8). Relevant to Plaintiff's claim for damages. |
| DX 49 | 2003 Unemployment Compensation Benefits Payments | Hearsay; relevance | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to public records exception to hearsay under FRE 803(8). Relevant to Plaintiff's claim for damages. |
| DX 50 | Office of Workers' Compensation Receipts for Compensation Paid | Hearsay; relevance | Not hearsay pursuant to FRE 801; assuming |

45

| | | | |
|---|---|---|---|
| | | | *arguendo* is hearsay, subject to public records exception to hearsay under FRE 803(8). Relevant to Plaintiff's claim for damages. |
| DX 51 | Employee history report for Plaintiff | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 52 | Employee history report for MaryAnne Doll-Johnson | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |
| DX 53 | Employee history report for Audrey Daigger | Hearsay | Not hearsay pursuant to FRE 801; assuming *arguendo* is hearsay, subject to business records exception to hearsay under FRE 803(6). |