# SCHEDULE (I)(iii)

# JOINT PROPOSED JURY INSTRUCTIONS

# PART 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DIANE POLAND,                               )
                                            )
      Plaintiff,                       )
                                            )
          v.                         )          C.A. No. 04-217 (GMS)
                                            )
COMPUTER SCIENCES CORP.,                    )
                                            )
      Defendant.                       )
_____)


## JOINT[1] PROPOSED JURY INSTRUCTIONS

---

[1] The parties agree to all proposed jury instructions, save one, number 39.  Therefore, both plaintiff and defendant have submitted a proposed instruction number 39.

## TABLE OF CONTENTS

1.   JOINT PROPOSED PRELIMINARY INSTRUCTIONS............................................................1

2.   JOINT PROPOSED INSTRUCTION: GENERAL INTRODUCTION ......................................12

3.   JOINT PROPOSED INSTRUCTION:  PROVINCE OF THE COURT AND JURY ................13

4.   JOINT PROPOSED INSTRUCTION: ALL PERSONS EQUAL BEFORE THE LAW –
INDIVIDUALS AND CORPORATIONS ..............................................................................14

5.   JOINT PROPOSED INSTRUCTION:  OBJECTIONS BY COUNSEL ......................................15

6.   JOINT PROPOSED INSTRUCTION:  PREPONDERANCE OF The evidence............................16

7.   JOINT PROPOSED INSTRUCTION: EVIDENCE IN EQUIPOISE ......................................17

8.   JOINT PROPOSED INSTRUCTION: EVIDENCE DEFINED ................................................18

9.   JOINT PROPOSED INSTRUCTION: CONSIDERATION OF EVIDENCE..........................20

10.  JOINT PROPOSED INSTRUCTION: DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................21

11.  JOINT PROPOSED INSTRUCTION: USE OF DEPOSITION EXCERPTS ............................22

12.  JOINT PROPOSED INSTRUCTION: DISCREPANCIES IN TESTIMONY ........................23

13.  JOINT PROPOSED INSTRUCTION: CONFLICTS IN EVIDENCE ....................................25

14.  JOINT PROPOSED INSTRUCTION: IMPEACHMENT – INCONSISTENT
STATEMENTS OR CONDUCT ...........................................................................................26

15.  JOINT PROPOSED INSTRUCTION: AT-WILL EMPLOYMENT.......................................27

16.  JOINT PROPOSED INSTRUCTION: NATURE OF THE ACTION -
DISCRIMINATION AND RETALIATION..........................................................................28

17.  JOINT PROPOSED INSTRUCTION: TITLE VII - LAW PROHIBITING
DISCRIMINATION...............................................................................................................29

18.  JOINT PROPOSED INSTRUCTION: SECTION 1981 - RACE DISCRIMINATION .............................31

19.  JOINT PROPOSED INSTRUCTION: TITLE VII AND SECTION 1981 CLAIMS:
SAME BURDEN OF PROOF................................................................................................32

20.  JOINT PROPOSED INSTRUCTION: STRAY REMARKS / ISOLATED COMMENTS........................33

21.  JOINT PROPOSED INSTRUCTION: ELEMENTS OF RACE DISCRIMINATION -
PROMOTION ........................................................................................................................34

22.  JOINT PROPOSED INSTRUCTION: PLAINTIFF'S BURDEN OF PROOF IN A
RACE DISCRIMINATION CLAIM .....................................................................................36

23.  JOINT PROPOSED INSTRUCTION: RETALIATION - ESSENTIAL ELEMENTS ..............................37

24. JOINT PROPOSED INSTRUCTION: RETALIATION - ADVERSE EMPLOYMENT ACTION DEFINED ................................................................................................39

25. JOINT PROPOSED INSTRUCTION: LIMITATIONS ON FINDING AN ADVERSE EMPLOYMENT ACTION ..............................................................................................40

26. JOINT PROPOSED INSTRUCTION: RETALIATION - CAUSAL CONNECTION BETWEEN PROTECTED ACTIVITY AND ALLEGED ADVERSE ACTION ................................42

27. JOINT PROPOSED INSTRUCTION: DISCRIMINATION AND RETALIATION – LEGITIMATE, NON-DISCRIMINATORY, NON-RETALIATORY REASON ................................43

