# SCHEDULE (I)(iii)

# JOINT PROPOSED JURY INSTRUCTIONS

# PART 2

25.    **JOINT PROPOSED INSTRUCTION: LIMITATIONS ON FINDING AN ADVERSE EMPLOYMENT ACTION**

Ms. Poland claims that her co-workers isolated her, that she was subject to unfair scrutiny and criticism of her work, that she was held to higher standards for performance and requirements for advancement, and that she was unfairly removed from certain work projects and assigned to other work projects she did not like.  CSC denies all such allegations and maintains that Ms. Poland has failed to present any evidence to support such claims.  CSC further maintains that Ms. Poland isolated herself, stopped talking to members of the group, ignored social invitations from the group, and was never unfairly criticized or assigned work inappropriately.

Even if you believe Ms. Poland, however, none of her allegations can be considered adverse employment actions.  Thus, you are instructed not to consider these allegations when evaluating Ms. Poland's retaliation claim.

| Authorities | *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)("conduct must be extreme and amount to change in the terms and conditions of employment.");    *Cardenas v. Massey,* 269 F.3d 251, 267, n.10 (3d. 2001) (defining a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) ("isolation and lack of respect from fellow managers and co-workers did not amount to adverse employment action") ("unsubstantiated oral reprimands" and "unnecessary derogatory comments" following discrimination complaint "do not rise to the level of the 'adverse employment action' required for a retaliation claim.").; *Munday v. Waste Management, Inc.*, 126 F.3d 239, 243 (4th Cir. 1997) (the concept of an "adverse employment action" does not "encompass a situation where the employer has instructed employees to ignore and spy on an employee who engaged in a protected activity"); *Manning v. Metropolital Life Ins. Co.*, 127 F.3d 686, 693 (8th Cir. 1997) (holding that evidence of "disrespect and ostracization by … supervisors" did not establish adverse employment action); *Strother v. Southern Cal. Permanente* |

*Medical Group*, 79 F.3d 859 (9th Cir. 1996) ("[M]ere ostracism in the workplace is not enough to show an adverse employment decision."); *c.f. LaFate v. Chase Manhattan Bank*, 123 F. Supp.2d 773, 778 (D.Del. 2000) ("Retaliatory conduct constitutes 'adverse employment action' under Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affect[s] his [or her] status as an employee.  Consequently, 'not everything that makes an employee unhappy' qualifies as retaliation, for [o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a [retaliation claim].'") (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997)).

**26.    JOINT PROPOSED INSTRUCTION: RETALIATION - CAUSAL
CONNECTION BETWEEN PROTECTED ACTIVITY AND ALLEGED
ADVERSE ACTION**

In order to prevail on her retaliation claim, Ms. Poland must show that an adverse
action was taken against her because of her protected activity.

In order to establish that a causal connection exists between engaging in protected
activity and an adverse employment action, Ms. Poland must produce evidence of
circumstances that justify an inference of retaliatory motive, such as that the adverse
actions occurred proximate in time to the protected activity and that the person(s) who
made the adverse employment decisions knew about the protected activity.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3-351 (2005); *See, e.g., Wagner v. Berwick Industries*, 2004 WL 2931049 (3d Cir. Dec 29, 2004) (holding that a four month lag between the plaintiff's protected activity and the adverse employment action was too long to establish causal connection); *Goosby v. Johnson & Johnson Med. Inc.*, 288 F.3d 313, 323 (3d Cir. 2000) (holding that a twelve month lag between the plaintiff's protected activity and the adverse employment action was too long to establish causal connection); *c.f., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding, in a retaliation case under Title VII, that reliance on temporal proximity must be "very close" to show causation and citing cases where the passage of several months disallowed finding of causation) (citations omitted). |

27.    **JOINT PROPOSED INSTRUCTION: DISCRIMINATION AND RETALIATION – LEGITIMATE, NON-DISCRIMINATORY, NON-RETALIATORY REASON**

If you determine that Ms. Poland has satisfied all the elements of her discrimination claim and/or all of the elements of her retaliation claim, you must then consider any legitimate, non-discriminatory and non-retaliatory reasons or explanations stated by CSC for its decisions.  If you determine that CSC has stated such a reason or reasons, then you must decide in favor of CSC, unless Ms. Poland proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for CSC's discriminating against Ms. Poland because of her race or retaliating against Ms. Poland because of her protected activity.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.52 (5th ed. 2001).  *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). |
| --- | --- |

