# SCHEDULE (I)(iv)

# PLAINTIFF'S PROPOSED JURY VERDICT FORM

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES CORPORATION, a Delaware Corporation, | : : : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

                /s/ Jeffrey K. Martin
_____
Jeffrey K. Martin, Esquire (#2407)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, Delaware 19806
302-777-4680 phone
302-777-4682 fax
jmartin@margolisedelstein.com
Attorney for Plaintiff

Dated: September 30, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES CORPORATION, a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

1. Do you find that Plaintiff has proven by a preponderance of the evidence that Plaintiff's race was a motivating factor in the decision not to promote Plaintiff to the position of SMTS in 2002?

   ANSWER:           Yes_____           No_____

2. Do you find that Plaintiff has proven by a preponderance of the evidence that she was retaliated against when her employment with Defendant was terminated in 2002?

   ANSWER:           Yes_____           No_____

3. Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the Equal Pay Act?

   ANSWER:           Yes_____           No_____

4.  Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the implied covenant of good faith and fair dealing?

**ANSWER:**              Yes_____          No_____


*[If you answer "No" to Questions 1, 2, 3, and 4, then do not proceed any further.]*

5.  If you selected "Yes" for Questions 1, and/or 2, then what is the total amount of damages for Plaintiff's emotional pain, suffering, or mental anguish?

**ANSWER:**       $_____


6.  If you selected "Yes" for Questions 1, and/or 2, what is the total amount of damages for Plaintiff's alleged loss of pay between September 2002 and present?

**ANSWER:**       $_____


**Please sign your name to this form in the space below.**



_____
                                                                **Foreperson**

## Defendant's Objections to Plaintiff's Proposed Jury Verdict Form[1]

Defendant's objections to Plaintiff's Proposed Jury Verdict Form include, but are not limited to, the following:

- Question 1: As Defendant understands the case, Plaintiff is claiming that she should have been promoted to STMS instead of Randall Miller in <u>2002</u>, not 2001.

- Question 2: Plaintiff has waived her claim that CSC discriminated on the basis of race in awarding salaries. In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff proffered no record evidence to support her claim that she suffered wage disparity on the basis of her race. Accordingly, such claim has been waived.

- Question 3: Plaintiff has waived her claim that she suffered retaliation through the form of purported unfair scrutiny and criticism by Dawn Dworsky. In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff proffered no record evidence to support her claim for retaliation through alleged unfair scrutiny and/or criticism. Accordingly, such claim has been waived. Likewise, Plaintiff has waived her claim that she suffered retaliation because Dawn Dworsky purportedly isolated her from the rest of the Managed Print and Dazel group. In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff proffered no record evidence to support her claim for retaliation through alleged isolation. Accordingly, such claim has been waived.

  In any event, co-worker isolation, work criticism and unwarranted scrutiny are not adverse actions and cannot be the basis for a retaliation claim. For further detail, see Defendant's Motion in Limine to Preclude Evidence or Argument Regarding Purported Isolation in the Workplace, Purported Unfair Scrutiny and/or Criticism of Work, and Regarding Fact That Plaintiff Was Assigned to Work on Training Manual Because All Fail to Rise to the Level of an Adverse Employment Action.

- Question 6: The inclusion of the phrase "when it discriminated and retaliated against her" is biased against the Defendants.

- Question 7: Emotional distress damages are unavailable under the Equal Pay Act and are unavailable for a breach of the implied covenant of good faith and fair dealing. Nevertheless, Question 7 states that the jury can award damages for "emotional pain, suffering or mental anguish" if they find that CSC violated the Equal Pay Act or breached the implied covenant of good faith and fair dealing.

---

[1] Please note that this is a non-exhaustive list of Defendant's objections to Plaintiff's Proposed Special Verdict Form. We reserve the right to object on any additional grounds in the future.

- <u>Question 8:</u> Backpay is an equitable remedy left to the judge's discretion. Thus, the judge, not the jury, determines the amount of backpay, if any.

- <u>Question 9</u>: Front pay is an equitable remedy left to the judge's discretion. Thus, the judge, not the jury, determines the amount of front pay, if any.

- <u>General objection</u>: Plaintiff's special verdict form is overly simplistic given the multiple claims in this case and the different burdens of proof, defenses and damages for these claims. A more detailed Special Verdict Form, such as that proposed by the Defendant, would better ensure that the jurors appropriately consider and apply the law prior to rendering a verdict.

## PLAINTIFF'S PROPOSED JURY VERDICT FORM

1. Do you find that Plaintiff has proven by a preponderance of the evidence that Plaintiff's race was a motivating factor in the decision not to promote Plaintiff to the position of SMTS in 2001?

**ANSWER:**            Yes_____            No_____


2. Do you find that Plaintiff has proven by a preponderance of the evidence that race was a motivating factor in the salary disparity between the members of Plaintiff's work group?

