IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES | : | |
| CORPORATION, a Delaware | : | |
| Corporation, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF DIANE POLAND'S RESPONSE TO DEFENDANT COMPUTER SCIENCES CORPORATION'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING DAWN DWORSKY'S PURPORTED STATEMENT REGARDING CULTURAL PRACTICES IN <u>AFRICAN-AMERICAN CHURCHES</u>**

Plaintiff, Diane Poland ("Plaintiff"), by and through her undersigned counsel, hereby requests that Defendant, Computer Sciences Corporation's ("CSC") Motion in Limine to preclude evidence or argument regarding Dawn Dworsky's purported statement regarding cultural practices in African-American churches be denied.

**I.    INTRODUCTION**

During the time when Plaintiff was employed by Defendant, Dawn Dworksy (hereinafter "Dworsky") made a racially derogatory comment to a group in which Plaintiff was present. Dworsky asked "why do Black people dress up for church and why is the music so loud?" (Pl. Depo. at 300, attached as Exhibit 1.) Plaintiff responded that she "could not speak for all Black people." (Exhibit 1, at 300.) Plaintiff found this comment to be derogatory because it was a generalization of all Black people. (Exhibit 1, at 301). Although, Plaintiff did not inform Dworksy that she was offended by the

comment, she [Plaintiff] did inform Human Resources, specifically Sonia Koplowicz and Maureen Summers. (Exhibit 1, at 302.)

## II. ARGUMENT

### A. Dworsky's comment should not be precluded because it is relevant and probative to Plaintiff's claims

In order to establish a *prima facie* case based on discrimination, plaintiff must prove that: (1) she is a member of a protected class; (2) she suffered some form of adverse employment action; and (3) this action occurred under circumstances that give rise to an inference of unlawful discrimination … See Boykins v. Lucent Techs. Inc., 78 F. Supp. 402, 409 (E.D. Pa 2000) (citing Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999)). However, the Third Circuit recognizes that the elements of a discrimination case may vary depending on the facts and context of the particular situation. Pivirotto v. Innovative Sys. Inc., 191 F.3d 344, 352 (3d Cir. 1999).

Dworsky's comment clearly establishes that she did have certain racial biases and therefore it is evidence that is relevant and probative to establish that Dworsky's failure to promote Plaintiff was a pretext for racial discrimination and therefore should not be precluded.

### B. Dworsky's comment, if admitted, would not be unduly prejudicial to CSC

In CSC's Motion in Limine to preclude Dworsky's racially biased comment, it argues that, if the evidence of her comment is relevant to Plaintiff's claims, any probative value is outweighed by unfair prejudice to CSC. Plaintiff acknowledges that relevant evidence must be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, for the reasons stated above, Plaintiff believes that there is significant probative value which significantly outweighs

the danger of unfair prejudice to CSC to establish that Dworsky's comment is a pretext to show racial discrimination and therefore it should not be precluded.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that CSC's Motion in Limine to preclude evidence or argument regarding Dawn Dworsky's purported statement regarding cultural practices in African-American churches be denied.

Respectfully submitted by,

MARGOLIS EDESLSTEIN

Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 (fax)
jmartin@margolisedelstein.com
Attorney for Plaintiff Diane Poland

Dated: October 5, 2005

# EXHIBIT

# 1

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DIANE POLAND,              )
                           )
         Plaintiff,        )
                           )   Civil Action
v.                         )   No. 04-217 (GMS)
                           )
COMPUTER SCIENCES CORP.,   )
                           )
         Defendant.        )

       Deposition of DIANE POLAND taken pursuant to notice at the law offices of Potter, Anderson & Corroon, 1313 North Market Street, The Hercules Plaza, Sixth Floor, Wilmington, Delaware, beginning at 9:10 a.m. on Wednesday, March 30, 2005, before Kathleen White Palmer, Registered Merit Reporter and Notary Public.