28. JOINT PROPOSED INSTRUCTION: BUSINESS JUDGMENT – ANY REASON THAT IS NOT DISCRIMINATORY OR RETALIATORY ......................................................44

29. JOINT PROPOSED INSTRUCTION: PROMOTION OF BETTER QUALIFIED CANDIDATE ................................................................................................................45

30. JOINT PROPOSED INSTRUCTION: PRETEXT ................................................................46

31. JOINT PROPOSED INSTRUCTION: SAME DECISION ................................................47

32. JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT - DEFINED ................................48

33. JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT – ESSENTIAL ELEMENTS ................49

34. JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT - EQUAL SKILL ................................50

35. JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT – FACTOR OTHER THAN SEX ............................................................................................................................51

36. JOINT PROPOSED INSTRUCTION: COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL ELEMENTS ................................................................................52

37. JOINT PROPOSED INSTRUCTION: PROXIMATE CAUSE ................................................54

38. JOINT PROPOSED INSTRUCTION: EFFECT OF INSTRUCTION AS TO DAMAGES ................55

39. JOINT PROPOSED INSTRUCTION: DAMAGES ................................................................56

40. JOINT PROPOSED INSTRUCTION: MITIGATION OF DAMAGES ......................................61

41. JOINT PROPOSED INSTRUCTION: COMPENSATORY DAMAGES UNDER TITLE VII AND SECTION 1981 ................................................................................................63

42. JOINT PROPOSED INSTRUCTION: EMOTIONAL DISTRESS DAMAGES OFFSET BY WORKERS' COMPENSATION CLAIM ................................................................................66

43. JOINT PROPOSED INSTRUCTION: PUNITIVE DAMAGES UNDER TITLE VII AND SECTION 1981 ................................................................................................67

44. JOINT PROPOSED INSTRUCTION: DAMAGES – EQUAL PAY ACT ................................69

45. JOINT PROPOSED INSTRUCTION: DAMAGES – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ................................................................70

46. JOINT PROPOSED INSTRUCTION: NOMINAL DAMAGES ........................................................ 72

47. JOINT PROPOSED INSTRUCTION: UNANIMOUS VERDICT ...................................................... 73

48. JOINT PROPOSED INSTRUCTION: DUTY TO DELIBERATE ...................................................... 74

49. JOINT PROPOSED INSTRUCTION: ADMONITION REGARDING SYMPATHY ............................ 75

50. JOINT PROPOSED INSTRUCTION: SPECIAL VERDICT FORM .................................................. 76

51. JOINT PROPOSED INSTRUCTION: CURATIVE INSTRUCTION ................................................. 77

52. JOINT PROPOSED INSTRUCTION: COURT HAS NO OPINION ................................................. 78

## 1.    JOINT PROPOSED PRELIMINARY INSTRUCTIONS

**INTRODUCTION**

Members of the jury:  Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiff, Diane Poland, and the defendant, Computer Sciences Corporation, also referred to as "CSC."

In this case, the plaintiff, Ms. Poland, alleges that CSC discriminated against her on the basis of race when it did not promote her in the Summer of 2002, and promoted her Caucasian coworker, Randall Miller.  CSC contends that the decision to promote Mr. Miller had nothing to do with his race, and that Mr. Miller was more qualified and had spent significantly more time at the lower level position than had Ms. Poland. Additionally, CSC contends that Ms. Poland was not considered for a promotion in the Summer of 2002 because she was on an extended medical leave of absence at the time of the promotion, had been absent from work for months, and never returned to work at CSC.

Ms. Poland also alleges that CSC retaliated against her because she filed a charge of discrimination against CSC.  She claims that CSC retaliated by terminating her employment more than one year after she filed a charge of discrimination.  CSC contends that Ms. Poland's termination had nothing to do with her filing of a charge of

discrimination, and that Ms. Poland was terminated because she repeatedly violated CSC policy by failing to submit medical certifications from her doctor.

Ms. Poland also contends that CSC discriminated against her on the basis of gender by paying Mr. Miller, a male employee, more than her.  CSC contends that gender played no role in the setting of salaries and that a woman was the highest paid employee in Ms. Poland's group.  Additionally, CSC contends that any difference between Ms. Poland's salary and the salary of Mr. Miller was based solely on legitimate business reasons other than sex, including Mr. Miller's qualifications, experience and length of service with CSC.