**28.**  **JOINT PROPOSED INSTRUCTION: BUSINESS JUDGMENT – ANY**
**REASON THAT IS NOT DISCRIMINATORY OR RETALIATORY**

Title VII and Section 1981 were not intended to be vehicles for judicial second-guessing of business decisions; nor were they intended to transform the courts into personnel managers. An employer is entitled to make its own policy and business judgment, and may therefore, take an adverse employment action against an employee -- even an outstanding employee -- for reasons that the employer considers to be in its best interests. An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can take an adverse employment action against an employee for any reason that is not discriminatory or retaliatory. Therefore, you should not find that an adverse employment action decision is unlawful just because you may disagree with CSC's stated reasons, or because you believe that the decision was harsh or unreasonable.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 1:1130 (2005). *See, e.g., Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991) ("Barring discrimination, a company has the right to make business judgments on employee status, particularly when the decision involves subjective factors deemed essential to certain position."); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) ("[W]e do not sit as a super-personnel department that reexamines an entity's business decisions."); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent."). |
|---|---|

**29.    JOINT PROPOSED INSTRUCTION: PROMOTION OF BETTER QUALIFIED CANDIDATE**

The promotion of a better qualified candidate is a legitimate and non-discriminatory business reason for preferring the successful applicant over the rejected employee. If you conclude that CSC promoted Randall Miller instead of Ms. Poland because Randall Miller had more UNIX experience than Ms. Poland and had been in the MTSA position longer than Ms. Poland, and not because of any racial discrimination, you must find for CSC on Ms. Poland's discrimination claim.

| Authorities | *See, e.g., Berry v. Jacobs IMC*, 2004 WL 1179270, at *409 (3d Cir. May 27, 2004) (employer provided nondiscriminatory reasons for promotion, including the other candidates "excellent credentials and experience" and the employer's business judgment that plaintiff was not qualified for the position); *Lewis v. State of Del. Dept. of Public Instruction*, 948 F. Supp. 352, 361 (D. Del 1996) (non-discriminatory reason includes conclusion that the other candidate "was more qualified than plaintiff and plaintiff was not a 'team player'"); *Ferguson v. E.I. DuPont de Nemours and Co.*, 560 F. Supp. 1172, 1193 n.48 (D. Del 1983) ("The reasons primarily focused upon the superior qualifications of the individual—a recognized legitimate reason.") (citations omitted; *Scaria v. Rubin*, 117 F.3d 652 (2d Cir. 1997) (no violation of Title VII because the successful applicant for the promotion had superior knowledge of relevant procedures and areas of expertise required for the new position). |
|---|---|

## 30.   **JOINT PROPOSED INSTRUCTION: PRETEXT**

Ms. Poland claims that CSC's articulated reasons for why she was not promoted are a pretext for discrimination.  Ms. Poland also claims that CSC's articulated reasons for why she was discharged from employment are a pretext for retaliation.  When you consider Ms. Poland's evidence of pretext, if any, remember that the relevant question is whether CSC's reason was not the real reason for CSC's actions.

Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in a defendant's articulated reason for its actions that a reasonable person could find these reasons unworthy of belief, and hence infer that a defendant did not act for the articulated non-discriminatory or non-retaliatory reasons.

You are not to consider whether CSC's reason showed poor or erroneous judgment.  You are not to consider CSC's wisdom.  However, you may consider whether CSC's reasons are merely a cover-up for discrimination or retaliation.

You may consider whether CSC's reasons are consistent with CSC's own policies and rules and whether CSC has applied these policies and rules uniformly.  You should also carefully evaluate any subjective reasons CSC has asserted for its actions.

Ms. Poland must prove by a preponderance of the evidence that CSC took action against Ms. Poland because of her race or her protected conduct.  If you do not believe CSC's explanations you may, but are not required to, infer that CSC's true reasons for its actions were discriminatory or retaliatory.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3-371 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.22 (5th ed. 2001). |
|---|---|

### 31.   <u>JOINT PROPOSED INSTRUCTION: SAME DECISION</u>

Ms. Poland claims that CSC discriminated against her on the basis of her race and retaliated against her because of her protected conduct.  CSC maintains that CSC's decisions were based on lawful, legitimate reasons.  Given the evidence presented, it may be possible for you to conclude that Ms. Poland's race was one of several factors that motivated CSC not to promote Ms. Poland or that Ms. Poland's protected conduct was one of several factors that motivated CSC to discharge Ms. Poland.