**ANSWER:**            Yes_____            No_____


3. Do you find that Plaintiff has proven by a preponderance of the evidence that she was retaliated against when her co-workers subjected her to isolation, work criticism, and unwarranted scrutiny after she complained of discrimination?

**ANSWER:**            Yes_____            No_____

4. Do you find that Plaintiff has proven by a preponderance of the evidence that she was retaliated against when her employment with Defendant was terminated in 2002?

**ANSWER:**            Yes_____            No_____


5. Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the Equal Pay Act?

**ANSWER:**            Yes_____            No_____

6. Do you find that Plaintiff has proven by a preponderance of the evidence that Defendant violated the implied covenant of good faith and fair dealing when it discriminated and retaliated against her?

**ANSWER:**          Yes_____          No_____


*[If you answer "No" to Questions 1, 2, 3, 4, 5, and 6, then do not proceed any further.]*

7. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, then what is the total amount of damages for Plaintiff's emotional pain, suffering, or mental anguish?

**ANSWER:**     $_____


8. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, what is the total amount of damages for Plaintiff's alleged loss of pay between September 2002 and present?

**ANSWER:**     $_____


9. If you selected "Yes" for Questions 1, 2, 3, 4, 5, and/or 6, what is the total amount of damages for Plaintiff's future economic losses?

**ANSWER:**     $_____

**Please sign your name to this form in the space below.**


_____
**Foreperson**

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

**QUESTION NO. 1:**

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC made a final decision not to promote Ms. Poland?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 2.*

### Question No. 1A – Race Discrimination

If you answered "Yes" to Question No. 1, do you find that Ms. Poland has proven by the preponderance of the evidence that the decision not to promote Ms. Poland was because of Ms. Poland's race?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 2.*

### Question No. 1B – Same Decision

If you answered "Yes" to Question No. 1A, do you find that the preponderance of evidence demonstrates that CSC would have decided not to promote Ms. Poland regardless of her race?

Please Answer Yes or No: _____

**QUESTION NO. 2:**

Do you find that Ms. Poland proved by the preponderance of the evidence that CSC terminated Ms. Poland because she filed a charge of discrimination?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 3.*

### Question No. 2A – Same Decision

If you answered "Yes" to Question No. 2, do you find that the preponderance of the evidence demonstrates that CSC would have terminated Ms. Poland even if she had not filed a charge of discrimination but had still failed to properly submit medical certifications?

Please Answer Yes or No: _____

**QUESTION NO. 3:**

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC paid Ms. Poland less than male workers for equal work in jobs that required substantially equal skill, effort and responsibility, and that were performed under similar working conditions?

Please Answer Yes or No: _____

*If you answered "NO" to Question No. 3, please skip the below question and go directly to Question No. 4*

### Question No. 3A – Legitimate basis

If you answered "Yes" to Question No. 3, do you find that the preponderance of the evidence demonstrates that the wage differential was based on any factor other than sex?

Please Answer Yes or No: _____

*If you answered "YES,", please skip the below question and go directly to Question No. 4*

### Question No. 3B – Willful violation

If you answered "No" to Question 3A, do you find that the preponderance of the evidence demonstrates that CSC willfully violated the Equal Pay Act, meaning that CSC knew that its conduct was prohibited by law or showed reckless disregard for the law?

Please Answer Yes or No: _____

## QUESTION NO. 4:

Do you find that Ms. Poland has proven by the preponderance of the evidence that CSC harbored ill will towards Ms. Poland, that CSC intended to cause harm to Ms. Poland, that CSC committed acts of deceit, fraud or misrepresentation towards Ms. Poland, and that all such acts resulted in her discharge from employment or her lack of promotion?

Please Answer Yes or No: _____

## QUESTION NO. 5:

If you answered "No" to Question 1-B or "No" to Question 2-A or "Yes" to Question 4, do you find by the preponderance of the evidence that the damages Ms. Poland claims are speculative?

Please Answer Yes or No: _____

*If you answered "YES," please skip the below questions and go directly to Question No. 8*

## QUESTION NO. 6:

If you answered "No" to Question 1B or "No" to Question 2A, please identify the amount, if any:

a) Compensatory Damages _____    b) Punitive Damages _____

## QUESTION NO. 7:

If you answered "Yes" to Question 4, do you find that the preponderance of the evidence demonstrates that Diane Poland was harmed by the breach of the implied covenant of good faith and fair dealing?

Please Answer Yes or No: _____

*If you answered "NO," please skip the below question and go directly to Question No. 8*

If you answered "Yes," please identify the appropriate amount of contract damages, recalling that you may not award compensatory or punitive damages: _____

## QUESTION NO. 8:

Do you find that CSC proved by the preponderance of the evidence that Ms. Poland did all she could to reduce or avoid any damages?

6

Please Answer Yes or No: _____

_____          _____
Date                                                                                  FOREPERSON