APPEARANCES:

    JEFFREY K. MARTIN, ESQUIRE
    KERI L. WILLIAMS, ESQUIRE
    MARGOLIS EDELSTEIN
      1509 Gilpin Avenue
      Wilmington, Delaware  19806
      for the Plaintiff

    LARRY R. SEEGULL, ESQUIRE
    AMY BETH LEASURE, ESQUIRE
    DLA PIPER RUDNICK GRAY CARY LLP
      6225 Smith Avenue
      Baltimore, Maryland  21209-3600
      for the Defendant

------------------------------------------------
WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters

1   African Americans"; is that right?
2       A.   Yes.
3       Q.   He says: "'I had coffee,'" and he's recounting
4   what you said, "'I had coffee, talking to Paul about home
5   repairs.'" Does this ring a bell?
6       A.   Sounds familiar, yes.
7       Q.   "'Dawn came over, all dressed up.'" Sound
8   familiar?
9       A.   Sounds familiar.
10      Q.   "'Paul asked her whether she had a big
11  meeting.'"
12      A.   Sounds familiar.
13      Q.   "'She said that she was going to her son's
14  graduation at church.'"
15      A.   Sounds familiar.
16      Q.   "'She then asked me,'" meaning yourself, "'why
17  do Black people dress up for church and why is the music
18  so loud. I told her, I could not speak for all Black
19  people.'"
20      A.   Yes, I do recall that conversation.
21      Q.   Is that the whole conversation or is there more
22  to it than that?
23      A.   It probably was more to it, but that's the gist
24  of it.



1  Q. Can you remember any more to the conversation than what's there?
3  A. No, I can't remember.
4  Q. You found this offensive?
5  A. Yes.
6  Q. Why did you find it offensive?
7  A. Because I can't account for all black people.
8  Q. Is there anything wrong with what she said or was it derogatory in any way?
10 A. I found it derogatory.
11 Q. Why is it derogatory to ask you why black people dress up for church?
13 A. I can't speak for all black people.
14 Q. So you found it derogatory that she was asking you the question?
16 A. I would find it derogatory if she asked any person that question.
18 Q. Why is it derogatory?
19 A. Because it is a generalization of one group of people.
21 Q. So is your point that some black people might dress up for church and some black people might not dress up for church?
24 A. I really didn't have a point. That was Dawn.

1  Q. Did you tell her you were offended by this
2  comment?
3  A. No.
4  Q. Why not?
5  A. I didn't feel the need to.
6  Q. She told you that her son was graduating -- was
7  it a black church she was going to?
8  A. I don't know.
9  Q. Who was the Paul that's being referred to here?
10 A. Paul White.
11 Q. Did you discuss with Mr. White this
12 conversation?
13 A. I don't remember. Maybe we did after the fact,
14 but not while Dawn was there.
15 Q. Did you discuss it with anybody else?
16 A. No, just Sonia, Maureen, people I'd been talking
17 with in HR.
18 Q. Let's go to the second point. It says:
19 "Miss Poland furnished another example of what she
20 considered a racially insensitive remark," and he's
21 quoting you now. "'Dawn had moved Randy, promoted him,
22 into my group. I worked with Randy on a server."
23     Who is this Randy that's being referred to
24 here?

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE POLAND, | : | |
| | : | |
| Plaintiff, | : | C.A. NO. 04-0217-GMS |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| COMPUTER SCIENCES CORPORATION, a Delaware Corporation, | : : : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Keri L. Morris, do hereby certify that on October 5, 2005, I electronically filed the *Plaintiff Diane Poland's Response to Defendant Computer Sciences Corporation's Motion In Limine to Preclude Evidence or Argument Regarding Dawn Dworsky's Purported Statement Regarding Cultural Practices In African-American Churches* with the Clerk of the Court using CM/ECF which will send notification of such filing, and have also sent one (1) true and correct copy by First Class U.S. Mail, postage prepaid to the following:

Larry R. Seegull, Esquire
DLA Piper Rudnick Gary Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209

Sarah E. DiLuzio, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, DE 19801

MARGOLIS EDELSTEIN

*/s/ Keri L. Morris*
Keri L. Morris, Esquire (#4656)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680