Ms. Poland also contends that CSC breached the implied covenant of good faith and fair dealing based upon her claims of discrimination and retaliation.  The implied covenant of good faith and fair dealing is an unwritten duty existing in certain employment contracts that requires the employer to act in good faith and fair dealing. This duty is violated when an employee is discharged as a result of ill will, with an intent to cause harm, and by means of deceit, fraud, or misrepresentation.  CSC maintains that it did not breach the implied covenant of good faith and fair dealing because it never harbored ill will towards Ms. Poland, never intended to cause Ms. Poland any harm, and never committed acts of deceit, fraud or misrepresentation.  Further, CSC contends that Ms. Poland's claim for the breach of implied covenant of good faith and fair dealing is based upon the exact same set of facts as her claims for discrimination and retaliation, and fails for the same reasons that the discrimination and retaliation claims fail.  In particular, CSC contends that it terminated Ms. Poland because she repeatedly violated CSC policy by failing to submit medical certifications from her doctor.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Ms. Poland for any injuries you believe she sustained as a result of any unlawful conduct committed by CSC.

**DUTIES OF THE JURY**

So, let me begin with the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

4

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.   Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.   Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make her case:

To prevail on her claim of discriminatory failure to promote, Ms. Poland must prove that CSC intentionally discriminated against Ms. Poland on the basis of her race by denying her a promotion because of her race.

To prevail on her claim of retaliation, Ms. Poland must prove that CSC intentionally retaliated against her by terminating her employment because she filed a charge of discrimination against CSC.

6

To prevail on her Equal Pay Act claim, Ms. Poland must prove that, because of her gender, she received a lower wage than a male employee or employees who performed equal work in a job requiring substantially equal skill, effort and responsibility, and which was performed under similar working conditions to Ms. Poland's job. If there was any reason other than sex for the wage differential, you must find for CSC.

To prevail on her claim for the breach of the implied covenant of good faith and fair dealing, Ms. Poland must prove that CSC harbored ill will toward Ms. Poland, that CSC intended to cause harm to Ms. Poland , that CSC committed acts of deceit, fraud or misrepresentation, and that such acts caused Ms. Poland to be discharged from her employment.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on her side. If the plaintiff fails to meet this burden, the verdict must be for the defendant. The plaintiff must also prove her damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own

8

individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

10

This case is expected to take 4 days to try.  We will normally begin the day at 9:00 A.M. promptly.  We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M.  There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M.  The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  On that day, the proceedings might last beyond 5:00 p.m.  We will post a copy of this schedule for the your convenience in the jury deliberation room.

## 2.   **JOINT PROPOSED INSTRUCTION: GENERAL INTRODUCTION**

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.01 (5th ed. 2001). |
|---|---|

**3.    JOINT PROPOSED INSTRUCTION:  PROVINCE OF THE COURT AND JURY**

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

13

4.   **JOINT PROPOSED INSTRUCTION: ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS AND CORPORATIONS**

The case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

As you know, CSC is a corporation. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, large or small, stand equal before the law, and are to be treated as equals in a court of justice. Therefore, you may not judge a corporation more harshly, or treat a corporation differently, than you would any other single individual.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 103.11 & 103.12 (5th ed. 2001). |
|---|---|

**5.    JOINT PROPOSED INSTRUCTION:  OBJECTIONS BY COUNSEL**

During the course of this trial, I have been called upon to rule on objections, which have been made by counsel, concerning certain proposed testimony and exhibits. Whether any such proposed evidence is admissible or inadmissible is purely a question of law for the Court.  If I have sustained an objection to any offer of evidence, you should not, of course, give any consideration to that proposed evidence or speculate on what the evidence might have been.

Likewise, if I have ordered any evidence stricken or any exhibit stricken, you must erase and remove the effect of that evidence from your mind.  On the other hand, in admitting evidence, I do not pass upon its accuracy; value or weight of the admitted evidence, and the impact which it has upon the issues in this case, these are to be determined solely by you.  Thus, in admitting evidence, I have not, and you should not consider that I have, rendered any opinion or conclusion regarding those matters.