If you determine that Ms. Poland's race was a motivating factor in CSC's decision not to promote Ms. Poland or that retaliation was a motivating factor in CSC's decision to discharge Ms. Poland, then you must find for Ms. Poland unless you determine that CSC proved by a preponderance of the evidence that it would have reached the same decisions regardless of Ms. Poland's race or protected conduct.  If you determine that CSC would not have promoted Ms. Poland regardless of her race, you must find for CSC on the discrimination claim.  If you determine that CSC would have discharged Ms. Poland regardless of her protected conduct, you must find for CSC on the retaliation claim.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.51 (5th ed. 2001). |
| --- | --- |

32.    **JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT - DEFINED**

The Equal Pay Act provides that it is unlawful for an employer to discriminate between employees on the basis of sex by paying different wages for equal work on jobs requiring substantially equal skill, effort and responsibility, and which are performed under similar working conditions.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:2000 & 1:2010 (2005). |
|---|---|

**33.    JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT – ESSENTIAL
ELEMENTS**

In order for Ms. Poland to prevail on her claim against CSC for violation of the

Equal Pay Act, Ms. Poland must prove that CSC discriminated against her on the basis of

sex by proving all of the following elements by a preponderance of the evidence:

1.    That CSC has employed Ms. Poland and a member or members of the

opposite sex in jobs requiring substantially equal skill, effort and

responsibility;

2:    That the two jobs are performed under similar working conditions; and

3.    That Ms. Poland was paid a lower wage than a member of the opposite sex

doing equal work.

Even if you conclude that Ms. Poland has proven each of these elements, your

verdict must be for CSC if you find that such payment was made in accordance with a

seniority system or a merit system that is not based on an employee's sex, or a system

which measures earnings by quantity or quality of production, or a differential based

upon any factor other than sex.

CSC contends that the differential in pay between the Ms. Poland and Mr. Miller

was the result of Mr. Miller's greater experience, longevity at the position, skill and

responsibility of Mr. Miller.  If you find that this has been proven by the preponderance

of the evidence, then your verdict will be for CSC.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:2020 & 1:2120 (2005). |
|---|---|

**34.**   **JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT - EQUAL SKILL**

In order for Ms. Poland to prevail on her Equal Pay Act claim, Ms. Poland must prove by the preponderance of the evidence that Ms. Poland and Mr. Miller performed equal work on jobs the performance of which required substantially equal skill. CSC maintains that Mr. Miller was paid more than Ms. Poland because, among other things, Mr. Miller's work was superior to Ms. Poland's work and Mr. Miller showed greater skill in the performance of his job than did Ms. Poland. In considering whether the two jobs require equal "skill," you should consider such factors as experience, training, education and ability. These factors should be measured in terms of the performance requirements of the job.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 174.31 (5th ed. 2001); *see* 29 U.S.C. § 206(d). |

### 35.   JOINT PROPOSED INSTRUCTION: EQUAL PAY ACT – FACTOR OTHER THAN SEX

CSC claims that any difference in pay between Ms. Poland and Mr. Miller is justified by the fact that Mr. Miller had more UNIX experience than Ms. Poland and had been in the MTSA position for longer than Ms. Poland,.  If CSC shows that the higher wage being paid to Mr. Miller was the result of any factor other than sex, including Mr. Miller's greater UNIX experience and longer time in the MTSA position, then your verdict will be for CSC.

| Authorities | Adapted from O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 174.56 (5th ed. 2001). |
| --- | --- |

**36.    JOINT PROPOSED INSTRUCTION: COVENANT OF GOOD FAITH AND FAIR DEALING – ESSENTIAL ELEMENTS**

An at-will employment contract may be terminated at any time by either party without cause and regardless of motive. But this right to terminate is subject to a duty to act in good faith and with fair dealing. This duty is violated when an employee is discharged as a result of ill will, with an intent to cause harm, and by means of deceit, fraud, or misrepresentation.

To prove that CSC did not act in good faith or with fair dealing, Ms. Poland must show by a preponderance of the evidence that:

1.    CSC harbored ill will toward Ms. Poland;

2.    CSC intended to cause harm to Ms. Poland and committed acts of deceit, fraud or misrepresentation; and

3.    CSC committed acts of deceit, fraud or misrepresentation and caused Ms. Poland to be discharged from her employment.