15

6.    **JOINT PROPOSED INSTRUCTION:  PREPONDERANCE OF THE**

**EVIDENCE**

Ms. Poland, has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence.  If Ms. Poland should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for CSC as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2001). |
|---|---|

## 7.    **JOINT PROPOSED INSTRUCTION: EVIDENCE IN EQUIPOISE**

Since the Plaintiff, in order to recover, must prove his case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be right under the Defendant's version as under the Plaintiff's version, then you must conclude that the Plaintiff has failed to sustain her burden of proof and your decision must be resolved in favor of the Defendant.

### 8.    JOINT PROPOSED INSTRUCTION: EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations to which the parties agreed, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the Jury must disregard the question entirely and may draw no inference from the wording of it or speculate about what the witness would have said if permitted to answer any question. During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes, I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must

completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence and you are bound by your oath not to let them influence your decision in any way.

On the other hand, in admitting evidence, I do not pass upon its accuracy, value or weight of the admitted evidence, or the impact that it has upon the issues in this case. These factors are to be determined solely by you.  Thus, in admitting evidence, I have not rendered any opinion or conclusion regarding those matters, and you should not consider that I have.  Make your decision based only on the evidence, as I have defined it here, and nothing else.

9.    **JOINT PROPOSED INSTRUCTION: CONSIDERATION OF EVIDENCE**

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel justified in light of common experience.

In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that the testimony and other evidence in the case has established.

10.    **JOINT PROPOSED INSTRUCTION: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed first-hand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to either one. Nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

21

11.    **JOINT PROPOSED INSTRUCTION: USE OF DEPOSITION EXCERPTS**

During the course of the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand many be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way that you would have done if the witness had been here and testified from the witness stand in the courtroom.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.02 (5th ed. 2001). |
| --- | --- |

**12.    JOINT PROPOSED INSTRUCTION: DISCREPANCIES IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by the evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

23

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.01 (5th ed. 2001). |
|---|---|

### 13.    JOINT PROPOSED INSTRUCTION: CONFLICTS IN EVIDENCE

If you find the evidence in this case to be in conflict, you should try to reconcile it to make one harmonious and understandable story of it all, but if you cannot reconcile the differences, then it becomes your duty to estimate the weight and the value of the evidence of the respective sides and give credence to that side upon which you find the greater weight and the most credit.  In estimating that weight and giving credit, you may consider each witness' means of knowledge, the facts about which the witness testified, the witness' intelligence, the witness' apparent truthfulness and fairness, and all other facts and circumstances indicating whether the witness is reliable.

14.    **JOINT PROPOSED INSTRUCTION: IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.04 (5th ed. 2001). |
|---|---|

26

### 15.    <u>JOINT PROPOSED INSTRUCTION: AT-WILL EMPLOYMENT</u>

At all times, the employment relationship between Ms. Poland and CSC was an "at will" employment relationship.  That means that Ms. Poland's employment was of no set duration, and either she or CSC was free to end their employment relationship at any time, with or without notice, and with or without cause, as long as the reason was not based on unlawful discrimination or retaliation.

That Ms. Poland disagreed with CSC's employment decisions does not mean that she was discriminated or retaliated against.

| Authorities | *See Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 101-103 (Del. 1992) ("[A]n employer has wide latitude in deciding how it conducts its business including employment undertakings….Employers have the "freedom to terminate an at-will employment contract for [their] own legitimate business, or even highly subjective, reasons"); *E.I. du Pont de Nemours & Co. v. Pressman,* 679 A.2d 436, 437 (Del. 1996) (Employment-at-will doctrine "generally permits the dismissal of employees without cause and regardless of motive."). |

## 16.   JOINT PROPOSED INSTRUCTION: NATURE OF THE ACTION - DISCRIMINATION AND RETALIATION

In this case, Ms. Poland claims that CSC intentionally discriminated against her because of her race by promoting a coworker and not promoting her.  Ms. Poland also claims that CSC retaliated against her for filing a charge of discrimination against CSC by discharging her from her position more than a year after she filed the charge.

CSC denies Ms. Poland's charges, and maintains that all employment decisions affecting Ms. Poland were made for legitimate, non-discriminatory and non-retaliatory reasons.  Moreover, CSC maintains that Ms. Poland's employment ended because she repeatedly failed to follow company policy.