If Ms. Poland has not proved the above matters by a preponderance of the evidence, then you must find for CSC.

| Authorities | DEL. P.J.I. CIV. § 19.26 (2000) (citing *Pressman v. E.I. duPont de Nemours & Co.*, Del. Supr., 679 A.2d 436, 441, 444 (1996); *Tuttle v. Mellon Bank of Delaware*, Del. Super., 659 A.2d 786, 789 (1995) (willful or wanton conduct of employee constitutes grounds for immediate dismissal without notice if sufficiently serious); *Merrill v. Crothall-American, Inc.*, Del. Supr., 606 A.2d 96, 102 (1992) (at-will employment contract terminable by either party); *Conner v. Phoenix Steel Corp.*, Del. Supr., 249 A.2d 866, 868-69 (1969)(defining "discharge" and "layoff"); *Shearin v. E.F. Hutton Group, Inc.*, Del. Ch., 652 A.2d 578, 586-89 (1994) (finding wrongful discharge of at-will employee terminated for actions required under rules of professional conduct); *Haney v. Laub*, Del. Super., 312 A.2d 330, 332 (1973) (at-will employees may be terminated by either party, with or without cause); *Ortiz v. Unemployment Ins. Appeal Bd.*, Del. Super., 305 A.2d |

52

629, 631 (1973) (prior warning about employee's misconduct not prerequisite to dismissal for cause); *Barisa v. Charitable Research Fnd.*, Del. Super., 287 A.2d 679, 681-82 (1972) (discussing grounds for dismissal for cause)).

### 37.   <u>JOINT PROPOSED INSTRUCTION: PROXIMATE CAUSE</u>

In order for the Plaintiff to recover damages, it is not enough that she prove that the Defendant violated her federal statutory rights.   She must also prove by a preponderance of the evidence that she was injured, and she must prove by a preponderance of the evidence that there is a causal connection between the violations and the injuries.  In other words, she must prove that her injuries would not have occurred but for the acts of the Defendant.

Proximate cause means that there must be a sufficient causal connection between the act of the Defendant and any injury or damage sustained by the Plaintiff.  This means that the Defendant's conduct is a cause of the event and that the event would not have occurred but for that conduct.  Conversely, the conduct is not a cause of an event if the event would have occurred even without it.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant.  If you find that Plaintiff cannot prove, by a preponderance of the evidence, that her injury would have occurred even in the absence of the Defendant's conduct, you must find that the Defendant did not proximately cause the Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.  Defendant is not liable if Plaintiff's injury was caused by a new or independent source of injury which intervenes between the Defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the Defendant.

## 38.   <u>JOINT PROPOSED INSTRUCTION: EFFECT OF INSTRUCTION AS TO DAMAGES</u>

Upon your consideration of the case, under the instructions I have given you, if you reach the conclusion Ms. Poland has proved by a preponderance of the evidence that she was intentionally discriminated against on the basis of her protected status, that Ms. Poland was retaliated against because of her conduct in filing a charge of discrimination, that Ms. Poland prevailed on her Equal Pay Act claim, or that CSC breached the implied covenant of good faith and fair dealing, then and only then should you give consideration to the question of damages and determine the amount of money, if any, to be awarded to Ms. Poland.  You are instructed that Ms. Poland is not entitled to recover any damages merely because she was not promoted or because her employment ended or because she received lower wages than a member of the opposite sex, and no liability on the part of CSC may be inferred simply because this suit was brought.

Additionally, the fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  I am instructing you on damages so that you will have guidance only if you find in favor of Ms. Poland by a preponderance of the evidence.  If you find that Ms. Poland has not prevailed on one or more of her claims by a preponderance of the evidence, you should not consider the issue of damages for those claims.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2001). |
|---|---|

55

### 39.    **DEFENDANT'S PROPOSED INSTRUCTION: DAMAGES**

In this case, Ms. Poland has alleged claims under Title VII, Section 1981, the Equal Pay Act and the covenant of good faith and fair dealing. Because the types of damages available under these statutes are different, I am going to give a general overview before I go into the specifics.