It is your responsibility to decide whether Ms. Poland has proven her claims of intentional discrimination and retaliation by a preponderance of the evidence.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.01 (5th ed. 2001). *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). |
| --- | --- |

28

**17.   JOINT PROPOSED INSTRUCTION: TITLE VII - LAW PROHIBITING DISCRIMINATION**

Ms. Poland has brought a claim under Title VII of the Civil Rights Act.  Under Title VII, "It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination.  Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee.  An employer has the right to make business decisions, including selection decisions such as those at issue in the case, for good, bad, or no reason at all, as long as they don't constitute discrimination.  The law does not expose an employer to liability merely because the employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised.  It is not your function in this case to second-guess the wisdom of any employment action which affected Ms. Poland.  Thus, even if you personally disagree with the actions that were taken or believe that they

were harsh or unreasonable, if you find that discrimination was not a motivating factor

for the actions, then you must return a verdict in CSC's favor.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:105 (2005). |
|---|---|

18.    **JOINT PROPOSED INSTRUCTION: SECTION 1981 - RACE DISCRIMINATION**

Ms. Poland has also brought a claim for recovery under Section 1981. This claim is based on a federal statute which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

To recover on her claim against CSC, Ms. Poland must prove the following elements by a preponderance of the evidence: (1) CSC intentionally discriminated against Ms. Poland; and (2) As a direct result of such discrimination, Ms. Poland sustained damages.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:600 (2005). |
|---|---|

31

19.     **JOINT PROPOSED INSTRUCTION: TITLE VII AND SECTION 1981**
        **CLAIMS: SAME BURDEN OF PROOF**

Ms. Poland has brought her discrimination and retaliation claims under two different statutes, Title VII and Section 1981. Even though these statutes are different, the burdens of proof for discrimination claims and retaliation claims are the same under both Title VII and Section 1981. Accordingly, the instructions I will provide are applicable to Ms. Poland's claims brought under both Title VII and Section 1981.

| Authorities | *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 388 n.14 (3d Cir. 1999) (holding that where the plaintiff's Section 1981 suit failed, her "Title VII suit would also fail because it is subject to the same shifting burdens test that her section 1981 suit failed to fulfill"); *Roebuck v. Drexel University*, 852 F.2d 715, 726 (3d Cir. 1988) ("The proof required for a plaintiff to prevail under § 1981 is identical to that required in a Title VII case.") (citing *Lewis v. University of Pittsburgh,* 725 F.2d 910, 914-16 (3d Cir. 1983)). |
|---|---|

20.    **JOINT PROPOSED INSTRUCTION: STRAY REMARKS / ISOLATED COMMENTS**

Generally, isolated, inappropriate remarks or comments made by a decision-maker but unrelated to the decision-making process are insufficient evidence of discrimination or retaliation.    Accordingly, any evidence of isolated, inappropriate remarks or comments made by a CSC decision-maker should not be given great weight in determining whether CSC discriminated and/or retaliated against Ms. Poland.

| Authorities | *See Johnson v. Gober*, 2003 WL 22967266, at *459-60 (3d Cir. Dec 18, 2003) (isolated inappropriate remark made by a decision maker, unrelated to the decision making process, was not sufficient evidence to establish the employer's proffered reason for failing to promote plaintiff was a mere pretext for discrimination) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 227 (1989) (O'Connor, J., concurring); *Fuentes v. Perskie*, 32 F.3d 759, 766 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight."); *Johnson v. E.I. DuPont de Nemours & Co.*, 60 F. Supp.2d 289 (D.Del. 1999)(same), *aff'd*, 208 F.3d 206 (3d. Cir. 2000). |
|---|---|

**21.    JOINT PROPOSED INSTRUCTION: ELEMENTS OF RACE
DISCRIMINATION - PROMOTION**

Ms. Poland claims that CSC failed to promote her because of intentional discrimination based on her race. In order for Ms. Poland to prevail on this claim she must prove, by a preponderance of the evidence, all of the following:

1.    That she belongs to a protected class;

2.    That she applied for and was qualified for the promotion;

3.    That despite her qualification she was rejected; and

4.    That CSC ultimately filled the position with someone outside her protected class or continued to seek applicants from among those having plaintiff's qualifications.

If Ms. Poland fails to prove these four elements by a preponderance of the evidence, you are instructed not to find for her on her discrimination claim. If you determine that Ms. Poland has proved all of these elements by a preponderance of the evidence, but also find that CSC has stated a legitimate, non-discriminatory reason or reasons for not promoting Ms. Poland, then you must find for CSC unless you believe that CSC's reason is only a pretext or excuse for discrimination. The mere fact that Ms. Poland is African American and was not promoted is not sufficient, in and of itself, to establish her claim under the law.