Under Title VII and Section 1981, if you find in favor of Ms. Poland by a preponderance of the evidence, you will then have to determine if Ms. Poland mitigated her damages. If you determine that Ms. Poland mitigated her damages, in whole or in part, then Ms. Poland will be entitled to damages for the pay and benefits she lost as a result of discrimination and/or retaliation. As the judge in this case, I will determine the actual amount to which Ms. Poland is entitled. The amount of damages that I award will be sufficient to put Ms. Poland in the same financial position that she would have been but for the discrimination and/or retaliation. In addition, I may award Ms. Poland front pay to compensate her for the loss of expected future earnings, if any. You will not be asked to decide how much back pay or front pay Ms. Poland should receive

Under Title VII and Section 1981, if you find in favor of Ms. Poland by a preponderance of the evidence, you will then have to determine if Ms. Poland is entitled to compensatory damages. Compensatory damages are only for pain, suffering or mental anguish that Ms. Poland suffered as a result of CSC's actions. You will also determine if Ms. Poland is entitled to punitive damages.

Under the Equal Pay Act, if you find in favor of Ms. Poland by a preponderance of the evidence, Ms. Poland will be entitled to an amount equal to the difference between what she was paid by CSC and what a male employee or employees were paid for

performing jobs requiring substantially equal skill, effort, and responsibility which were performed under similar working conditions. As the judge in this case, I will determine the actual amount to which Ms. Poland is entitled.

Under the Equal Pay Act, it is also your task to determine whether CSC's violation of the Equal Pay Act was willful. This finding will help me to determine the actual amount to which Ms. Poland is entitled.

With regard to Ms. Poland's claim for the breach of the implied covenant of good faith and fair dealing, if you find for Ms. Poland by a preponderance of the evidence, Ms. Poland will be entitled to contract damages which put her in the position she would have been had the breach not occurred. You may not award punitive damages or compensatory damages to Ms. Poland.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

| Authorities | 42 U.S.C. § 1981a(b)(2); *See, e.g., Curtis v. Loether*, 415 U.S. 189, 197 (1974) ("In Title VII cases the courts of appeals have characterized backpay as an integral part of an equitable remedy."); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("An unemployed or under employed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages."); *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 890 (3d Cir. 1984) (noting that front pay in an equitable remedy); *Moore v. Sun Oil Co.*, 636 F.2d 154, 156 (6th Cir. 1980) (noting that backpay is an equitable remedy under Section 1981); *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 527-28 (D. Del. 2002) (noting that the Delaware Supreme Court found in *Pressman* "that a breach of the duty of good faith and fair dealing gave rise to neither punitive damages nor damages for emotional distress" and thus holding that "only contractual damages can be awarded for [the defendant's] bad faith [in breaching the implied covenant of good faith and fair dealing]"); *E.I. Dupont De Nemours and Co. v. Pressman*, 679 A.2d 436, 445, 448 (Del. 1996) (holding that |

|  | emotional distress damages and punitive damages are unavailable in a claim for the breach of the implied covenant of good faith and fair dealing); |
|---|---|

### 39.    PLAINTIFF'S PROPOSED INSTRUCTION: DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a Defendant's violation of the Plaintiff's rights. If you find that the Plaintiff's race was a motivating factor in the Defendant's decision not to promote her, you may award the Plaintiff reasonable damages.

If you find that the Defendant was the proximate cause of the violation of the Plaintiff's federal rights and that she was injured as a result of that violation, then you must determine the amount of damages to which the Plaintiff is entitled.

These are known as "compensatory damages". Compensatory damages seek to make the Plaintiff whole again – that is, to compensate her for the damage that she has suffered. An award of compensatory damages may only be made for those injuries that a Plaintiff proves were proximately caused by the Defendant's wrongful conduct.

Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize a Defendant. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which she is reasonably likely to suffer in the near future. Specifically, you may award the total amount that the Plaintiff has proven that she has lost as a result of the conduct of the Defendant's discrimination.

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Plaintiff is seeking damages for emotional pain, suffering, mental anguish, and other non-pecuniary losses.

In determining damages for the Plaintiff's non-pecuniary damages, you should look to the evidence and determine the amount of mental anguish, embarrassment and inconvenience which she suffered, if any, and whether it was severe, moderate or mild. Then you should determine from the evidence how long it lasted, whether it has ceased, or whether it will continue in the future. You should determine further whether it was or will be continuous or intermittent. And then, desiring to be fair to all parties, you should award such a sum as you think would be fair compensation for the mental anguish and embarrassment which has been and will be undergone, in line with your enlightened consciences and your desire to do equal justice to both sides.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, Chapter 3 (2005). |
| --- | --- |

### 40. <u>JOINT PROPOSED INSTRUCTION: MITIGATION OF DAMAGES</u>

Ms. Poland must mitigate her damages, meaning that she must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. CSC must prove by a preponderance of the evidence that Ms. Poland failed to mitigate her damages for loss of compensation.