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions were not made because of a factor that the law makes illegal, such as discrimination. It is not your function to second guess the decision CSC made in this case, but solely to determine

whether, in making that decision, CSC broke the law by discriminating against Ms. Poland on the basis of her race. Thus, even if you personally disagree with the decision not to promote Ms. Poland, or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not CSC discriminated against Ms. Poland.

| Authorities | Adapted from Namara & Southerland, Federal Employment Jury Instructions, §§ 3:200 & 3:361 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 171.75 & 171.77. *See Barber v. CSX Distribution Services*, 68 F.3d 694, 698 (3d Cir. 1995) (quoting *Fowle v. C & C Cola*, 868 F.2d 59, 61 (3d Cir. 1989); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |
|---|---|

22.   **JOINT PROPOSED INSTRUCTION: PLAINTIFF'S BURDEN OF PROOF IN A RACE DISCRIMINATION CLAIM**

In order to prove that Defendant discriminated on the basis of race, Plaintiff must prove by a preponderance of the evidence that she suffered an adverse employment action because of her race. Plaintiff must prove by a preponderance of the evidence that her race was a determinative factor in any employment decision Defendant made which negatively affected Plaintiff's compensation, terms, conditions or privileges of employment.

Race is a determinative factor if, but for Plaintiff's race, Defendant would not have made the decision which negatively impacted Plaintiff's compensation, terms, conditions or privileges of employment.

23.  **JOINT PROPOSED INSTRUCTION: RETALIATION - ESSENTIAL ELEMENTS**

Ms. Poland claims that CSC retaliated against her because she filed a charge of discrimination against CSC.

In order to prevail on this claim, Ms. Poland must show all of the following:

1.  That she engaged in statutorily protected conduct, that is, she complained of discrimination;

2.  That she was subjected to an adverse employment action at the time, or after, the statutorily protected conduct took place; and

3.  That CSC took an adverse employment action against Diane Poland because of her protected conduct.

If Ms. Poland fails to prove these three elements by a preponderance of the evidence, you are instructed not to find for her on her retaliation claim. If you determine that Ms. Poland has satisfied all of these elements by a preponderance of the evidence, but also find that CSC has stated a non-retaliatory reason or reasons for discharging Ms. Poland, then you must find for CSC unless you believe that CSC's reason is only a pretext or excuse for discrimination. The mere fact that Ms. Poland filed a charge of discrimination is not sufficient, in and of itself, to establish her claim under the law.

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions were not made because of a factor that the law makes illegal, such as retaliation. It is not your function to second guess the decision CSC made in this case, but solely to determine whether, in making that decision, CSC broke the law by retaliating against Ms. Poland

37

for her protected conduct. Thus, even if you personally disagree with that decision or think it harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not CSC retaliated against Ms. Poland.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3:361 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 171.25 & 171.77 (2001). *See also Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1299 (3d Cir. 1997) (stating that in order to prove unlawful retaliation, Plaintiff must show "(i) that she was engaged in a protected activity; (ii) that she suffered an adverse employment decision; and (iii) that there was a causal connection between the protected activity and the adverse employment decision") (quoting *Nelson v. Upsala College*, 51 F.3d 194, 201 (3d. Cir. 1995)); *Charlton v. Paramus Bd. of Ed.*, 25 F.3d 194, 201 (3d Cir. 1994); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |
|---|---|

## 24.  JOINT PROPOSED INSTRUCTION: RETALIATION - ADVERSE EMPLOYMENT ACTION DEFINED

Generally, a discharge, demotion, salary decrease, undesirable reassignment or termination constitutes an adverse employment action.  However, retaliatory conduct may consist of action "less severe than outright discharge."

An adverse employment action is an action that, standing alone, actually causes damage, tangible or intangible, to an employee.  The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action.

| | |
|---|---|
| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3-340 and 3:372 (2005).  *See LaFate v. Chase Manhattan Bank*, 123 F. Supp.2d 773, 778 (D.Del. 2000) ("Retaliatory conduct constitutes 'adverse employment action' under Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affect[s] his [or her] status as an employee.  Consequently, 'not everything that makes an employee unhappy' qualifies as retaliation, for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a [retaliation claim].'") (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997)). |