If you determine that Ms. Poland is entitled to damages, you must reduce these damages by

1.     what Ms. Poland earned and

2.     what Ms. Poland could have earned by reasonable effort during the period from her discharge until the date of the trial.

Ms. Poland must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1.     the type of work;

2      the hours worked;

3.     the compensation;

4.     the job security;

5.     the working conditions; and

6.     other conditions of employment.

You must decide whether Ms. Poland acted reasonably in not seeking or accepting a particular job. If you determine Ms. Poland did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so.

You must not compensate Ms. Poland for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.65 (5th ed. 2001). |

### 41.  JOINT PROPOSED INSTRUCTION: COMPENSATORY DAMAGES UNDER TITLE VII AND SECTION 1981

If you find in favor of Ms. Poland by a preponderance of the evidence on her claim of race based discrimination or retaliation, you will then have to determine if Ms. Poland is entitled to compensatory damages. Compensatory damages must not include any amount for back pay or front pay. Any award of compensatory damages must be based solely on any emotional injuries that you believe Ms. Poland has suffered.

You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find these were caused by CSC's allegedly illegal acts. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

If you find that Ms. Poland has suffered emotional injuries as a result of CSC's allegedly unlawful conduct, Ms. Poland is entitled to recover an amount which will reasonably compensate her for those emotional injuries. Conduct by CSC that does not cause harm does not entitle Ms. Poland to damages. By the same token, any harm to Ms. Poland that was not the result of unlawful conduct by CSC does not entitle Ms. Poland to damages. Therefore, you may only award Ms. Poland damages to compensate her for emotional injuries which she has proved were caused by discriminatory or retaliatory acts which you conclude were taken by CSC. The damages that you award must be fair compensation — no more and no less.

You may not award compensatory damages for emotional injury unless you find the evidence as to any such emotional injury to be demonstrable, genuine, and adequately

63

explained. To recover for mental anguish or emotional injury, Ms. Poland must show some clearly apparent and substantial injury, as manifested by an external condition or by symptoms clearly indicative of her mental state. In determining whether to award any damages, you should be guided by dispassionate common sense. You must use sound discretion, drawing only reasonable inferences from the facts in evidence. Neither conclusory statements by Ms. Poland that she suffered emotional distress, nor the mere fact that a legal violation occurred, supports an award of compensatory damages. In order to award compensatory damages you must do more than speculate. You must be able to determine — by a preponderance of the evidence — the existence and extent of any emotional injury suffered by Ms. Poland. Sympathy, pure speculation or guessing cannot support an award of compensatory damages.

If you find, after considering all of the evidence presented, that Ms. Poland has failed to provide any proof of the extent of the damages she suffered because of CSC's conduct, you still may award "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that Ms. Poland suffered was the deprivation of her rights, without any resulting physical or emotional injury. Nominal damages may not be awarded for more than a token sum, such as one dollar.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Ms. Poland prove the amount of her losses with

mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In reaching your decision as to damages, if any, to award to Ms. Poland in connection with her discrimination or retaliation claim, you should not consider attorneys' fees or court costs that Ms. Poland may have incurred.

| Authorities | Adapted from 4 L. Sand, *et al.*, *Modern Federal Jury Instructions*. § 77-6 (1996) and from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.90. |
| --- | --- |

42.   **JOINT PROPOSED INSTRUCTION: EMOTIONAL DISTRESS DAMAGES OFFSET BY WORKERS' COMPENSATION CLAIM**

    Ms. Poland claims she has suffered emotional distress as a result of CSC's alleged actions. Even if you believe Ms. Poland has proven that she experienced emotional distress, Ms. Poland cannot receive compensation for such emotional distress if she has already been compensated for this emotional distress by workers' compensation payments. Thus, if you find that Ms. Poland was compensated for all of her alleged emotional distress by workers' compensation payments, then you cannot award her further compensation for emotional distress.

| Authorities | *See* DEL. CODE ANN. tit., 19, § 2304 ("Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence <u>and to the exclusion of all other rights and remedies</u>.") (emphasis added); *Konstantopoulos v. Westvaco Corp.*, 609 A.2d 936, 939 (Del. 1996) ("Unless a personal injury claim is expressly excluded by another section of the Delaware Workers' Compensation, 19 Del. C. § 2304 limits an employee's recovery for personal injuries arising out of and during the course of employment to the compensation provided under the Act, thereby excluding all other claims against the employer."). *See generally*, *Farell v. Gordon*, 770 A.2d 517, 520 (Del. 2001) ("Double recovery is acceptable <u>so long as</u> the source of the payment is unconnected to the [defendant].") (emphasis added); *State Farm Mutual Auto. Ins. Co. v. Nalbone*, 569 A.2d 71, *73 (Del. 1989) (The collateral source doctrine "permit[s] the [defendant] to obtain the advantage of payments made by himself or from a fund created by him; in such instance, the payments come, not from a collateral source, but from the defendant himself.") (citing *Yarrington v. Thornburg*, 205 A.2d 1, 2 (Del. 1964)); *Ralyea v. KF Environmental Tech*, 2005 Del. Super. LEXIS 91, at * 9( Del. Super. February 28, 2005) ("[A]n employee cannot secure double recovery for a single loss where both sources of recovery emanate from the employer.") |
| --- | --- |

43.    **JOINT PROPOSED INSTRUCTION: PUNITIVE DAMAGES UNDER TITLE VII AND SECTION 1981**

In addition to the damages mentioned in the other instructions, the law permits the jury to award punitive damages under Title VII and Section 1981. You may only award punitive damages if Ms. Poland proves by a preponderance of the evidence that CSC engaged in a discriminatory practice with malice or with reckless indifference to Ms. Poland's federally protected rights. CSC acts, or fails to act, with malice if it acts or fails to act with ill will or spite.

If you find that CSC acted with malice or with reckless disregard and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find Ms. Poland entitled, you may, but are not required to, award Ms. Poland an additional amount as punitive damages if you find it is appropriate to punish CSC or to deter CSC and others from like conduct in the future. Whether to award Ms. Poland punitive damages, and the amount of those damages, are within your discretion.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Ms. Poland and then further find from a preponderance of the evidence: (1) that a higher management official of CSC personally acted with malice or reckless indifference to Ms. Poland's federally protected rights, and (2) that CSC itself had not acted in a good faith

attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you determine punitive damages are appropriate, you should consider the following questions when fixing the amount of punitive damages:

1.  How offensive was CSC's conduct?

2.  How did CSC's conduct impact Ms. Poland?

3.  What amount is needed, considering CSC's financial condition, to prevent further repetition of its conduct?

4.  Does the amount of punitive damages have a reasonable relationship to the amount of actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  Sympathy for or dislike of any party should not influence your decision.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:1322; 1:1323 & 1:1330 (2005). |
| --- | --- |

44.    **JOINT PROPOSED INSTRUCTION: DAMAGES – EQUAL PAY ACT**

If you find that Ms. Poland has satisfied her burden of proving the essential elements of her Equal Pay Act claim by a preponderance of the evidence and that CSC has not met its burden of proving that the wage differential was due to a factor other than sex, then you should determine whether CSC's conduct was willful.

"Willful" means that CSC either knew that its conduct was prohibited by federal law or showed reckless disregard for the law.  Under this standard, Ms. Poland need not show that CSC's conduct was outrageous and she need not show direct evidence of CSC's motivation.  You may, but do not have to, infer willfulness from the existence of those facts that you find have been proven by the preponderance of the evidence.

| Authorities | Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 1:2131 (2005). |
|---|---|

45.   **JOINT PROPOSED INSTRUCTION: DAMAGES – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

A party who is harmed by a breach of contract, including a breach of the implied covenant of good faith and fair dealing, is entitled to damages in an amount calculated to compensate it for the harm caused by the breach.  The compensation should place the injured party in the same position it would have been in if the contract had been performed.  Even if you find that Ms. Poland was harmed by a breach of the implied covenant of good faith and fair dealing, you may not award punitive damages or compensatory damages to Ms. Poland.

If you find that Ms. Poland is entitled to a verdict in accordance with these instructions, but do not find that Ms. Poland has sustained actual damages, then you may return a verdict for Ms. Poland in some nominal sum such as one dollar. Nominal damages are not given as an equivalent for the wrong but rather merely in recognition of a technical injury and by way of declaring the rights of Ms. Poland.

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered.  To mitigate a loss means to take steps to reduce the loss.  If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances.  This reduction, however, must be measured with reasonable probability.

| Authorities | Adapted from Del. P.J.I. Civ. § 22.24 (2000) (citing *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*, Del. Supr., 394 A.2d 1160, 1163-64 (1978) (loss of profits); *American General Corp. v. Continental* |
|---|---|

*Airlines*, Del. Ch., 622 A.2d 1, 11, *aff'd*, Del. Supr., 620 A.2d 856 (1992); *Farny v. Bestfield Builders, Inc.*, Del. Super., 391 A.2d 212, 214 (1978); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709, 714 (1967) (nominal damages); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, Del. Super., 107 A.2d 892, 894 (1954)); DEL. P.J.I. CIV. § 22.26 (2000) (citing *Lynch v. Vickers Energy Corp.*, Del. Supr., 429 A.2d 497, 504 (1981) (plaintiff with out-of-pocket expenses has duty to mitigate them); *McClain v. Faraone*, Del. Super., 369 A.2d 1090, 1093 (1977 ) (duty to mitigate losses in liquidation of property at foreclosure sale of injured party); *Nash v. Hoopes*, Del. Super., 332 A.2d 411, 414 (1975) (duty in contractual breach to mitigate losses when reasonably possible); *Katz v. Exclusive Auto Leasing, Inc.*, Del. Super., 282 A.2d 866, 868 (1971)(common law of contracts requires injured party to minimize losses); *See also* RESTATEMENT (SECOND) OF CONTRACTS ' 350 (1979)); *See E.I. Dupont De Nemours and Co. v. Pressman*, 679 A.2d 436, 445, 448 (Del. 1996) (holding that emotional distress damages and punitive damages are unavailable in a claim for the breach of the implied covenant of good faith and fair dealing); *True North Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 527-28 (D. Del. 2002) (noting that the Delaware Supreme Court found in *Pressman* "that a breach of the duty of good faith and fair dealing gave rise to neither punitive damages nor damages for emotional distress" and thus holding that "only contractual damages can be awarded for [the defendant's] bad faith [in breaching the implied covenant of good faith and fair dealing]").

**46.**    **JOINT PROPOSED INSTRUCTION: NOMINAL DAMAGES**

If you find in favor of Ms. Poland on any of her claims, but you find that Ms.

Poland's damages have no monetary value, then you must return a verdict for Ms. Poland

in a nominal amount such as one dollar or ten dollars.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.93. |
| --- | --- |

### 47. <u>JOINT PROPOSED INSTRUCTION: UNANIMOUS VERDICT</u>

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are triers of the facts. Your sole interest is to seek the truth from the evidence in the case.

It is proper to add the caution that nothing said in these instructions and nothing in the verdict is meant to suggest or convey in any way or manner any intimation about what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the Jury.

**48.**    **JOINT PROPOSED INSTRUCTION: DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the Jury Room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But never change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that, your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. No one will be allowed to hear your discussions in the Jury Room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven her case by a preponderance of the evidence.

**49.    JOINT PROPOSED INSTRUCTION: ADMONITION REGARDING**

**SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a significant risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

| Authorities | 4 L. Sand, et. al., Modern Federal Jury Instructions, ¶ 71-10 |
|---|---|

## 50.   <u>JOINT PROPOSED INSTRUCTION: SPECIAL VERDICT FORM</u>

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case.  You must follow the instruction on the form carefully, you must answer each question, and your answers must be unanimous and must reflect the conscientious judgment of each juror.

It is important to follow the order in which the questions are presented.  So, although you should certainly read through all of the questions before you start to answer any of them, I strongly urge that you take up the questions in the order in which they are presented.

The fact that there is a category or blank for a certain type of damages does not require you to enter any number in the blank.  Further, the fact that I have instructed you as to a particular element of damages does not mean that the Ms. Poland is entitled to recover that element of damages.  The amounts and types of damages, if any, are solely your decision.

### 51.   **JOINT PROPOSED INSTRUCTION: CURATIVE INSTRUCTION**

I have read to you a long and lengthy set of instructions. Although the instructions are somewhat complex, they are intended to be considered as an entire unit. For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part. You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court. The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point. The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to injuries which the Plaintiff alleges she sustained and there have been instructions on the question of damages. The fact that I have instructed you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not the Plaintiff is entitled to such damages. Instructions as to the measure of damages are given for your guidance only in the event that you should find from a preponderance of the evidence in the case that the Plaintiff is entitled to such damages.

If you find from the evidence that the Plaintiff is not entitled to recover, then you will find for the Defendant and no damages will be awarded. On the other hand, if you find for the Plaintiff, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.

52.    **<u>JOINT PROPOSED INSTRUCTION: COURT HAS NO OPINION</u>**

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Plaintiff has proven her case by a preponderance of the evidence.